IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| KIMBERLY LAFAVE, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No: 1:23-cv-1605 |
| THE COUNTY OF FAIRFAX, VIRGINIA, et al., | ) |
| Defendants. | ) |

## Declaration of Kimberly LaFave

I, Kimberly LaFave, do hereby declare:

1. I am a resident of Loudoun County, Virginia, and a citizen of the United States.

2. I am a paralegal who also has a dog-walking business. I am an NRA-certified Firearms Instructor and a Leader of the Loudoun County Chapter and the Bull Run (Fairfax County) Chapter of a non-profit women's shooting organization with more than 335 chapters and 11,610 members nationwide. This organization teaches women gun safety, the responsible use of firearms for self-defense, techniques for carrying concealed handguns, and hands-on shooting skills.

3. I have used Fairfax County park trails for several years and continue to do so for recreation, dog walking, and other activities. Many of the trails are in remote areas with few people and no police presence. I am aware that serious crimes have been committed against women on the Fairfax County park trails and prior to the Fairfax Ordinance banning the carrying of firearms in parks, regularly carried a concealed handgun for which I have a permit, for self-defense.

4. The Ordinance imposed a dilemma upon me: If I carry a concealed handgun in Fairfax County parks, I face the threat of arrest and related injuries, but if I forego doing so, I will lose my means of security and will be vulnerable to criminal attack. But for the Ordinance, I would continue lawfully to carry a concealed handgun in Fairfax County parks.

5. Before the Ordinance's enactment, I possessed, carried, and transported firearms, on my person or in my vehicle, on the public streets, roads, alleys, sidewalks, public rights-of-way, and other places that are open to the public in Fairfax County. I continue doing so while being unaware that such places are being used by or are adjacent to a permitted event or an event that would otherwise require a permit. When I am aware of such events, I must either not carry or possess a firearm or must endeavor to avoid such locations.

EXHIBIT A

6. Because the Ordinance deprives me of the ability to have firearms for lawful self-defense in the above specified places, it subjects me to potential assault, robbery, rape, murder, and other violent crimes.

7. At any time on a public street or road or otherwise, I may find myself in a motor vehicle with a firearm when I pass through or park in an area adjacent to an affected event. I will be in violation, even if I do not know I am in an area adjacent to an event that is permitted or should have a permit. Even if I have such knowledge, I would be just passing through the vicinity en route to another destination. Under either alternative, the prohibition infringes on my right to keep and bear arms.

8. I must necessarily guess at the Ordinance's meaning, which also invites arbitrary and discriminatory enforcement. No standard in distance or otherwise is defined for what is "adjacent" to any such event. Since no measurement in feet, yards, or otherwise is specified for what is "adjacent," I am left to guess, and the County police or other authorities are free to arbitrarily decide the distance.

9. I have no basis to know if an activity is "an event that would otherwise require a permit" or what area "being used by or is adjacent to" such event. This requires me to determine if a permit is required for some "event" about which I know nothing, thereby subjecting me to prosecution under the Ordinance. The Fairfax County Code of Ordinances includes numerous, complex provisions on events that require a permit, and they are not within the knowledge of ordinary people like me. I cannot be expected to know that some activity is an "event," what events require a permit under an ordinance, and to apply the ordinance to determine whether the activity is an event that requires a permit.

10. Section 6-2-1(A)(4) is particularly egregious because it requires persons to make an on-the-spot determination in seconds while walking or driving of whether something is an event requiring a permit. This causes me to either to risk arrest and prosecution or to avoid the constitutionally permissible conduct of keeping and bearing arms based on a fear that I may be violating an unclear law, and thus inhibits the exercise of constitutionally protected activities.

I declare under penalty of perjury that the foregoing is true and correct. I have personal knowledge of all matters discussed above, and if called upon I could testify to them.

Executed this 13th day of November 2023.

*Kimberly LaFave*
Kimberly LaFave

2