IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

KIMBERLY LAFAVE, et al., )
)
    Plaintiffs, )
)
v. )   Case No:   1:23-cv-1605
)
THE COUNTY OF FAIRFAX, VIRGINIA, et al., )
)
    Defendants. )

## Declaration of Glenn M. Taubman

I, Glenn M. Taubman, do hereby declare:

1.     I am a resident of Fairfax County, Virginia, and a citizen of the United States. I have resided in Fairfax County for approximately 39 years.

2.     I am an attorney who is a member of the bars of New York, Georgia, and the District of Columbia. I previously clerked for several federal judges and have had a permit to carry a concealed handgun under Virginia law for over 15 years. I am an avid cyclist who regularly uses Fairfax County parks and bike trails.

3.     I testified against the Ordinance that is the subject of this lawsuit at the County Board of Supervisors' public hearing on September 15, 2020, in which I explained that I carried a concealed handgun in the parks and added: "Your ordinance will leave us citizens defenseless in the face of gangs and criminals (who I have personally seen in county parks and bike trails)."

4.     Before the Ordinance's enactment, I possessed, carried, and transported firearms, on my person or in my vehicle, on the public streets, roads, alleys, sidewalks, public rights-of-way, and other places that are open to the public in Fairfax County. I continue doing so even though I am often unaware whether or not such places are being used by, or are adjacent to, a permitted event or an event that would otherwise require a permit. When I become aware of such events, I must either not carry or possess a firearm or must endeavor to avoid such locations.

5.     I am subject to arrest and prosecution if I possess, carry, or transport firearms at the places specified in § 6-2-1(A)(4) of the Ordinance, regardless of whether I am aware of the event or that I am at a place adjacent to such event.

6.     Accordingly, as a proximate cause of the Ordinance's enactment by Fairfax County and its enforcement by Chief of Police Davis, I am threatened with irreparable harm and have no adequate remedy at law.

EXHIBIT B

7. Because the Ordinance deprives me of the ability to possess or carry firearms for lawful self-defense in the above specified places, it subjects me to potential assault, robbery, murder, and other violent crimes. This is especially true in remote areas of County parks that I often visit or traverse.

8. Section 6-2-1(A)(4) of the Ordinance provides in pertinent part: "The possession, carrying, or transportation of any firearms, ammunition, or components or combination thereof is prohibited in . . . any public street, road, alley, or sidewalk or public right-of-way or any other place of whatever nature that is open to the public and is being used by or is adjacent to a permitted event or an event that would otherwise require a permit." The Ordinance fails to provide any standard or distance for what may be "adjacent to" such event.

9. At any time on a public street or road or otherwise, I may find myself in a motor vehicle with a firearm when I pass through or park in an area adjacent to a covered event. I will be in violation even if I do not know I am in an area adjacent to an event that is permitted or should have a permit. Even if I have such knowledge, I would be just passing through the vicinity en route to another destination. Under either alternative, the prohibition infringes on my right to keep and bear arms.

10. Persons of common intelligence, including me, must necessarily guess at the Ordinance's meaning, which also invites arbitrary and discriminatory enforcement. No standard in distance or otherwise is defined for what is "adjacent" to any such event. Since no measurement in feet, yards, or otherwise is specified for what is "adjacent," I am left to guess, and the County police or other authorities are free to arbitrarily decide the distance. For example, my home borders on an active Catholic parish and school, and I am never sure if that parish is holding a permitted event or an event that should be permitted but is not. Because the term "adjacent" is not defined in the Ordinance, I cannot know with certainty if my own home is considered "adjacent" to the parish and school simply because we share a common property line.

11. I have no basis to know if an activity is "an event that would otherwise require a permit" or what area is "being used by or is adjacent to" such event. In essence the Ordinance requires me to determine if a permit is required for some "event" about which I know nothing, thereby subjecting me to prosecution under the Ordinance. I believe the Fairfax County Code of Ordinances includes numerous, complex provisions regarding events that require a permit, and they are not within the knowledge of ordinary people. Ordinary people like me cannot be expected to know, on a day-to-day moment-to-moment basis, that some activity is an "event," what events require a permit under the County's Ordinances, or to apply the Ordinance to determine whether the activity is an "event" that requires a permit.

12. Section 6-2-1(A)(4) of the Ordinance is particularly egregious because it requires me to make an on-the-spot determination, in seconds while walking or driving, of whether some occurrence is an "event" requiring a permit. This causes me to either to risk arrest and prosecution or to avoid the constitutionally permissible conduct of keeping and bearing arms based on a fear that I may be violating an unclear and ambiguous law. This dilemma, caused directly by the Ordinance, plainly inhibits the exercise of my constitutionally protected activities.

I declare under penalty of perjury that the foregoing is true and correct. I have personal knowledge of all matters discussed above, and if called upon I could testify to them.

Executed this 12th day of November, 2023.

_____
Glenn M. Taubman