IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

KIMBERLY LAFAVE, et al., )
)
    Plaintiffs, )
)
v. )   Case No:   1:23-cv-1605
)
THE COUNTY OF FAIRFAX, VIRGINIA, et al., )
)
    Defendants. )

## Declaration of Robert Holzhauer

I, Robert Holzhauer, do hereby declare:

1. I am a resident of Fairfax County, Virginia, and a citizen of the United States.

2. I was a commissioned police officer for eleven years and a member of the U.S. Army for 27 years, retiring as a Lieutenant Colonel with an Honorable Discharge and a 100% permanent, total disability. Since becoming a County resident in 2004, I have used Fairfax County Parks for 3-4 days a week, and sometimes on a daily basis, minus deployment periods in Iraq, Yemen, Libya, and Liberia..

3. I have a permit to carry a concealed handgun. When hiking in remote areas of the Fairfax County parks, I carried a handgun for protection from potential criminals and wild animals like bears, which have accosted me. My disability creates a particular need to carry a handgun for self-defense.

4. When informed of the subject Ordinance, I discontinued carrying a handgun in the parks for fear of prosecution. But for the Ordinance, I would continue to carry a concealed handgun in the parks.

5. Before the Ordinance's enactment, I possessed, carried, and transported firearms, on my person or in my vehicle, on the public streets, roads, alleys, sidewalks, public rights-of-way, and other places that are open to the public in Fairfax County. I continue doing so while being unaware that such places are being used by or are adjacent to a permitted event or an event that would otherwise require a permit. When I am aware of such events, I must either not carry or possess a firearm or must endeavor to avoid such locations.

6. Should I possess, carry, or transport firearms at the places specified in § 6-2-1(A)(4), regardless of whether I am aware of the event or that I am at a place adjacent to such event, I am subject to arrest and prosecution.

EXHIBIT C

7. Because the Ordinance deprives me of the ability to have firearms for lawful self-defense in County parks, it subjects me to potential assault, robbery, murder, and other violent crimes.

8. Section 6-2-1(A)(4) of the Ordinance provides in pertinent part: "The possession, carrying, or transportation of any firearms, ammunition, or components or combination thereof is prohibited in . . . any public street, road, alley, or sidewalk or public right-of-way or any other place of whatever nature that is open to the public and is being used by or is adjacent to a permitted event or an event that would otherwise require a permit." It fails to provide any standard or distance for what may be "adjacent to" such event.

9. At any time on a public street or road or otherwise, I may find myself in a motor vehicle with a firearm when I pass through or park in an area adjacent to an affected event. I will be in violation even if I do not know I am in an area adjacent to an event that is permitted or should have a permit. Even if I have such knowledge, I would be just passing through the vicinity en route to another destination. Under either alternative, the prohibition infringes on my right to keep and bear arms.

10. Persons of common intelligence, including me, must necessarily guess at the Ordinance's meaning, which also invites arbitrary and discriminatory enforcement. No standard in distance or otherwise is defined for what is "adjacent" to any such event. Since no measurement in feet, yards, or otherwise is specified for what is "adjacent," I am left to guess, and the County police or other authorities are free to arbitrarily decide the distance.

11. I have no basis to know if an activity is "an event that would otherwise require a permit" or what area "being used by or is adjacent to" such event. This requires me to determine if a permit is required for some "event" about which I know nothing, thereby subjecting me to prosecution under the Ordinance. The Fairfax County Code of Ordinances includes numerous, complex provisions on events that require a permit, and they are not within the knowledge of ordinary people like me. Ordinary people like me cannot be expected to know that some activity is an "event," what events require a permit under an ordinance, and to apply the ordinance to determine whether the activity is an event that requires a permit.

12. Section 6-2-1(A)(4) is particularly egregious because it requires people to make an on-the-spot determination in seconds while walking or driving of whether something is an event requiring a permit. This causes me to either to risk arrest and prosecution or to avoid the constitutionally permissible conduct of keeping and bearing arms based on a fear that I may be violating an unclear law, and thus inhibits the exercise of constitutionally protected activities.

I declare under penalty of perjury that the foregoing is true and correct. I have personal knowledge of all matters discussed above, and if called upon I could testify to them.

Executed this 6th day of November 2023.

_Robert Holzhauer_
Robert Holzhauer