IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| KIMBERLY LAFAVE, <br> GLENN M. TAUBMAN, and <br> ROBERT HOLZHAUER, <br><br> Plaintiffs, <br><br> v. <br><br> THE COUNTY OF FAIRFAX, VIRGINIA, and <br> KEVIN DAVIS, <br> In his Official Capacity as Chief of Police, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No:  1:23-cv-1605 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF**

Plaintiffs, Kimberly LaFave, Glenn M. Taubman, and Robert Holzhauer, move for judgment against Defendants, the County of Fairfax, Virginia, and Chief of Police Kevin Davis in his official capacity, for the following reasons.

1. This is an action to vindicate the right of residents and visitors in the County of Fairfax, Virginia, to keep and bear arms under the Second Amendment to the United States Constitution, which guarantees the right of law-abiding citizens to possess and carry commonly-possessed firearms in public places for self-defense and other lawful purposes, and the Fourteenth Amendment to the United States Constitution, which guarantees that no State shall "deprive any person of life, liberty, or property, without due process of law…."

**Parties**

2. Plaintiff Kimberly LaFave is a resident of Loudoun County, Virginia, and a citizen of the United States.

1

3. Plaintiff Glenn M. Taubman is a resident of Fairfax County, Virginia, and a citizen of the United States.

4. Plaintiff Robert Holzhauer is a resident of Fairfax County, Virginia, and a citizen of the United States.

5. Defendant County of Fairfax, Virginia ("Fairfax County"), is a county organized under the Constitution and laws of the Commonwealth of Virginia.

6. Defendant Kevin Davis is the Chief of Police of Fairfax County, Virginia, whose principal place of business is in Fairfax, Virginia.  He is sued in his official capacity.

## Jurisdiction & Venue

7. Federal question jurisdiction is founded on 28 U.S.C. § 1331, as this action arises under the Constitution of the United States.  The Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983, because this action seeks to redress Fairfax County's deprivation, under color of the laws, statute, ordinances, regulations, customs and usages, of rights, privileges or immunities secured by the United States Constitution.

8. This action seeks relief pursuant to 28 U.S.C. §§ 2201, 2202, and 42 U.S.C. §§ 1983 and 1988.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2), because all Defendants reside in this district and/or a substantial part of the events giving rise to the claim occurred in this District.

## Background

10. The Second Amendment provides: "A well regulated militia, being necessary to the security of a free state, the right of the people to keep and bear arms, shall not be infringed."

11. Under Virginia law, a person may carry a firearm in public openly, i.e., not hidden from common observation.  Va. Code § 18.2-308(A).  A person may carry a concealed handgun in public if he/she has a permit issued under Va. Code § 18.2-308.01.  The public places where a firearm may not be possessed are narrowly defined, such as in a courthouse (§ 18.2–283.1) or on school property (§ 18.2-308.1).  It is generally lawful under state law to carry a handgun or other firearm in a public park or in an event requiring a permit from a locality.

12. Va. Code § 15.2-915(A) provides in part: "No locality shall adopt or enforce any ordinance, resolution, or motion, as permitted by § 15.2-1425,[1] and no agent of such locality shall take any administrative action, governing the purchase, possession, transfer, ownership, carrying, storage, or transporting of firearms, ammunition, or components or combination thereof other than those expressly authorized by statute."

13. In 2020, the Virginia General Assembly enacted Va. Code § 15.2-915(E), which provides in pertinent part:

> Notwithstanding the provisions of this section, a locality may adopt an ordinance that prohibits the possession, carrying, or transportation of any firearms, ammunition, or components or combination thereof . . . (ii) in any public park owned by the locality, or by any authority or local governmental entity created or controlled by the locality; . . . or (iv) in any public street, road, alley, or sidewalk or public right-of-way or any other place of whatever nature that is open to the public and is being used by or is adjacent to a permitted event or an event that would otherwise require a permit.

14. The same bill enacted Va. Code § 15.2-915(F), which provides in pertinent part:

> Notice of any ordinance adopted pursuant to subsection E shall be posted . . . (ii) at all entrances of any public park owned by the locality, or by any authority or local governmental entity created or controlled by the locality; . . . and (iv) at all entrances or other appropriate places of ingress and egress to any public street, road, alley, or sidewalk or public right-of-way or any other place of whatever

---

[1] Section 15.2-1425 provides: "The governing body of every locality in the performance of its duties, obligations and functions may adopt, as appropriate, ordinances, resolutions and motions."

nature that is open to the public and is being used by or is adjacent to a permitted event or an event that would otherwise require a permit.

