UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| KIMBERLY Y. LAFAVE, et al. )<br>)<br>   *Plaintiffs* )<br>)<br>v. )<br>)<br>THE COUNTY OF FAIRFAX, VIRGINIA, )<br>and KEVIN DAVIS, in his Official Capacity )<br>as Chief of Police )<br>)<br>   *Defendants* )<br>) | Case No. 1:23-cv-1605 (CMH/JFA) |

**ANSWER**

COME NOW the Defendants the County of Fairfax, Virginia ("the County") and Chief of Police Kevin Davis, in his official capacity as Chief of Police ("Davis"), by and through the undersigned counsel, hereby answer Plaintiffs' Complaint for Declaratory & Injunctive Relief (ECF No. 1) ("Complaint") as follows:

    1.    The allegations in paragraph 1 of the Complaint are alleged statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny said allegations and demand strict proof thereof, and respectfully refer the Court to the constitutional provisions cited in paragraph 1 of the Complaint for the contents thereof.

    2.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 of the Complaint and accordingly deny said allegations and demand strict proof thereof.

1

3. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 of the Complaint and accordingly deny said allegations and demand strict proof thereof.

4. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 of the Complaint and accordingly deny said allegations and demand strict proof thereof.

5. Defendants admit the allegations in paragraph 5 of the Complaint.

6. Defendants admit the allegations in paragraph 6 of the Complaint.

7. The allegations in paragraph 7 of the Complaint are alleged statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants admit this Court has jurisdiction over this matter but deny all other allegations and statements alleged in Paragraph 7 of the Complaint.

8. The allegations in paragraph 8 of the Complaint are alleged statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants admit this Court has jurisdiction over this matter but deny all other allegations and statements alleged in Paragraph 8 of the Complaint.

9. The allegations in paragraph 9 of the Complaint are alleged statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants admit venue is proper in this District.

10. The allegations in paragraph 10 of the Complaint are alleged statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants admit Paragraph 10 of the Complaint accurately quotes the Second Amendment of the United States Constitution.

11. The allegations in paragraph 11 of the Complaint are alleged statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny said allegations and demand strict proof thereof, and respectfully refer the Court to the statutory provisions cited in paragraph 11 of the Complaint for their contents.

12. The allegations in paragraph 12 of the Complaint, including footnote 1, are alleged statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny said allegations and demand strict proof thereof, and respectfully refer the Court to the statutory provisions cited in paragraph 12 of the Complaint for their contents.

13. The allegations in paragraph 13 of the Complaint are alleged statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants admit that during the 2020 legislative session, the Virginia General Assembly passed legislation that, among other things, enacted Va. Code § 15.2- 915(E).  Defendants respectfully refer the Court to that statutory provision (which is quoted in part and with omissions in paragraph 13 of the Complaint) for its content; and otherwise deny the allegations in paragraph 13 of the Complaint and demand strict proof thereof.

14. The allegations in paragraph 14 of the Complaint are alleged statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants admit that during the 2020 legislative session, the Virginia General Assembly passed legislation that, among other things, enacted Va. Code Section 15.2-915(F). Defendants respectfully refer the Court to that statutory provision (which is quoted in part and with omissions in paragraph 14 of the Complaint) for the content thereof.  Defendants deny the remaining allegations in paragraph 14 of the Complaint and demand strict proof thereof.

15. Defendants admit that on September 15, 2020, the Fairfax County Board of Supervisors held a public hearing extending into the next day, during which it considered amendments to Chapter 6 of the Fairfax County Code. Defendants respectfully refer the Court to the video recording of the public hearing available on the public website of the Fairfax County Board of Supervisors for the content of that hearing. Defendants deny the remaining allegations in paragraph 15 of the Complaint and demand strict proof thereof.

16. Defendants admit that, at the public hearing that began on September 15, 2020 and extended into the next day, the Board of Supervisors adopted amendments to Chapter 6 of the Fairfax County Code. The remaining allegations in paragraph 16 of the Complaint are alleged statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in paragraph 16 of the Complaint and demand strict proof thereof; and respectfully refer the Court to the ordinance amending Chapter 6 of the Fairfax County Code that the Fairfax County Board of Supervisors adopted on September 16, 2020 (the "Ordinance") for its contents.

17. There is no paragraph 17 in the Complaint.

18. The allegations in paragraph 18 of the Complaint are alleged statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants admit Paragraph 18 of the Complaint accurately quotes § 6-2-1(D)(1)(ii)&(iv) of the Fairfax County Code, and respectfully refer the Court to the Ordinance for its complete contents.

19. The allegations in paragraph 19 of the Complaint are alleged statements and/or conclusions of law to which no response is required. Defendants respectfully refer the Court to the Ordinance and the other provisions of the Fairfax County Code and the Virginia Code cited in paragraph 19 of the Complaint for their contents.

20. Defendants admit the allegations in paragraph 20 of the Complaint.

21. In response to Paragraph 21 of the Complaint, Defendants admit Davis is the chief law enforcement officer of the Fairfax County Police Department.  The remaining allegations of Paragraph 21 of the Complaint are alleged statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny said remaining allegations and demand strict proof thereof.