15. On September 15, 2020, and extending into the next day, and pursuant to the aforedescribed statutory provisions, the Fairfax County Board of Supervisors held a public hearing to consider amending Chapter 6 of the Fairfax County Code to ban carrying, possessing, and transporting firearms in public parks and near permitted events. Numerous citizens testified that they lawfully carried firearms at such places and expressed concern over violent crime being committed at such places.

16. At the hearing's conclusion, the Board of Supervisors amended Article 2 and § 6-2-1 of the Fairfax County Code (hereafter "the Ordinance"). Subsection A of that section states in pertinent part:

> The possession, carrying, or transportation of any firearms, ammunition, or components or combination thereof is prohibited in the following areas: . . .
>
> 2. In any public park owned or operated by the County, or by any authority or local government entity created or controlled by the County. . . .
>
> 4. In any public street, road, alley, or sidewalk or public right-of-way or any other place of whatever nature that is open to the public and is being used by or is adjacent to a permitted event or an event that would otherwise require a permit.

18. The Board of Supervisors also added § 6-2-1(D)(1) to the Code, which states in pertinent part:

> Notice of this ordinance shall be posted . . . (ii) at all entrances of any public park owned or operated by the County, or by any authority or local governmental entity created or controlled by the County; . . . and (iv) at all entrances or other appropriate places of ingress and egress to any public street, road, alley, or sidewalk . . . or public right-of-way or any other place of whatever nature that is open . . . to the public and is being used by or is adjacent to a permitted event or an event that would otherwise require a permit.

19. The Board of Supervisors also added § 6-2-1(E) to the Code as follows: "Violations of Section 6-2-1(A) shall constitute a Class 1 misdemeanor." A Class 1 misdemeanor is punishable by confinement in jail for not more than twelve months and a fine of not more than $2,500, either or both. Fairfax County Code § 1-1-12; Va. Code § 18.2-11(a).

20. The Ordinance took effect upon adoption.

21. Defendant Kevin Davis is the chief law enforcement officer of Defendant Fairfax County, and it is his duty to enforce the Ordinance.

**Facts**

22. Fairfax County owns, operates, or controls public parks consisting of 23,632 acres, 420 parks, and more than 334 miles of trails. This equates to over 9.3 percent of the County's land mass. Seventy-nine percent of Fairfax County's households are park users.[2] The parks include vast amounts of wooded acreage, much of it remote and isolated.

23. The entirety of Fairfax County's 23,632 acres of public parks are not a sensitive place like a school, government building, legislative assembly, polling place, or courthouse. No lawful basis exists for banning the public possession of firearms in all 23,632 acres of the parks, especially given that both open and permitted concealed carry of firearms are permitted in Virginia's crowded urban areas under the Commonwealth's regulatory scheme.

24. Police do not regularly patrol most of the park acreage and are unlikely to be present if a person is attacked by a criminal. Murder, robbery, rape, assault, and other violent crimes have been committed, and will continue to be committed, in the parks run by Fairfax County and nearby jurisdictions.

---

[2] https://www.fairfaxcounty.gov/budget/sites/budget/files/assets/documents/fy2023/advertised/volume1/51.pdf

25. In 2022 in Fairfax County, the following crimes were reported to law enforcement: 22 homicides, 162 kidnappings/abductions, 374 sex offenses, and 8,918 assaults. *Fairfax County Police Department Statistical Report Calendar Years 2021 & 2022*, at 6-9 (May 2023).[3]

26. For many potential victims of crime, including Plaintiffs, having access to a firearm may be the only way to defend themselves and keep from being a victim. Police cannot be expected to be present when a person is suddenly attacked.

27. Criminals who commit murder, robbery, rape, and other violent crimes punishable as major felonies are not dissuaded by signs prohibiting possession of firearms or by threats of misdemeanor penalties. To the contrary, the ban on possession of firearms in the parks leaves law-abiding citizens defenseless and makes it easier for criminals to attack their victims without fear of resistance.

28. Plaintiff Kimberly LaFave is a paralegal who also has a dog-walking business. She is an NRA-certified Firearms Instructor, and is a leader of the Loudoun County Chapter and the Bull Run (Fairfax County) Chapter of a non-profit women's shooting organization with 335 chapters and 11,610 members nationwide. This organization teaches women gun safety, the responsible use of firearms for self-defense, techniques for carrying concealed handguns, and hands-on shooting skills. *See* Ex. A ¶ 2 (LaFave Decl.).