22. Defendants deny the allegations in paragraph 22 of the Complaint and demand strict proof thereof.  Defendants aver that the Fairfax County Park Authority, among other entities, owns and operates public parks and trails within Fairfax County and respectfully refer the Court to the document cited in footnote 2 of the Complaint for its contents.

23. The allegations in paragraph 23 of the Complaint are alleged statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny said allegations and demand strict proof thereof.

24. To the extent the allegations in paragraph 24 of the Complaint contain arguments or alleged statements and/or conclusions of law, no response is required. To the extent the allegations in paragraph 24 of the Complaint are vague or require speculation about the future, Defendants state that they lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 of the Complaint and accordingly deny said allegations. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 24 of the Complaint and demand strict proof thereof.

25. In response to Paragraph 25 of the Complaint, Defendants admit the County published the document cited in footnote 3 and respectfully refer the Court to the document cited

in footnote 3 of the Complaint for its complete contents. Defendants deny the remaining allegations in paragraph 25 of the Complaint and demand strict proof thereof.

26. Defendants deny the allegations in paragraph 26 of the Complaint and demand strict proof thereof.

27. Defendants deny the allegations in paragraph 27 of the Complaint and demand strict proof thereof.

28. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 of the Complaint and accordingly deny said allegations and demand strict proof thereof.

29. Defendants deny the allegations in the second sentence of paragraph 29 of the Complaint and demand strict proof thereof. Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 29 of the Complaint and accordingly deny said allegations and demand strict proof thereof.

30. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30 of the Complaint and accordingly deny said allegations and demand strict proof thereof. To the extent that paragraph 30 of the Complaint contains alleged statements and/or conclusions of law, no response is required. To the extent a response is required, Defendants deny said allegations and demand strict proof thereof.

31. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 of the Complaint and accordingly deny said allegations and demand strict proof thereof.

32. Defendants admit that an individual who identified himself as Glenn Taubman spoke at the public hearing regarding the Ordinance and respectfully refer the Court to the video

recording of the public hearing available on the public website of the Fairfax County Board of Supervisors for the contents of the hearing.  In all other respects, Defendants deny the allegations in paragraph 32 of the Complaint and demand strict proof thereof.

33. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 of the Complaint and accordingly deny said allegations and demand strict proof thereof. To the extent that paragraph 33 of the Complaint contains alleged statements and/or conclusions of law, no response is required. To the extent a response is required, Defendants deny said allegations and demand strict proof thereof.

34. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 of the Complaint and accordingly deny said allegations and demand strict proof thereof.

35. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 of the Complaint and accordingly deny said allegations and demand strict proof thereof.

36. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 of the Complaint and accordingly deny said allegations and demand strict proof thereof.

37. There is no paragraph 37 in the Complaint.

38. The allegations in paragraph 38 of the Complaint are alleged statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny said allegations and demand strict proof thereof and respectfully refer the Court to the Ordinance for the content thereof.

39. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 of the Complaint and accordingly deny said allegations and demand strict proof thereof. To the extent that paragraph 39 of the Complaint contains alleged statements and/or conclusions of law, no response is required. To the extent a response is required, Defendants deny said allegations and demand strict proof thereof.

40. The allegations in paragraph 40 of the Complaint are alleged statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny said allegations and demand strict proof thereof.

41. The allegations in paragraph 41 of the Complaint are alleged statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny said allegations and demand strict proof thereof.

42. With respect to paragraph 42 of the Complaint, Defendants restate the responses in paragraphs 1 through 41 of this Answer.

43. The allegations in paragraph 43 of the Complaint are alleged statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny said allegations and demand strict proof thereof, and respectfully refer the Court to the text of the Second Amendment to the United States Constitution and the case cited in paragraph 43 of the Complaint for their contents.

44. The allegations in paragraph 44 of the Complaint are alleged statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny said allegations and demand strict proof thereof, and respectfully refer the Court to the Ordinance for its contents.

45. The allegations in paragraph 45 of the Complaint are alleged statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny said allegations and demand strict proof thereof.

46. The allegations in paragraph 46 of the Complaint are alleged statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny said allegations and demand strict proof thereof.

47. With respect to paragraph 47 of the Complaint, Defendants restate the responses in paragraphs 1 through 46 of this Answer.

48. The allegations in paragraph 48 of the Complaint are alleged statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny said allegations and demand strict proof thereof, and respectfully refer the Court to the Ordinance for its contents.

49. The allegations in paragraph 49 of the Complaint are alleged statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny said allegations and demand strict proof thereof.

50. The allegations in paragraph 50 of the Complaint are alleged statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny said allegations and demand strict proof thereof, except they are without sufficient information to admit or deny where Plaintiffs "may find themselves" or "would be passing through," as alleged in the first and third sentences of paragraph 50, and accordingly deny said allegations and demand strict proof thereof.

51.     The allegations in paragraph 51 of the Complaint are alleged statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny said allegations and demand strict proof thereof.