29. Ms. LaFave has used Fairfax County park trails for several years and continues to do so for recreation, dog walking, and other activities. Many of the trails are in remote areas with few people and no police presence. She is aware that serious crimes have been committed against women on the Fairfax County park trails and prior to the Fairfax Ordinance banning the

---

[3] https://www.fairfaxcounty.gov/police/sites/police/files/assets/images/helpfulinfo/fcpd%20annual%20statistical%20report%20(2021%20&%202022).pdf

carrying of firearms in parks, regularly carried a concealed handgun, for which she has a permit, for self-defense. *See id.* ¶ 3.

30. The Ordinance imposed a dilemma upon Ms. LaFave: If she continues to carry a concealed handgun in Fairfax County parks, she faces the threat of arrest and related injuries, but if she foregoes doing so, she will lose her means of security and will be vulnerable to criminal attack. But for the Ordinance, she would continue lawfully to carry a concealed handgun in Fairfax County parks. *See id.* ¶ 4.

31. Plaintiff Glenn M. Taubman is an attorney who is a member of the bars of New York, Georgia, and the District of Columbia. He previously clerked for several federal judges, and has had a Virginia concealed carry permit for over fifteen years. He is an avid cyclist who regularly uses Fairfax County parks and trails. *See* Ex. B ¶ 2 (Taubman Decl.).

32. Mr. Taubman testified against the Ordinance that is the subject of this lawsuit at the County Board of Supervisors public hearing on September 15, 2020, in which he explained that he carried a concealed handgun in the parks and added: "Your ordinance will leave us citizens defenseless in the face of gangs and criminals (who I have personally seen in county parks and bike trails)." *See id.* B ¶ 3.

33. Before the Ordinance's enactment, Mr. Taubman possessed, carried, and transported firearms, on his person, in his vehicle, on the public streets, roads, alleys, sidewalks, public rights-of-way, and other places that are open to the public in Fairfax County. He continued doing so even though he is often unaware whether or not such places are being used by, or are adjacent to, a permitted event or an event that would otherwise require a permit. When he becomes aware of such event, he must either not carry or possess a firearm, or must endeavor to avoid such locations. *See id.* ¶ 4.

34. Plaintiff Robert Holzhauer was a commissioned police officer for eleven years and a member of the U.S. Army for 27 years, retiring as a Lieutenant Colonel with an honorable discharge and a 100% permanent, total disability.  Since becoming a County resident in 2004, he used Fairfax County Parks for 3-4 days a week, and sometimes on a daily basis, minus deployment periods in Iraq, Yemen, Libya, and Liberia.  *See* Ex. C ¶ 2 (Holzhauer Decl.).

35. Lt. Col. Holzhauer has a permit to carry a concealed handgun.  When hiking in remote areas of the Fairfax County parks, he carried a handgun for protection from potential criminals and wild animals like bears, the latter of which have accosted him.  His disability creates a particular need to carry a handgun for self-defense.  *See id.* C ¶ 3.

36. When informed of the subject Ordinance, Lt. Col. Holzhauer discontinued carrying a handgun in the parks for fear of prosecution.  But for the Ordinance, he would continue to carry a concealed handgun in the parks.  *See id.* C ¶ 4.

38. As noted, § 6-2-1(A)(4) of the Ordinance prohibits the possession, carrying, or transportation of any firearms "[i]n any public street, road, alley, or sidewalk or public right-of-way or any other place of whatever nature that is open to the public and is being used by or is adjacent to a permitted event or an event that would otherwise require a permit."

39. Before the Ordinance's enactment, Plaintiffs Taubman, LaFave, and Holzhauer possessed, carried, and transported firearms, on their persons or in vehicles, on the public streets, roads, alleys, sidewalks, public rights-of-way, and other places that are open to the public in Fairfax County.  They continue doing so while being unaware that such places are being used by or are adjacent to a permitted event or an event that would otherwise require a permit.  When they are aware of such events, they must either not carry or possess a firearm or must endeavor to avoid such locations.  *See* Exs. A ¶ 5; B ¶ 4; C ¶ 5.

40. Should Plaintiffs possess, carry, or transport firearms at the places specified in § 6-2-1(A)(4), regardless of whether they are aware of the event or that they are at a place adjacent to such event, they are subject to arrest and prosecution.  *See* Exs. A ¶ 10; B ¶ 5; C ¶ 6.