52.     With respect to paragraph 52 of the Complaint, Defendants restate the responses in paragraphs 1 through 51 of this Answer.

53.     The allegations in paragraph 53 of the Complaint are alleged statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny said allegations and demand strict proof thereof, and respectfully refer the Court to the text of the Fourteenth Amendment to the United States Constitution for its contents.

54.     The allegations in paragraph 54 of the Complaint are alleged statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny said allegations and demand strict proof thereof, and respectfully refer the Court to the Ordinance for its contents.

55.     The allegations in paragraph 55 of the Complaint are alleged statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny said allegations and demand strict proof thereof.

56.     The allegations in paragraph 56 of the Complaint are alleged statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny said allegations and demand strict proof thereof.

57.     The allegations in paragraph 57 of the Complaint are alleged statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny said allegations and demand strict proof thereof.

58.     The allegations in paragraph 58 of the Complaint are alleged statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny said allegations and demand strict proof thereof.

59.     The allegations in paragraph 59 of the Complaint are alleged statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny said allegations and demand strict proof thereof.

60.     With respect to the "Prayer for Relief" on pages 12 through 13 of the Complaint, Defendants deny that Plaintiffs are entitled to any such relief and demand strict proof thereof.

61.     Defendants deny any and all allegations not specifically admitted in this Answer.

## DEFENSES AND AFFIRMATIVE DEFENSES

62.     The provisions of the Ordinance challenged in this case are constitutional under the Second and Fourteenth Amendments to the United States Constitution.

63.     Some or all of Plaintiffs' claims are barred for lack of standing and/or lack of a justiciable interest because they are too speculative and/or unripe.

64.     Some or all of Plaintiffs' claims and/or the relief they seek are barred by governmental or sovereign immunity.

65.     Injuries or damages allegedly sustained by Plaintiffs in this action were caused in whole or in part by the conduct of one or more individuals or entities who are not parties to this action.

66.     The Complaint does not name as defendants and/or allege causes of action against some or all of the proper and/or necessary parties to this action.

67.     The Complaint fails to allege an adequate basis upon which Plaintiffs could receive declaratory and/or injunctive relief.

68. The Complaint fails to allege an adequate basis upon which Plaintiffs could recover nominal damages, costs or attorneys' fees.

69. Plaintiffs have waived their claims by failing to timely assert the claims or move for injunctive relief.

70. Plaintiffs' claims and/or requests for declaratory and injunctive relief are barred based on the doctrine of laches.

71. Plaintiffs' claims and/or requests for relief are barred, in whole or in part, under doctrines of preclusion and estoppel, including the doctrine of issue preclusion, or collateral estoppel.

WHEREFORE, Defendants respectfully request that the Court enter judgment in favor of Defendants and dismiss the Complaint in its entirety with prejudice, and, pursuant to the Court's equitable powers, award Defendants' reasonable attorneys' fees and costs incurred in defense of this action, and award Defendants such other relief as the Court deems just and proper.

Defendants reserve the right to seek leave of Court to amend their responses and defenses in this Answer and to set forth any additional defenses to the full extent permitted by law.

Respectfully submitted,

Date: December 22, 2023

THE COUNTY OF FAIRFAX, VIRGINIA, and the CHIEF OF POLICE, KEVIN DAVIS, in his official capacity

By: */s/ Douglas R. Kay*
      Counsel

Douglas R. Kay, VSB No. 35468
Thomas W. Repczynski, VSB No. 39967
Anders T. Sleight, VSB No. 84458
OFFIT KURMAN, P.C.

8000 Towers Crescent Drive, Suite 1400
Tysons Corner, Virginia  22182
Telephone:  (703) 745-1800
Facsimile:  (703) 745-1835
dkay@offitkurman.com
trepczynski@offitkurman.com
Anders.sleight@offitkurman.com
*Co-Counsel for Defendants*

Daniel Robinson (VSB No. 78985)
John W. Burton (VSB No. 42223)
Office of the County Attorney
12000 Government Center Parkway, Suite 549
Fairfax, Virginia 22035
Telephone: (703) 324-2421
Facsimile: (703) 324-2665
Daniel.Robinson@fairfaxcounty.gov
John.Burton@fairfaxcounty.gov
*Co-Counsel for Defendants*


William J. Taylor, Jr. (*pro hac vice* forthcoming)
Janet Carter (*pro hac vice* forthcoming)
EVERYTOWN LAW
450 Lexington Avenue #4184
New York, New York 10017
Telephone: (646) 324-8215
wtaylor@everytown.org
jcarter@everytown.org
*Co-Counsel for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 22, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

>Stephen P. Halbrook
>3925 Chain Bridge Road, Suite 403
>Fairfax, VA 22030
>(703) 352-7276
>protell@aol.com
>
>Christopher M. Day
>Earl N. "Trey" Mayfield, III
>10521 Judicial Drive, Suite 200
>Fairfax, VA 22030
>(703) 268-5600
>cmday@jurisday.com
>tmayfield@jurisday.com

                                             */s/ Douglas R. Kay*
                                             Douglas R. Kay

4894-8216-2585, v. 1