41. Accordingly, as a proximate cause of the Ordinance's enactment by Fairfax County and its enforcement by Chief of Police Davis, Plaintiffs are threatened with irreparable harm and have no adequate remedy at law.  *See* Ex. B ¶ 6.

## COUNT ONE
## (Violation of Second Amendment-Public Parks)

42. Paragraphs 1 through 41 are realleged and incorporated herein by reference.

43. The Second Amendment provides in pertinent part that "the right of the people to keep and bear arms, shall not be infringed."  "[T]he Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2122 (2022).

44. Section 6-2-1(A)(2) of the Ordinance provides in pertinent part: "The possession, carrying, or transportation of any firearms, ammunition, or components or combination thereof is prohibited in … any public park owned or operated by the County, or by any authority or local government entity created or controlled by the County."

45. Section 6-2-1(A)(2) of the Ordinance infringes on the right of the people, including the Plaintiffs herein, to keep and bear arms, by prohibiting possession, carrying, or transportation of any firearm in the entire 23,632 acres of Fairfax County public parks.  Such vast acreage does not constitute a sensitive place like a school, government building, legislative assembly, polling place, or courthouse.

46. Section 6-2-1(A)(2) of the Ordinance irreparably harms Plaintiffs by infringing on their right to keep and bear arms as guaranteed by the Second Amendment, and is thus void.

9

## COUNT TWO
### (Violation of Second Amendment-Public Right-of-Ways & Events)

47. Paragraphs 1 through 46 are realleged and incorporated herein by reference.

48. Section 6-2-1(A)(4) of the Ordinance provides in pertinent part: "The possession, carrying, or transportation of any firearms, ammunition, or components or combination thereof is prohibited in . . . any public street, road, alley, or sidewalk or public right-of-way or any other place of whatever nature that is open to the public and is being used by or is adjacent to a permitted event or an event that would otherwise require a permit."  It fails to provide any standard or distance for what may be "adjacent to" such event.

49. Application of § 6-2-1(A)(4) to an area that "is adjacent to a permitted event" or "is adjacent to . . . an event that would otherwise require a permit" violates the right of Plaintiffs to keep and bear arms as guaranteed by the Second Amendment.  An area adjacent to an event does not constitute a sensitive place like a school, government building, legislative assembly, polling place, or courthouse.

50. At any time on a public street or road or otherwise, Plaintiffs may find themselves in a motor vehicle with a firearm when they pass through or park in an area adjacent to an affected event.  They will be in violation even if they do not know they are in an area adjacent to an event that is permitted or should have a permit.  Even if they have such knowledge, they would be just passing through the vicinity en route to another destination.  Under either alternative, the prohibition infringes on their right to keep and bear arms. See Exs. A ¶¶ 5, 7; B ¶¶ 4, 9; C ¶¶ 5, 9.

51. Because it deprives Plaintiffs of the ability to have firearms for lawful self-defense in the above-specified places, the Ordinance subjects Plaintiffs to potential assault, robbery, rape, murder, and other violent crimes.  Section 6-2-1(A)(4) of the Ordinance irreparably harms

Plaintiffs by infringing on their right to keep and bear arms as guaranteed by the Second Amendment, and is thus void.  *See* Exs. A ¶ 6; B ¶ 7; C ¶ 7.

## COUNT THREE
### (Violation of Fourteenth Amendment-Due Process Clause)

52. Paragraphs 1 through 51 are realleged and incorporated herein by reference.

53. The Fourteenth Amendment to the United States Constitution provides that no State shall "deprive any person of life, liberty, or property, without due process of law…."  Due process requires that an ordinance be sufficiently precise and definite to give fair warning that conduct is criminal.  An ordinance is unconstitutionally vague if persons of common intelligence must necessarily guess at its meaning, or if it invites arbitrary and discriminatory enforcement.

54. Section 6-2-1(A)(4) of the Ordinance provides: "The possession, carrying, or transportation of any firearms, ammunition, or components or combination thereof is prohibited in …  any public street, road, alley, or sidewalk or public right-of-way or any other place of whatever nature that is open to the public and is being used by or is adjacent to a permitted event or an event that would otherwise require a permit."

55. Persons of common intelligence, including Plaintiffs, must necessarily guess at the Ordinance's meaning, which also invites arbitrary and discriminatory enforcement.  No standard in distance or otherwise is defined for what is "adjacent" to any such event.  Since no measurement in feet, yards, or otherwise is specified for what is "adjacent," Plaintiffs and other members of the public are left to guess, and the County police or other authorities are free to arbitrarily decide the distance.  *See* Exs. A ¶ 8; B ¶¶ 8, 10; C ¶¶ 8, 10.

56. Plaintiffs have no basis to know if an activity is "an event that would otherwise require a permit" or what area "being used by or is adjacent to" such event.  This requires Plaintiffs to determine if a permit is required for some "event" about which they know nothing,

thereby subjecting them to prosecution under the Ordinance. The Fairfax County Code of Ordinances includes numerous, complex provisions on events that require a permit, and they are not within the knowledge of ordinary persons. Ordinary persons cannot be expected to know that some activity is an "event," what events require a permit under the Ordinance, and to apply the Ordinance to determine whether the activity is an event that requires a permit. *See* Exs. A ¶ 9; B ¶¶ 8, 10, 11; C ¶¶ 8, 11.

57. Section 6-2-1(A)(4) is particularly egregious because it requires individuals to make an on-the-spot determination in seconds while walking or driving of whether something is an event requiring a permit. This causes Plaintiffs either to risk arrest and prosecution or to avoid the constitutionally permissible conduct of keeping and bearing arms based on a fear that they may be violating an unclear law, and thus inhibits the exercise of constitutionally protected activities. *See* Exs. A ¶ 10; B ¶ 12; C ¶ 12.

58. If an event requiring a permit has no permit, it is impossible for the County itself to comply with § 6-2-1(D)(1), which requires that "Notice of this ordinance shall be posted" at the described location that "is being used by or is adjacent to . . . an event that would otherwise require a permit."

59. Accordingly, the terms "is adjacent to" and "an event that would otherwise require a permit" are unconstitutionally vague and violate Plaintiffs' right to due process of law.

**Prayer for Relief**

WHEREFORE, Plaintiffs pray that the Court:

1. Render a declaratory judgment that the following two provisions of the Fairfax County Code infringe on the right of the people to keep and bear arms guaranteed by the Second Amendment to the United States Constitution and are void:

(A)  Section 6-2-1(A)(2), which provides in pertinent part: "The possession, carrying, or transportation of any firearms, ammunition, or components or combination thereof is prohibited in … any public park owned or operated by the County, or by any authority or local government entity created or controlled by the County."

(B)  Section 6-2-1(A)(4), which provides in relevant part: "The possession, carrying, or transportation of any firearms, ammunition, or components or combination thereof is prohibited in … any public street, road, alley, or sidewalk or public right-of-way or any other place of whatever nature that is open to the public and . . . is adjacent to a permitted event or an event that would otherwise require a permit.";

2.  Render a declaratory judgment that the following portion of § 6-2-1(A)(4) of the Fairfax County Code, which provides in pertinent part, "The possession, carrying, or transportation of any firearms, ammunition, or components or combination thereof is prohibited in … any public street, road, alley, or sidewalk or public right-of-way or any other place of whatever nature that is open to the public and is being used by or is adjacent to . . . an event that would otherwise require a permit," is unconstitutionally vague and deprives Plaintiffs of life, liberty, or property without due process of law, contrary to the Fourteenth Amendment of the United States Constitution, and is void;

3.  Enter preliminary and permanent injunctions enjoining the County of Fairfax, Chief of Police Kevin Davis, and their agents, officers, and employees from enforcing the aforementioned provisions of § 6-2-1(A)(2) & (4) of the Fairfax County Code;

4.  Award Plaintiffs nominal damages, attorney's fees, and costs pursuant to 42 U.S.C. § 1988(b) or other applicable provision of law;

5.  Award Plaintiffs such other relief as is appropriate.

Respectfully Submitted,

Kimberly LaFave
Glenn M. Taubman
Robert Holzhauer,

*Plaintiffs*

By Counsel

_____
Stephen P. Halbrook
protell@aol.com
Va. Bar No. 18075
3925 Chain Bridge Road, Suite 403
Fairfax, VA 22030
(703) 352-7276


_____
Christopher M. Day
cmday@jurisday.com
Va. Bar No. 37470
Earl N. "Trey" Mayfield, III
tmayfield@jurisday.com
Va. Bar No. 41691
10521 Judicial Drive, Suite 200
Fairfax, VA 22030
(703) 268-5600