# EXHIBIT 14

 Cited
As of: December 29, 2023 3:38 AM Z

## *Lafave v. County of Fairfax*

Circuit Court of Fairfax County, Virginia

June 23, 2023, Decided

Case No. CL2021-01569

**Reporter**

2023 Va. Cir. LEXIS 203 *

KIMBERLY LAFAVE, et al., Plaintiffs, v. THE COUNTY OF FAIRFAX, VIRGINIA, et al., Defendants.

## Core Terms

preliminary injunction, ordinance, firearms, plaintiffs', right to bear arms, regulation, restrictions, courts, constitutional right, irreparable harm, coextensive, injunction, parties, prong, public interest, circuit court, county park, self-defense, merits, places, gun

## Case Summary

### Overview

HOLDINGS: [1]- In light of the historical traditions of firearms regulations in parks and at public events, for purposes of the case and the challenge mounted by gun owners under the Virginia Constitution alone, Va. Const. art. I, § 13, the gun owners had not met the first prong of the test for a preliminary injunction regarding a county ordinance restricting firearms in county parks and events, and their ability to succeed on the merits regarding a constitutional challenge to that ordinance; [2]-There was not a likelihood of success. After filing suit, the gun owners delayed for two years before seeking a preliminary injunction. Their likelihood of success on the merits was drawn into question when examining the case under the historical framework provided by the U.S. Supreme Court, given that the gun owners chose to pursue a remedy under the Virginia Constitution alone.

### Outcome

Gun owners' motion for preliminary injunction denied.

## LexisNexis® Headnotes

Constitutional Law > The Judiciary > Case or Controversy > Constitutionality of Legislation

*HN1*[ ] **Case or Controversy, Constitutionality of Legislation**

A plaintiff can only mount a successful facial challenge to a statute by first showing that the statute in question is unconstitutional as applied to him or her, and that the statute in question would not be constitutional in any context.

Civil
Procedure > Remedies > Injunctions > Preliminary & Temporary Injunctions

*HN2*[ ] **Injunctions, Preliminary & Temporary Injunctions**

In Virginia, a preliminary injunction is an extraordinary remedy that rests on the sound discretion, judicial discretion to be exercised upon consideration of the nature and circumstances of a particular case. A preliminary injunction is meant to preserve the status quo between the parties during ongoing litigation. The court may contemplate the substance and adequacy of a plaintiffs' factual allegations and also the veracity and magnitude of the asserted harm. Virginia courts typically follow the federal standard for evaluating preliminary injunctive relief. A plaintiff seeking a preliminary injunction must establish first he or she is likely to succeed on the merits. Second, he or she is likely to suffer irreparable harm in the absence of preliminary relief. Third, the balance of the equities tips in his favor, and fourth, the injunction is in the public interest. In evaluating these factors, the court must balance the competing claims of injury and consider the effect on each party of granting or withholding relief.

2023 Va. Cir. LEXIS 203, *203

Constitutional Law > State Constitutional Operation

**HN3**[⬇] **Constitutional Law, State Constitutional Operation**

An examination of the legislative history surrounding the enactment of Va. Const. art. I, § 13 makes clear that the Virginia General Assembly meant for the plain text of Va. Const. art. I, § 13 to incorporate the right to bear arms in the Virginia Constitution, and that said right was to cover individual conduct, and not a mere militia right.

Constitutional Law > Bill of Rights > Fundamental Rights > Right to Bear Arms

**HN4**[⬇] **Fundamental Rights, Right to Bear Arms**

The court must first ask, number one, whether the individual's proposed course of conduct is covered by the plain text of the constitutional amendment, and if yes, then number two, whether the constitution presumptively protects the conduct in the government, must justify the regulation by demonstrating that it is consistent with historical tradition of firearm regulation. There are sensitive places where arms carrying may be prohibited consistent with the Second Amendment, and courts can use analogies to those historical regulations of sensitive places to determine that modern regulations prohibiting the carry of firearms in new or analogous sensitive places are constitutional permissible.

Constitutional Law > Bill of Rights > Fundamental Rights > Right to Bear Arms

**HN5**[⬇] **Fundamental Rights, Right to Bear Arms**

A temporary violation of a constitutional right is enough to establish irreparable harm. Further, the constitutional right to bear arms in public for self-defense is not a second-class right, subject to an entirely different body of rules than other guarantees. At any time the government is joined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury.

Civil
Procedure > Remedies > Injunctions > Grounds for Injunctions

**HN6**[⬇] **Injunctions, Grounds for Injunctions**

The public interest favors enjoining a constitutional violation not allowing the unconstitutional application of a statute to perpetuate.

**Counsel:** **[*1]** For Plaintiffs: Christopher M. Day VSB # 37470, Earl N. "Trey" Mayfield, III VSB # 41691, Juris Day, PLLC, Fairfax, Virginia; Stephen P. Halbrook VSB # 18075, Stephen P. Halbrook, Ph.D., Fairfax, Virginia.

For Defendants: Douglas R. Kay (VSB No. 35468), Thomas W. Repczynski (VSB No. 39967), Anders T. Sleight (VSB No. 84458), OFFIT KURMAN, P.C., Tysons Corner, Virginia; Corinne N. Lockett (VSB No. 34824), John W. Burton (VSB No. 42223), Office of the County Attorney, Fairfax, Virginia; William J. Taylor, Jr. (admitted pro hac vice), EVERYTOWN LAW, New York, New York.

**Judges:** HONORABLE CHRISTIE ANN LEARY, Fairfax County Circuit Court Judge.

**Opinion by:** Christie Ann Leary

# Opinion

**ORDER**

THIS MATTER came before the Court for a hearing on Plaintiffs' Motion for a Preliminary Injunction on March 20, 2023. After hearing evidence and argument from the parties, the Court took the matter under advisement. On May 24, 2023, upon consideration of the previously submitted pleadings, evidence and argument of counsel, and for the reasons stated from the bench (a transcript of which is attached hereto and incorporated into this Order by this reference), it is hereby

**ADJUDGED, ORDERED AND DECREED** that the Plaintiffs' Motion for Preliminary **[*2]** Injunction is DENIED.

IT IS SO ORDERED.

ENTERED this 23 day of June, 2023.

/s/ Christie Ann Leary

Fairfax County Circuit Court Judge

2023 Va. Cir. LEXIS 203, *2

**VIRGINIA**:

**IN THE CIRCUIT COURT FOR COUNTY OF FAIRFAX**

**KIMBERLY LAFAVE, ET AL**,

**PLAINTIFF**,

**VS.**

**COUNTY OF FAIRFAX, ET AL**,

**DEFENDANT**.

**CASE NO. CL2021-1569**

**JUDGE'S RULING FROM THE**

**TRIAL BEFORE**

**THE HONORABLE CHRISTIE ANN LEARY**

**WEDNESDAY, MAY 24, 2023**

**9:01 A.M.**

**FAIRFAX COUNTY COURTHOUSE**

**4110 CHAIN BRIDGE ROAD**

**FAIRFAX, VIRGINIA 22030**

**APPEARANCES**

**ON BEHALF OF THE PLAINTIFF**,

**KIMBERLY LAFAVE, ET AL**:

EARL N. MAYFIELD, ESQUIRE

**JURIS DAY PLLC**

10521 JUDICIAL DRIVE

SUITE 200

FAIRFAX, VIRGINIA 22030

TELEPHONE: 703.268.5600

FACSIMILE: 703.268.5602

E-MAIL: TMAYFIELD@JURISDAY.COM

**ON BEHALF OF THE DEFENDANT**,

**COUNTY OF FAIRFAX, ET AL**:

DOUGLAS R. KAY, ESQUIRE

**OFFIT KURMAN**

8000 TOWERS CRESCENT DRIVE

SUITE 1400

TYSONS CORNER, VIRGINIA 22182

TELEPHONE: 703.745.1800

FACSIMILE: 703.745.1835

E-MAIL: DKAY@OFFITKURMAN.COM



**ON BEHALF OF THE DEFENDANT**,

**COUNTY OF FAIRFAX, ET AL**:

THOMAS W. REPCZYNSKI, ESQUIRE

**OFFIT KURMAN**

8000 TOWERS CRESCENT DRIVE

SUITE 1400

TYSONS CORNER, VIRGINIA 22182

TELEPHONE: 703.745.1800

FACSIMILE: 703.745.1835

E-MAIL: TREPCZYNSKI@OFFITKURMAN.COM



**ON BEHALF OF THE DEFENDANT**,

**COUNTY OF FAIRFAX, ET AL**:

2023 Va. Cir. LEXIS 203, *2

ANDERS T. SLEIGHT, ESQUIRE

**OFFIT KURMAN**

8000 TOWERS CRESCENT DRIVE

SUITE 1400

TYSONS CORNER, VIRGINIA 22182

TELEPHONE: **[*3]**  703.745.1800

FACSIMILE: 703.745.1835

E-MAIL: ANDERS.SLEIGHT@OFFITKURMAN.COM



OTHERS PRESENT:

STEPHEN HALBROOK

WILLIAM TAYLOR

JEANNINE MILLER, PARALEGAL

**JUDGE'S RULING FROM THE**

**TRIAL BEFORE**

**THE HONORABLE CHRISTIE ANN LEARY**

**WEDNESDAY, MAY 24, 2023**

**9:01 A.M.**

**THE COURT**: We are back on the record in the case of LaFave vs. County of Fairfax et al, CL2021-1569. We are here this morning with regards to the Court's ruling from a prior hearing back in March, and I have everybody appearing via Webex. And hopefully everyone can hear me okay, but please let me know if we have any technology issues. So this matter came before the Court from an evidentiary hearing on plaintiffs' request for a preliminary injunction. Trial took place in this matter on March 20, 2023, and at the conclusion of the hearing, the Court took the matter under advisement. Litigation has been ongoing in this case since it began in January of 2021. Most recently,

the Honorable Dontae Bugg denied plaintiffs' motion for summary judgment on November 7, 2022. The instant motion for a preliminary injunction was filed on January 27, 2023. This motion requests enforcement of a Fairfax County ordinance be preliminary enjoined until the case is determined on the merits **[*4]** at trial. Trial in this matter is set for September 18, 2023.

After review of the evidence submitted, the arguments of counsel, and the applicable law, the Court is now prepared to rule. This matter arises out of an alleged unconstitutionality of a 2020 enacted Fairfax County code provision which limits possession of firearms in certain public areas. On April 22, 2020, the Virginia General Assembly amended and reenacted *Virginia Code Section 15.2-915*, which provides authority to counties, cities, and towns to enact ordinances which restrict the use of firearms in government buildings and in parks and recreational areas.

Consistent with that statute in September 2020, Fairfax County enacted Code Section 6-2-1A, which is the ordinance at issue in this case. This ordinance mirrors identically the language of the Virginia statute. The two challenged provisions of the ordinance in this case are section 6-2-1A2, which restricts firearms in county parks, otherwise referred to as the parks restriction, and section 6-2-1A4, which restricts firearms at or adjacent to certain events, or referred to by the parties of the events restriction. Fairfax County also adopted an official enforcement of policy which prohibits enforcement of the ordinance unless officers first conform, **[*5]** confirm warning signage posted at any entrances or exits at qualifying locations, and two, attempt to educate and seek voluntary compliance from violators.

On January 29, 2021, plaintiffs filed suit against the County of Fairfax and the county's acting chief of police, collectively referred to as the defendants. The complaint in this case asserts that the Fairfax County ordinance constitutes an ongoing violation of the Virginia individual Constitutional right to bear arms enshrined in the Virginia Constitution at *Article 1 Section 13*, and the right to due process at *Article 1 Section 11*.

The named plaintiffs in this case, Robert Holzhauer, Kimberly LaFave, and Glenn Talbon are three individual plaintiffs who are registered gun owners and who reside in Loudoun and Fairfax Counties. The individual plaintiffs each gave a deposition explaining how the ordinance applied to them personally, asserting a violation of their right to carry firearms publicly for self-

2023 Va. Cir. LEXIS 203, *5

defense. Plaintiff LaFave is a dog walker who carries for self-defense, as she often walks through wooded areas. Plaintiff Holzhauer lives surrounded by county-owned properties and was a regular user of Fairfax County parks for physical training and walking his dog. And **[*6]** plaintiff Talbon would bike through county parks and on county-maintained trails.

Plaintiffs argue that the Fairfax County ordinance at issue is unconstitutional, but as applied and facially. The Virginia Supreme Court has stated that _HN1_[⬆] a plaintiff can only mount a successful facial challenge to a statute by first showing that the statute in question is unconstitutional as applied to him or her, and that the statute in question would not be constitutional in any context. To this, I'm referring to the _Toghill vs. Commonwealth case, 289 Va. 220, 768 S.E.2d 674_, a 2015 Virginia Supreme Court case. Based upon the examination of those arguments and relevant case law from both parties, the Court will determine whether it's appropriate to issue a preliminary injunction to prevent enforcement by the defendants of the applicable Fairfax County ordinance.

_HN2_[⬆] In Virginia, a preliminary injunction is an extraordinary remedy that rests on the sound discretion, judicial discretion to be exercised upon consideration of the nature and circumstances of a particular case. And for this, the Court is relying on the case of Loudoun County School Board vs. Cross, a 2021 case at WL9276274, and that case is quoting the case of Commonwealth ex. rel. Bowyer vs. Sweet Briar Institute, a 2015 case at WL6364691. A preliminary injunction is meant to preserve **[*7]** the status quo between the parties during ongoing litigation. The Court may contemplate the substance and adequacy of a plaintiffs' factual allegations and also the veracity and magnitude of the asserted harm. While the Virginia Supreme Court has not set forth a specific framework for evaluating preliminary injunctive relief, Virginia courts typically follow the federal standard, and for this, the Court is relying on the case of Zachary Piper LLC vs. Popelka, 109 Va. Circuit 71, a Fairfax County case from 2021.

A plaintiff seeking a preliminary injunction must establish first he is likely to succeed on the merits. Second, he is likely to suffer irreparable harm in the absence of preliminary relief. Third, the balance of the equities tips in his favor, and fourth, the injunction is in the public interest. In evaluating these factors, the Court must balance the competing claims of injury and consider the effect on each party of granting or withholding relief. The parties in this case are in agreement as to the standard that is applicable to this Court's analysis of the propriety of a preliminary injunction. The points of disagreement arise from the application of the preliminary injunction framework to the facts of this case, given **[*8]** the current state of constitutional jurisprudence.

Of significance to this Court is that the plaintiffs combined their constitutional challenge of the ordinance at issue to the Virginia Constitution alone. This attack creates an issue of first impression in the Commonwealth of Virginia in the wake of New York State Rifle & Pistol Association, Incorporated vs. Bruen, 142 Supreme Court 2111, a 2022 case. And in consideration of the sole Virginia precedent analyzing this particular amend, or this particular article of the Virginia Constitution in _Digiacinto vs. Rector and Visitors of George Mason University, 281 Va. 127, a 2011_ Virginia Supreme Court.

Turning first to the first factor to be analyzed with regards to a preliminary injunction, a preliminary evaluation of the strength of the plaintiffs' claim, whether the ordinance violates the _Virginia Constitution, Article 1 Section 13_, requires this Court to examine the applicable standard to apply when analyzing a constitutional challenge to the right to bear arms encapsulated by the Virginia Constitution. Defendants note that the applicable constitutional analysis under Virginia law is not yet clear due to the new _Second Amendment_ framework recently set forth in Bruen.

While it is true that the Virginia Supreme Court has not yet applied the Bruen analysis, two Virginia courts **[*9]** have held that the right to bear arms under the _Virginia Constitution, Article 1 Section 13_, is coextensive with the rights guaranteed under the _Second Amendment to the U.S. Constitution_. Those cases are the case previously mentioned and then a case out of the city of, the Circuit Court of the City of Winchester, Commonwealth vs. Stickley, which is 2022 WL16950948, a 2022 case. However, with these two cases, one case is distinguishable from this case and the other is not controlling precedent.

This Court does not believe that Digiacinto held that the _Second Amendment_ in _Article 1 Section 13 of the Virginia Constitution_ are coextensive in all circumstances. In Digiacinto, which was prior to the Bruen case, the Supreme Court of Virginia held that the campus of George Mason University qualified as a sensitive place, such that GMU's prohibition of weapons on campus was un, or excuse me, was constitutional.

The Digiacinto court distinguished the GMU campus as a sensitive place, and in Digiacinto, the Virginia Supreme Court reviewed whether the *Virginia Constitution, Article 1 Section 13*, contained greater or lesser protections to the right to bear arms than that of the *Second Amendment of the United States Constitution*.

The interpretation of *Article 1 Section 13 of the Virginia Constitution* was an issue of first impression to the Digiacinto court. For purposes of the analysis of the application of both the Federal and Virginia Constitutions in that case, Digiacinto declined **[*10]** to hold that the Virginia Constitution provided a greater protection to the *Second Amendment* and instead found for purposes of the facts relevant to that case alone that the *Second Amendment* and the Virginia Constitution were coextensive. In doing so, though, this Court notes that the issue is not settled in this case because Digiacinto limited its holdings to the facts of that case. Of note, Digiacinto considered a challenge to both the *Second Amendment of the U.S. Constitution* as well as *Article 1 Section 13 of the Virginia Constitution*.

Here, the plaintiffs challenged the Fairfax County ordinance on the grounds of the Virginia Constitution alone. No other case in Virginia precedence has examined Article 1 Section 13 prior to Digiacinto. The only analysis since that case arises from a circuit court opinion out of the city of Winchester. In the case of Stickley vs. the City of Winchester, the circuit court in Winchester applied the Bruen analysis to grant a preliminary injunction enjoining enforcement of a Winchester city ordinance. In that 2022 case, the ordinance at issue in Stickley is virtually identical to that in this Fairfax case, which prohibits firearms in city parks in Winchester and in any public right of way in or adjacent to a permanent event.

The Stickley court issued its ruling granting the preliminary injunction **[*11]** in a comprehensive letter opinion. The Court found that the plain text of the Virginia Constitution covered the conduct at issue, namely, the desire of an individual to carry firearms for self-defense at public events and public parks. The Stickley court then held that the city had not met its burden under Bruen to demonstrate the restrictions were consistent with tradition.

Nothing in the dicta in Digiacinto regarding public streets or, or excuse me, noting the dicta in Digiacinto regarding public streets and parks, the Stickley court found that locations encompassed by the city ordinance

were not sensitive places within the historical context of firearm regulation. Stickley is one Virginia circuit court's interpretation of the likelihood of success under a claim analogous to the instant case. However, the decision to grant a preliminary injunction rests within the discretion of the Court hearing the evidence in the request. And although Stickley is analogous to this case, it is not dispositive.

Turning to the issue of what rule of law should be employed to analyze the first prong required for this request of a preliminary injunction, this Court believes that the Bruen analysis is required. **[*12]** *HN3*[⬆] An examination of the legislative history surrounding the enactment of Article 1 Section 13 makes clear that the Virginia General Assembly meant for the plain text of Article 1 Section 13 to incorporate the right to bear arms in the Virginia Constitution, and that said right was to cover individual conduct, and not as the defendant suggests, a mere militia right. Therefore, this Court finds that the Bruen analysis should apply.

Under Bruen's two-step analysis, *HN4*[⬆] this Court must first ask, number one, whether the individual's proposed course of conduct is covered by the plain text of the constitutional amendment, and if yes, then number two, whether the constitution presumptively protects the conduct in the government, must justify the regulation by demonstrating that it is consistent with historical tradition of firearm regulation. Bruen emphasized that there are sensitive places where arms carrying may be prohibited consistent with the *Second Amendment* in that case, and citing that courts can use analogies to those historical regulations of sensitive places to determine that modern regulations prohibiting the carry of firearms in new or analogous sensitive places are constitutional permissible.

With regard to the first prong of the Bruen analysis, **[*13]** this Court finds that the plaintiffs have established that the first prong has been met. As a result, the burden now shifts to the defendants to establish whether the ordinance in this case is consistent with the nation's, or excuse me, with Virginia's historical tradition of firearms regulation and not throughout the United States. In addressing this historical analysis, the United States Supreme Court in Bruen explained that historical sources are relevant because the Constitution's meaning is fixed according to the understandings of those who ratified it. And that's Bruen at page 2132.

But when it comes to interpreting the Constitution, not

2023 Va. Cir. LEXIS 203, *13

all history is created equal. The United States Supreme Court itself has declared that constitutional rights are enshrined with the scope they were understood, to have understood by the people who adopted them, and that's Bruen quoting the Heller case at *554 U.S. 634* and 5. Much discussion has been undertaken in Bruen as to the operable period in history to apply to the needed historical analysis with the justices debating in Bruen whether courts should use 1791, the date of the adoption of the *Second Amendment of the U.S. Constitution*, or 1868, the date of the adoption of the *Fourteen Amendment to the U.S. Constitution*, making the Bill of Rights applicable to the states as **[*14]** the appropriate historical timeline.

Whereas here, the plaintiffs challenge not the *Second* or the *Fourteenth Amendments* but the Virginia Constitution. The Virginia Constitution at issue here, Article 1 Section 13, was adopted in 1971. Plaintiffs assert that pursuant to Digiacinto, the *Second Amendment of the U.S. Constitution* and *Article 1 Section 13 of the Virginia Constitution* are coextensive, and therefore the application of the Bruen case and the historical analysis required is limited to pre-reconstruction era laws. This Court, however, is not persuaded by this logic.

With respect to this case, the operable period of history for purposes of the analysis that is required in this case should be 1971, which is when the Virginia Legislature chose to adopt the right to bear arms in Article 1 Section 13. To review historical tradition according to 1791, the date on which the *Second Amendment* was adopted, or 1868, the date on which the *Fourteenth Amendment* was adopted, apply in the *Second Amendment* to the states, would ignore the fact that the Virginia General Assembly chose to wait nearly 100 years before incorporating the right to bear arms into the Virginia Constitution. It makes no sense to suggest that the Virginia Legislature would have bound themselves to an understanding of the Virginia Constitution that they did not share when they enacted Article 1 Section 13 in 1971.

In its analysis, the Stickley court **[*15]** in Winchester analyzed the procedural history of the enactment of Article 1 Section 13. In doing so, the Court reviewed the extensive debate amongst the then-sitting legislature as to the effect of Virginia's enactment of the right to bear arms, as well as the existing Second and *Fourteenth Amendments of the U.S. Constitution*, and the impact on Virginia to continue to enact reasonable gun legislation. These debates occurred in the late 1960s, and this

timeframe is of significance to this Court given Bruen, in which the Supreme Court has placed heavy emphasis on the need for historical introspection of the existence of gun legislation. This Court's review of the applicable legislative history associative of the enactment of Article 1 Section 13 does not leave this Court to conclude that the analysis of the productions of Article 1 Section 13, nor the ability to regulate gun control in the Commonwealth of Virginia should be confined identically to the historical timeframe afforded to the *Second Amendment* or the *Fourteenth Amendment of the U.S. Constitution*.

This case challenges only the constitutional application of the Virginia Constitution. Plaintiffs would have this Court rule that Digiacinto established that even in the absence of a challenge to the *Second Amendment*, this Court must find that the Virginia and Federal Constitutions are coextensive for this analysis, **[*16]** and therefore that this Court is bound to analyze this case as it would a challenge to the *Second Amendment*, thus confining any historical analysis undertaken to the period of 1791 when the *Second Amendment* was enacted. Such a conclusion ignores the legislative history of the enactment of Article 1 Section 13 and draws a conclusion not specifically set forth in the prior Digiacinto case. In making this conclusion, this Court finds that for purposes of the facts of this case, Article 1 Section 13 and the *Second Amendment* are not coextensive when applying the historical analysis required in the wake of Bruen.

Regarding the second step in Bruen, defendants have provided a lengthy and detailed compilation of state and local laws prohibiting firearms in parks. In addition to the federal compendium and regulation dating back to the 1600s up through the 1960s at the time of the amendment of the Virginia Constitution, to provide for a right to bear arms. See specifically the appendix B of defendant's motion in opposition to this request for a preliminary injunction. In Stickley, the Court in Winchester found that the city had failed to demonstrate that its restrictions were analogous to traditional historical restrictions. However, the support cited by the government in Stickley **[*17]** was apparently limited to excerpts from the legislative debate on Article 1 Section 13, and an example that Virginia prohibited firearms in state parks from at least 1965 to 2012.

The defendants in this case have provided a much more extensive compilation. With regard to the applicable historical analysis, this Court incorporates by reference appendix B to their opposition to this motion for a

preliminary injunction, which provides a historical review of applicable laws which predate 1971 and the enactment of Article 1 Section 13. Based upon a thorough examination of the historical sources cited, ample historical basis exists for the prohibition of firearms in public parks and at public events consistent with that sought in the applicable Fairfax ordinance. The defendants have met their burden to demonstrate that the firearms restrictions in the Fairfax ordinance are consistent with historical tradition.

In the words of the Bruen court, cases implicating unprecedented societal concerns or dramatic technological changes may require a more nuanced approach. Parks in the modern sense did not come into being until the mid-19th century, as the modern concept of a public park emerged in the 19th and 20th century. There are numerous [*18] examples of legislation designed to limit the right to carry weapons in such spaces. In examination of the unique characteristics of county parks as covered through the testimony of various witnesses at the trial of this preliminary injunction reveal that Fairfax County, in Fairfax County the majority of visitors to the parks include families and children attending athletic events, educational programming, and family-oriented events. Such uses make the parks more akin to a sensitive place like a school or recreation center.

The Court in this opinion does not need to analyze or reach the issue of whether the county parks fall within the sensitive places doctrine. First, there is no Virginia Supreme Court jurisprudence commanding such a decision on the issue, but second, this Court is not reaching that analysis for purposes of a decision on the request for a preliminary injunction. But certainly, the Digiacinto court left open the argument on that issue when considering restrictions on George Mason University. In light of the historical traditions of firearms regulations in parks and at public events, this Court finds that for purposes of this specific case and the challenge mounted by [*19] the plaintiffs under the Virginia Constitution alone, the plaintiffs have not yet met the first prong of the test for a preliminary injunction regarding the Fairfax ordinance and their ability to succeed on the merits regarding a constitutional challenge to that ordinance.

Turning to the second prong of irreparable harm, Virginia courts have held that *HN5*[↑] a temporary violation of a constitutional right is enough to establish irreparable harm, and the Court relies on the case of Lynchburg Range & Training vs. Northam, which is 105

Va. Circuit 159, a 2020 case. Further, as the U.S. Supreme Court has recently noted in Bruen, the constitutional right to bear arms in public for self-defense is not a second-class right, subject to an entirely different body of rules than other guarantees, and that's Bruen at 2156. The government, on the other hand, the potential harm to the defendants if the injunction is granted is clear, at any time the government is joined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury, and that's citing to the *Maryland vs. King case, 567 U.S. 1301 in 2012, 133 S. Ct. 1, 183 L. Ed. 2d 667*.

Here, the plaintiffs waited to seek a preliminary injunction until January 2023, two years after the suit was originally filed [*20] and only eight months before the current trial date. Courts often deny preliminary injunctive relief when a party substantially delays moving for a preliminary junction because such delay reflects a lack of irreparable harm. At first glance, the filing timeline of plaintiffs' motion undermines their claim for irreparable harm, and for this, the Court relies on the Clint's case at 872 F. 2nd, page 80.

Because a preliminary injunction is promised on an urgent need to protect the rights of the plaintiff, a delay in seeking relief suggests that it's not necessary. However, the plaintiffs' delay in seeking the relief in this case was at least partially due to their strategic decision to first seek summary judgment, which was denied relatively recently in November 2022. The trial date was originally set for November of 2022 before being continued to September of this year. The Court is not persuaded that the delay in raising the preliminary injunction operates a bar as to the conclusion for irreparable harm, and on this point, the plaintiffs would carry the day.

With respect to the balance of equities under this factor, the plaintiffs must demonstrate that the harm to them before the trial [*21] on the merits without the requested relief would be greater than the harm to the county. For this, the Court relies on the King case at *567 U.S. 1303*.

**(WHEREUPON, the Court conferred with someone in the courtroom.)**

**THE COURT**: The court reporter? I think we've lost the court reporter. We don't see her on the screen. Does anybody else see her on theirs?

**MR. HALBROOK**: Yes.

**MR. KAY**: I see her on there.

**MR. HALBROOK**: She's here.

**CLERK**: She's back.

**THE COURT**: Okay, never mind.

Sorry.

**MR. KAY**: No worries.

**THE COURT**: We lost her on our end, I guess. So turning back to the public interest factor, analogous to the discussion, Virginia courts have held that *HN6*[↑] the public interest favors enjoining a constitutional violation not allowing the unconstitutional application of a statute to perpetuate, and for that the Court relies on Elhert vs. Settle, 105 Va. Circuit 544, a 2020 case. Here, the public interest factor is disputed as follows. The plaintiffs argue that because there is a constitutional right to publicly carry a firearm for self-defense, it is in the public interest to preserve this right and grant the injunction. Then defendants respond that the ordinance was designed to protect public safety and reduce the gun violence, so an injunction would not **[*22]** be against public interest. On this factor, with respect to the weighing of both the plaintiff and the defendant's claim, the Court finds that the plaintiff would carry the day as to the public interest associated with the potential constitutional right.

But after an examination of all the factors with respect to a preliminary injunction, the Court finds that the plaintiff has not met their burden to establish a right to this extraordinary remedy based upon the Court's belief that there is not a likelihood of success as to the first prong of the preliminary injunction review. And as a result, the Court, this Court is denying the request for a preliminary injunction. After filing suit in 2021, the plaintiffs delayed for two years before making this request, and in assessing the plaintiffs' likelihood of success on the merits, this is drawn into question when examining this case under the historical framework provided by the U.S. Supreme Court, given that the plaintiffs have chosen to pursue a remedy under the Virginia Constitution alone.

So that is the Court's ruling. Are there any questions as to my ruling?

**MR. KAY**: I don't have, we don't have any questions on our side. Do you want us **[*23]** to prepare an order, Judge? Or are you going to prepare one?

**THE COURT**: I would appreciate if you would prepare one, Mr. Kay, and if you could circulate it to counsel and then you can file it through chambers.

**MR. KAY**: Will do.

**MR. MAYFIELD**: Nothing from plaintiffs, Your Honor.

**THE COURT**: Thank you. And given that I have no questions from anyone, I will go ahead and adjourn for the morning, and I hope you-all enjoy the rest of your week.

**MR. MAYFIELD**: Thank you, Your Honor.

**MR. KAY**: Have a nice week.

**THE COURT**: Thank you.

**MR. HALBROOK**: Thank you.

Goodbye.

**THE COURT**: Same to you.

**(WHEREUPON, the JUDGE'S RULING was concluded at 9:27 a.m.)**

CAPTION

The foregoing matter was taken on the date, and at the time and place set out on the title page hereof.

It was requested that the matter be taken by the reporter and that the same be reduced to typewritten form.

**CERTIFICATE OF REPORTER AND SECURE ENCRYPTED SIGNATURE AND DELIVERY OF CERTIFIED TRANSCRIPT**

I, **Cheryl Renee Lane**, Notary Public, do hereby certify that the foregoing matter was reported by stenographic and/or mechanical means, that same was reduced to written form, that the transcript prepared by me under my direction, is a true and accurate record **[*24]** of same to the best of my knowledge and ability; that there is no relation nor employment by any attorney or counsel employed by the parties hereto, nor financial or otherwise interest in the action filed or its outcome.

This transcript and certificate have been digitally signed and securely delivered through our encryption server.

IN WITNESS HEREOF, I have here unto set my hand this 25TH day of MAY, 2023.

2023 Va. Cir. LEXIS 203, *24

**Cheryl Renee Lane**

Court Reporter / Notary

Notary Registration Number: 7864242

My Commission Expires: 05/31/2024

| 1 | 1600s 21:3 | 20th 22:15 | 9 |
| --- | --- | --- | --- |
| 1 7:18 7:19 | 1791 17:16 | 2111 10:25 | 9:01 5:5 |
| 11:12 11:24 | 18:16 20:13 | 2132 17:4 | 9:27 29: |
| 12:11 12:22 | 18 6:3 | 2156 24:10 | |
| 13:1 13:17 | 1868 17:18 | 22 6:10 | A |
| 13:22 15:15 | 18:17 | 220 8:21 | a.m 5:5 |
| 15:17 18:1 | 1960s 19:13 | 24 5:4 | ability |
| 18:4 18:15 | 21:3 | 27 5:24 | 19:22 2 |
| 19:2 19:5 | 1965 21:16 | 281 11:5 | absence |
| 19:19 19:21 | 1971 18:2 | 289 8:21 | 20:6 |
| 20:15 20:19 | 18:13 19:2 | 29 7:10 | accordin |
| 21:14 21:24 | 21:24 | 2nd 25:4 | 17:2 18 |
| 100 18:21 | 19th 22:15 | | acting 7 |
| 105 24:4 | | 5 | addition |
| 26:22 | 2 | 5 17:12 | 21:1 |
| 109 9:23 | 20 5:16 | 544 26:23 | addressi |
| 11 7:19 | 2011 11:5 | 554 17:11 | 16:23 |
| 127 11:5 | 2012 21:16 | 567 24:17 | adequacy |
| 13 7:18 | 24:17 | 26:1 | 9:16 |
| 11:12 11:24 | 2015 8:21 | | adjacent |
| 12:11 12:22 | 9:12 | 6 | 14:9 |
| 13:2 13:17 | 2020 6:8 | 6-2-1A 6:19 | adjourn |
| 13:23 15:15 | 6:11 6:18 | 6-2-1A2 6:23 | 28:21 |
| 15:17 18:2 | 24:5 26:23 | 6-2-1A4 6:25 | adopt 18 |
| 18:5 18:15 | 2021 5:20 | 634 17:12 | adopted |
| 19:2 19:5 | 7:10 9:9 | | 17:10 1 |
| 19:20 19:22 | 9:24 27:23 | 7 | 18:17 1 |
| 20:15 20:19 | 2022 5:22 | 7 5:22 | adoption |
| 21:14 21:25 | 10:25 12:5 | 71 9:24 | 17:17 1 |
| 1301 24:17 | 12:5 14:5 | | advisement |
| 1303 26:1 | 25:13 25:14 | 8 | 5:18 |
| 142 10:24 | 2023 5:4 | 80 25:4 | afforded |
| 15.2-915 | 5:17 5:24 | 872 25:3 | 19:24 |
| 6:12 | 6:3 24:19 | | |
| 159 24:5 | | | |

| against 7:11 | 16:10 | 11:17 17:21 | 12:23 15:18 |
| --- | --- | --- | --- |
| 27:7 | analogous | 19:18 21:19 | 16:8 18:14 |
| agreement | 15:3 15:7 | 21:23 22:4 | 18:22 19:9 |
| 10:11 | 16:13 21:10 | application | 21:5 24:7 |
| ahead 28:21 | 26:17 | 10:14 13:5 | article 7:18 |
| akin 23:1 | analysis | 18:6 20:3 | 7:19 11:3 |
| al 5:8 | 10:12 11:17 | 26:21 | 11:12 11:24 |
| allegations | 11:22 13:4 | applied 8:1 | 12:11 12:22 |
| 9:17 | 13:24 14:3 | 8:13 8:17 | 13:1 13:17 |
| alleged 6:7 | 15:13 15:22 | 11:21 14:2 | 13:22 15:15 |
| allowing | 15:23 16:16 | apply 11:13 | 15:17 18:1 |
| 26:20 | 16:24 17:15 | 15:22 17:14 | 18:4 18:14 |
| alone 10:21 | 18:17 18:12 | 18:18 | 19:2 19:5 |
| 13:10 13:21 | 19:3 19:21 | applying | 19:19 19:21 |
| 23:18 28:5 | 20:9 20:12 | 20:21 | 20:15 20:19 |
| amend 11:2 | 20:21 21:19 | appreciate | 21:14 21:24 |
| amended 6:11 | 23:9 | 28:12 | Assembly |
| amendment | analyze | approach | 6:11 15:16 |
| 11:19 12:1 | 15:10 20:10 | 22:12 | 18:20 |
| 12:10 12:24 | 23:4 | appropriate | assert 18:3 |
| 13:8 13:10 | analyzed | 8:24 17:21 | asserted |
| 13:16 16:2 | 11:8 19:4 | April 6:10 | 9:18 |
| 16:9 17:17 | analyzing | areas 6:10 | asserting |
| 17:19 18:4 | 11:2 11:14 | 6:16 8:5 | 8:1 |
| 18:17 18:18 | ANN 5:3 | argue 8:11 | asserts 7:14 |
| 18:19 19:25 | anybody 26:6 | 26:25 | assessing |
| 20:1 20:6 | anyone 28:20 | argument | 27:24 |
| 20:11 20:13 | apparently | 23:12 | associated |
| 20:20 21:4 | 21:13 | arguments | 27:11 |
| Amendments | appearing | 6:8 8:22 | Association |
| 17:25 19:10 | 5:11 | arise 10:14 | 10:24 |
| amongst 19:7 | appendix | arises 6:7 | associative |
| ample 22:1 | 21:6 21:20 | 13:24 | 19:19 |
| analogies | applicable | arms 7:17 | athletic |
| | 6:6 9:1 | 11:15 11:23 | 22:24 |
| | 10:11 11:13 | | attack 10:21 |



855.667.0077
VETERANREPORTERS.COM




LaFave, et al. vs Fairfax, et al. Judge's Ruling    May 24, 2023    VR # 013181-9

LaFave, et al. vs Fairfax, et al. Judge's Ruling    May 24, 2023    VR # 013181-9    Page 35

attempt 7:8

attending
22:24

authority
6:13

B

balance 10:4
10:7 25:20

bar 25:17

based 8:22
21:25 27:17

basis 22:2

bear 7:16
11:15 11:23
12:23 15:18
18:14 18:22
19:9 21:5
24:7

belief 27:18

believe 12:9

believes
15:12

bike 8:9

Bill 17:20

Board 9:9

body 24:9

bound 18:24
20:9

Bowyer 9:11

Briar 9:11

Bruen 10:24
11:19 11:21
12:13 14:2

14:18 15:12
15:22 16:7
16:16 16:25
17:3 17:11
17:13 17:15
18:7 19:14
20:22 20:24
22:9 24:6
24:10

Bruen's
15:23

Bugg 5:21

buildings
6:15

burden 14:18
16:18 22:5
27:16

C


campus 12:15
12:17 12:19

carries 8:4

carry 8:2
14:15 16:13
22:17 25:19
27:1 27:10

carrying
16:8

case 5:7
5:19 6:1
6:20 6:23
7:14 7:20
8:20 8:21
8:23 9:7
9:8 9:9
9:10 9:10
9:12 9:23

9:24 10:10
10:16 10:25
12:2 12:3
12:5 12:6
12:7 12:13
13:6 13:10
13:13 13:15
13:21 13:24
14:1 14:5
14:7 15:4
15:8 16:9
16:20 17:11
18:7 18:10
18:12 20:2
20:10 20:17
20:19 21:17
23:17 24:3
24:5 24:17
25:3 25:10
25:25 26:23
28:2

cases 12:2
12:6 22:10

center 23:2

century
22:14 22:15

certain 6:10
7:2

certainly
23:11

challenge
8:15 10:20
11:14 13:16
17:24 20:6
20:10 21:4
23:23

challenged

6:22 13
challeng
20:2

chambers
28:15

changes
22:11

characte
ics 22:

chief 7:
children
22:24

chose 18
18:20

chosen 2

CHRISTIE
circuit
12:3 13
14:2 15
24:4 26

circulat
28:14

circumst
s 9:7 1

cited 21
22:1

cities 6

citing 1
24:16

city 12:
12:4 13
14:1 14
14:8 14
14:24 1

CL2021-1569
5:8

claim 11:10
15:3 25:2
27:9

claims 10:8

clear 11:18
15:15 24:13

CLERK 26:11

Clint's 25:3

code 6:9
6:12 6:18

coextensive
11:25 12:12
13:11 18:6
20:8 20:20

collectively
7:12

combined
10:19

comes 17:5

commanding
23:7

Commonwealth
8:20 9:11
10:22 12:4
19:23

compendium
21:2

competing
10:8

compilation
20:25 21:18

complaint

7:13

compliance
7:9

comprehensiv
e 14:12

concept
22:14

concerns
22:10

conclude
19:20

concluded
29:5

conclusion
5:17 20:14
20:16 20:18
25:18

conduct
14:14 15:20
15:25 16:4

conferred
26:2

confined
19:23

confining
20:11

confirm 7:6

conform 7:6

consider
10:8

consideratio
n 9:6 11:1

considered
13:15

considering
23:12

consistent
6:17 14:19
16:5 16:8
16:20 22:3
22:7

constitutes
7:15

constitution
7:17 10:21
11:3 11:11
11:16 11:24
12:1 12:11
12:21 12:25
13:2 13:7
13:11 13:17
13:18 13:21
14:13 15:18
16:3 17:6
17:18 17:20
17:25 18:1
18:4 18:5
18:23 19:1
19:10 20:1
20:4 21:4
23:18 28:5

constitution
al 7:16
8:19 10:17
10:19 11:14
11:17 12:18
16:1 16:14
17:8 20:3
23:22 24:1
24:7 26:19
27:1 27:12

Constitution

s 13:6 20:8

Constitution
's 17:1

contained
12:22

contemplate
9:15

context 8:19
15:1

continue
19:11

continued
25:14

control
19:22

controlling
12:8

counsel 6:5
28:14

counties
6:13 7:24

county 5:7
5:25 6:9
6:18 6:24
7:3 7:11
7:14 8:8
8:10 8:12
9:2 9:9
9:24 13:20
22:19 22:22
22:22 23:5
25:24

county-
maintained
8:10



| | | | | | | | |
|---|---|---|---|---|---|---|---|
| county-owned<br>8:6 | 26:22 27:9<br>27:15 27:20<br>27:21 28:3<br>28:12 28:19<br>29:1 29:4 | debate 19:7<br>21:14 | demonstr<br>g 16:5 | 15:6 | else 26:6 | entrances<br>7:7 | examine<br>11:13 |
| county's<br>7:12 | | debates<br>19:12 | denied 5<br>25:12 | discussion<br>17:12 26:17 | emerged<br>22:15 | equal 17:7 | examined<br>13:22 |
| course 15:25 | courtroom<br>26:3 | debating<br>17:15 | deny 24:<br> | dispositive<br>15:8 | emphasis<br>19:15 | equities<br>10:5 25:21 | examining<br>28:1 |
| court 5:6<br>5:14 5:18<br>6:6 6:14<br>8:21 8:23<br>9:8 9:15<br>9:19 9:22<br>10:7 10:18<br>10:25 11:6<br>11:12 11:21<br>12:3 12:9<br>12:14 12:18<br>12:21 13:4<br>13:12 13:25<br>14:2 14:10<br>14:12 14:17<br>14:23 15:6<br>15:12 15:21<br>15:24 16:16<br>16:25 17:7<br>18:9 19:4<br>19:6 19:14<br>19:15 19:20<br>20:4 20:7<br>20:9 20:18<br>21:8 21:20<br>22:9 23:3<br>23:7 23:8<br>23:11 23:16<br>24:3 24:6<br>24:14 25:3<br>25:15 25:25<br>26:2 26:4<br>26:4 26:5<br>26:12 26:15 | courts 9:21<br>11:22 16:10<br>17:16 23:25<br>26:18 | decision<br>15:4 23:7<br>23:9 25:11 | denying<br>27:21 | disputed<br>26:24 | emphasized<br>16:7 | era 18:8 | example<br>21:15 |
| | court's 15:2 | declared<br>17:8 | depositi<br>7:25 | distinguisha<br>ble 12:7 | employed<br>15:10 | establish<br>10:11 16:19<br>24:2 27:16 | examples<br>22:16 |
| | Courts 24:22 | declined<br>13:6 | designed<br>22:16 2 | distinguishe<br>d 12:19 | enact 6:14<br>19:11 | established<br>16:17 20:5 | excerpts<br>21:13 |
| | Court's 5:9<br>10:12 19:17<br>27:17 28:6 | defendant<br>15:20 | desire 1<br>detailed<br>20:25 | doctrine<br>23:6 | enacted 6:8<br>6:18 19:2<br>20:13 24:14 | et 5:8 | excuse 12:17<br>14:21 16:21 |
| | cover 15:19 | defendants<br>7:13 9:1<br>16:19 20:24<br>21:17 22:5<br>24:12 27:4 | determin<br>8:24 16 | dog 8:4 8:9 | enactment<br>15:14 19:5<br>19:18 19:19<br>20:15 21:24 | evaluating<br>9:20 10:7 | exercised<br>9:6 |
| | covered<br>14:14 16:1<br>22:19 | defendant's<br>21:6 27:9 | determin<br>6:1<br>dicta 14<br>14:22 | Dontae 5:21<br>dramatic<br>22:11 | encapsulated<br>11:15 | evaluation<br>11:9 | existence<br>19:17 |
| | created 17:6 | Defendants<br>11:16 | differen<br>24:9 | drawn 28:1 | encompassed<br>14:24 | event 14:9<br>events 7:2<br>7:3 14:16<br>22:3 22:24<br>22:25 23:15 | existing<br>19:9 |
| | creates<br>10:21 | defense<br>14:16 | Digiacin<br>11:4 12<br>12:13 1<br>12:20 1<br>13:6 13<br>13:15 1<br>14:20 1<br>18:3 20<br>20:17 2 | draws 20:15<br>due 7:18<br>11:18 25:10<br>during 9:14 | enforcement<br>5:25 7:4<br>7:5 8:25<br>14:4 | everybody<br>5:10 | exists 22:2 |
| | Cross 9:9 | delay 24:24<br>25:7 25:9<br>25:16 | | | | everyone<br>5:11 | exits 7:7 |
| | current<br>10:16 24:21 | | | <br>E<br> | enjoined 6:1 | evidence 6:4<br>15:6 | explained<br>16:25 |
| | <br>D<br> | delayed<br>27:23 | | educate 7:8 | enjoining<br>14:4 26:19 | evidentiary<br>5:14 | explaining<br>7:25 |
| | date 17:16<br>17:18 18:16<br>18:17 24:21<br>25:13 | delays 24:23 | disagree<br>10:14 | educational<br>22:24 | enjoy 28:22 | ex 9:11 | extensive<br>19:6 21:18 |
| | dating 21:2 | demonstrate<br>14:18 21:9<br>22:6 25:22 | discreti<br>9:5 9:5 | effect 10:9<br>19:8<br>effectuating<br>24:14 | enshrined<br>7:17 17:9 | examination<br>8:22 15:13<br>21:25 22:18<br>27:13 | extraordinar<br>y 9:4 27:17 |
| | day 25:19<br>27:10 | | | eight 24:21<br>Elbert 26:22 | entirely<br>24:9 | | <br>F<br>facial 8:15<br>facially |




| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 8:13 | 7:11 24:20 | framework | 24:10 | 21:23 22:1 | 10:22 13:3 | instant 5:23 | 24:19 |
| fact 18:20 | filing 25:1 | 9:19 10:15 | guess 26 | 22:1 22:7 | include | 15:4 | joined 24:13 |
| factor 11:7 | 27:22 | 11:19 28:2 | gun 7:23 | 23:14 28:2 | 22:23 | instead 13:9 | Judge 28:10 |
| 25:21 26:17 | finds 15:21 | | 19:12 1 | history | incorporate | Institute | JUDGE'S 5:1 |
| 26:24 27:7 | 16:16 20:18 | G | 19:22 2 | 15:14 17:6 | 15:17 | 9:12 | 29:5 |
| factors 10:7 | 23:16 27:9 | General 6:11 | | 17:14 18:11 | Incorporated | interest | judgment |
| 27:14 | 27:15 | 15:16 18:20 | H | 19:15 19:18 | 10:24 | 10:6 26:17 | 5:22 25:12 |
| facts 10:15 | firearm 15:1 | George 11:4 | HALBROOK | 20:14 | incorporates | 26:19 26:24 | judicial 9:5 |
| 13:9 13:14 | 16:6 27:1 | 12:15 23:13 | 26:8 26 | hold 13:7 | 21:20 | 27:2 27:7 | junction |
| 20:19 | firearms | given 10:16 | 28:2 | holdings | incorporatin | 27:11 | 24:24 |
| factual 9:16 | 6:10 6:15 | 19:14 28:3 | hand 24: | 13:14 | g 18:21 | interpretati | jurisprudenc |
| failed 21:9 | 6:24 7:1 | 28:19 | harm 9:1 | Holzhauer | individual | on 13:1 | e 10:17 |
| Fairfax 5:8 | 8:2 14:7 | glance 24:25 | 10:3 23 | 7:21 8:6 | 7:16 7:22 | 15:2 | 23:7 |
| 5:25 6:8 | 14:15 16:13 | Glenn 7:21 | 24:2 24 | Honor 28:18 | 7:24 14:15 | interpreting | justices |
| 6:18 7:3 | 16:22 21:1 | GMU 12:15 | 24:25 2 | 28:24 | 15:19 | 17:5 | 17:15 |
| 7:11 7:14 | 21:15 22:2 | GMU's 12:16 | 25:18 2 | Honorable | individual's | introspectio | justify 16:4 |
| 7:24 8:7 | 22:6 23:14 | Goodbye 29:3 | 25:24 | 5:3 5:21 | 15:25 | n 19:16 | |
| 8:11 9:1 | first 7:6 | government | hear 5:1 | hope 28:21 | injunction | irreparable | K |
| 9:24 13:20 | 8:16 10:1 | 6:15 16:4 | hearing | hopefully | 5:15 5:23 | 10:3 23:25 | Kay 26:9 |
| 14:7 22:4 | 10:22 11:7 | 21:12 24:11 | 5:14 5: | 5:11 | 8:25 9:4 | 24:2 24:16 | 26:14 28:8 |
| 22:7 22:21 | 11:7 13:3 | 24:13 | 15:6 | | 9:13 10:1 | 24:25 25:2 | 28:13 28:16 |
| 22:22 23:21 | 15:10 15:24 | grant 14:3 | heavy 19 | I | 10:6 10:13 | 25:18 | 28:25 |
| fall 23:5 | 16:15 16:17 | 15:4 27:3 | held 11: | identical | 10:15 11:9 | issue 6:19 | Kimberly |
| families | 23:6 23:19 | granted | 12:10 1 | 14:6 | 14:3 14:11 | 8:12 8:24 | 7:21 |
| 22:23 | 24:25 25:11 | 24:12 | 14:17 2 | identically | 15:5 15:12 | 10:20 10:22 | King 24:17 |
| family- | 27:19 | granting | 26:18 | 6:20 19:24 | 21:8 21:22 | 13:3 13:13 | 25:25 |
| oriented | fixed 17:2 | 10:9 14:11 | Heller 1 | ignore 18:19 | 22:21 23:10 | 14:6 14:14 | |
| 22:25 | form 24:15 | greater | historic | ignores | 23:20 24:12 | 15:9 18:1 | L |
| favor 10:5 | forth 9:19 | 12:22 13:8 | 14:25 1 | 20:14 | 24:19 25:5 | 23:4 23:8 | lack 24:25 |
| favors 26:19 | 11:19 20:16 | 25:24 | 16:11 1 | I'm 8:19 | 25:17 27:3 | 23:12 | LaFave 5:7 |
| federal 9:21 | Fourteen | grounds | 16:24 1 | impact 19:11 | 27:6 27:15 | issued 14:10 | 7:21 8:3 |
| 19:5 20:8 | 17:19 | 13:20 | 17:14 1 | implicating | 27:20 27:22 | issues 5:13 | language |
| 21:2 | Fourteenth | guaranteed | 18:7 18 | 22:10 | injunctive | | 6:21 |
| file 28:14 | 17:24 18:18 | 11:25 | 19:16 1 | impression | 9:20 24:22 | J | late 19:13 |
| filed 5:24 | 19:10 19:25 | guarantees | 20:12 2 | | injury 10:8 | January 5:20 | |
| | fourth 10:5 | | 21:11 2 | | 24:16 | 5:24 7:10 | |





VETERAN REPORTERS    855.667.007    VETERANREPORTERS.CO
VETERAN REPORTERS    855.667.0077    VETERANREPORTERS.COM

law 6:6 8:23
  11:18 15:10
laws 18:8
  20:25 21:23
LEARY 5:3
least 21:16
  25:10
leave 19:20
legislation
  19:12 19:17
  22:16
legislative
  15:14 19:18
  20:14 21:14
legislature
  18:13 18:24
  19:7
lengthy
  20:24
lesser 12:22
letter 14:12
light 23:14
likelihood
  15:3 27:18
  27:25
likely 10:1
  10:2
limit 22:17
limited
  13:14 18:8
  21:13
limits 6:9
litigation
  5:19 9:15

lives 8:6
LLC 9:23
local 20:25
locations
  7:8 14:24
logic 18:9
lost 26:5
  26:15
Loudoun 7:23
  9:8
Lynchburg
  24:3

——— M ———
magnitude
  9:17
majority
  22:22
March 5:10
  5:16
Maryland
  24:17
Mason 11:5
  12:15 23:13
matter 5:13
  5:16 5:18
  6:2 6:7
may 5:4 9:15
  16:8 22:11
MAYFIELD
  28:17 28:23
meaning 17:2
meant 9:13
  15:16

mentioned
  12:2
mere 15:21
merits 6:2
  10:2 23:22
  25:23 27:25
met 14:18
  16:18 22:5
  23:19 27:16
mid-19th
  22:13
militia
  15:21
mind 26:12
mirrors 6:20
modern 16:12
  22:12 22:14
months 24:21
morning 5:9
  28:21
motion 5:21
  5:23 5:24
  21:6 21:21
  25:1
mount 8:15
mounted
  23:17
moving 24:23

——— N ———
namely 14:14
nation's
  16:21
nature 9:6

nearly 1
necessar
  25:8
nice 28:
nor 19:2
Northam
note 11:
  13:15
noted 24
notes 13
Nothing
  14:20 1
noting 1
November
  5:22 25
  25:14
nuanced
  22:12
numerous
  22:16

——— O ———
occurred
  19:13
officers
official
okay 5:1
  26:12
ongoing
  7:15 9:
open 23:
operable
  17:13 1

operates
  25:17
opinion
  13:25 14:12
  23:3
opposition
  21:7 21:21
order 28:10
ordinance
  5:25 6:19
  6:20 6:22
  7:5 7:15
  8:1 8:12
  9:2 10:20
  11:11 13:20
  14:5 14:5
  14:24 16:20
  22:4 22:7
  23:21 23:23
  27:4
ordinances
  6:14
originally
  24:20 25:13
otherwise
  6:24
owners 7:23

——— P ———
page 17:4
  25:4
park 22:14
parks 6:15
  6:24 6:25
  8:8 8:10
  14:8 14:16

14:23 21:1
  21:16 22:3
  22:12 22:19
  22:23 23:1
  23:5 23:15
partially
  25:10
particular
  9:7 11:2
  11:3
parties 7:2
  8:23 9:14
  10:10
party 10:9
  24:23
people 17:10
  24:15
period 17:13
  18:11 20:12
permanent
  14:9
permissible
  16:14
perpetuate
  26:21
personally
  8:1
persuaded
  18:9 25:16
physical 8:8
Piper 9:23
Pistol 10:24
placed 19:15
places 14:25

16:7 16:11
  16:14 23:5
plain 14:13
  15:16 16:1
plaintiff
  8:3 8:5 8:9
  8:14 9:25
  25:7 27:8
  27:10 27:15
plaintiffs
  5:15 5:21
  7:10 7:20
  7:22 7:24
  8:11 9:16
  10:19 11:10
  13:19 16:17
  17:23 18:2
  20:4 23:17
  23:19 24:18
  25:1 25:9
  25:19 25:21
  26:25 27:23
  27:25 28:3
  28:18
please 5:12
point 25:19
points 10:13
police 7:12
policy 7:4
Popelka 9:23
possession
  6:9
posted 7:7
potential
  24:11 27:11
precedence

13:22
precedent
  11:1 12:8
predate
  21:24
preliminary
  5:15 5:23
  6:1 8:25
  9:3 9:13
  9:20 9:25
  10:4 10:13
  10:15 11:8
  11:9 14:3
  14:11 15:5
  15:11 21:7
  21:22 22:21
  23:10 23:20
  24:19 24:22
  24:24 25:5
  25:17 27:14
  27:19 27:22
prepare
  28:10 28:11
  28:13
prepared 6:6
pre-
  reconstruct
  ion 18:8
preserve
  9:13 27:3
presumptivel
  y 16:3
prevent 8:25
previously
  12:2
prior 5:10




VETERAN REPORTERS   855.667.007'   VETERANREPORTERS.CO

VETERAN REPORTERS   855.667.0077   VETERANREPORTERS.COM

LaFave, et al. vs Fairfax, et al. Judge's Ruling    May 24, 2023    VR # 013181-9    Page 42

12:13 13:23
20:17
procedural
19:4
process 7:19
productions
19:21
programming
22:25
prohibited
16:8 21:15
prohibiting
16:12 21:1
prohibition
12:16 22:2
prohibits
7:5 14:7
promised
25:6
prong 15:11
16:15 16:17
23:19 23:24
27:19
properties
8:7
proposed
15:25
propriety
10:12
protect 25:6
27:5
protection
13:8
protections

12:23
protects
16:3
provide 21:5
provided
13:7 20:24
21:18 26:2
provides
6:13 21:22
provision
6:9
provisions
6:22
public 6:10
10:6 14:8
14:16 14:16
14:21 14:22
22:3 22:3
22:14 23:15
24:7 26:16
26:18 26:23
27:2 27:5
27:7 27:10
publicly 8:3
27:1
purposes
13:4 13:9
18:11 20:18
23:9 23:16
pursuant
18:3
pursue 28:4

Q

qualified
12:15

qualifying
7:7
question
8:17 8:18
28:1
questions
28:7 28:9
28:20
quo 9:14
quoting 9:10
17:11

R

raising
25:16
Range 24:3
ratified
17:3
reach 23:4
reaching
23:8
reasonable
19:12
recently
5:20 11:19
24:6 25:12
record 5:7
recreation
23:2
recreational
6:16
Rector 11:4
reduce 27:5
reenacted

6:12
referenc
21:20
referred
6:24 7:
7:13
referrin
8:20
reflects
24:24
regard 1
21:19
regardin
14:21 1
20:23 2
23:22
regards
11:8
register
7:23
regular
regulate
19:22
regulati
15:11 16
16:16 16
21:2
regulati
16:11 1
23:15
rel 9:11
relative
25:12
relevant
8:23 13

17:1
relief 9:20
10:4 10:10
24:22 25:8
25:10 25:23
relies 24:3
25:3 25:25
26:22
relying 9:8
9:22
remedy 9:4
27:17 28:4
reporter
26:4 26:5
representati
ves 24:15
request 5:15
15:7 15:11
21:7 23:10
27:21 27:24
requested
25:23
requests
5:24
require
22:11
required
15:11 15:13
18:7 18:12
20:21
requires
11:12
reside 7:23
respect
18:10 25:20

27:8 27:14
respond 27:4
rest 28:22
restrict
6:14
restriction
6:25 7:3
restrictions
14:19 21:10
21:11 22:6
23:13
restricts
6:23 7:1
rests 9:4
15:5
result 16:18
27:20
reveal 22:21
review 6:4
18:15 19:18
21:23 27:20
reviewed
12:21 19:6
Rifle 10:23
rights 11:25
17:8 17:20
25:7
Robert 7:21
rule 6:7
15:9 20:5
rules 24:9
ruling 5:1
5:9 14:11
28:6 28:7

29:5

S

safety 27:5
school 9:9
23:2
scope 17:9
screen 26:6
second 10:2
11:18 12:1
12:10 12:24
13:8 13:10
13:16 16:9
17:17 17:24
18:3 18:16
18:19 19:9
19:25 20:6
20:11 20:13
20:20 20:23
23:8 23:24
second-class
24:8
section 6:12
6:19 6:23
6:25 7:18
7:19 11:12
11:24 12:11
12:22 13:2
13:17 13:23
15:15 15:17
18:2 18:5
18:15 19:2
19:5 19:19
19:21 20:15
20:19 21:14
21:25
seek 7:8

24:19 25:11
seeking 9:25
25:7 25:9
self 14:15
self-defense
8:3 8:4
24:8 27:2
sense 18:23
22:12
sensitive
12:16 12:19
14:25 16:7
16:11 16:13
23:1 23:5
September
6:3 6:18
25:15
Settle 26:22
settled
13:13
share 19:1
She's 26:10
26:11
shifts 16:18
showing 8:16
signage 7:6
significance
10:18 19:14
societal
22:10
sole 11:1
someone 26:2
Sorry 26:13



VETERAN
REPORTERS

855.667.007
VETERANREPORTERS.CO



VETERAN
REPORTERS

855.667.0077
VETERANREPORTERS.COM

2023 Va. Cir. LEXIS 203, *24

sought 22:4

sound 9:5

sources 17:1
22:1

spaces 22:17

specific
9:19 23:16

specifically
20:16 21:6

standard
9:22 10:11
11:13

state 10:16
10:23 20:25
21:16

stated 8:14

states 12:24
16:23 16:24
17:7 17:21
18:19

status 9:14

statute 6:17
6:21 8:16
8:16 8:18
26:21

statutes
24:14

step 20:23

Stickley
12:5 14:1
14:6 14:10
14:17 14:23
15:1 15:7
19:3 21:8
21:12

strategic
25:11

streets
14:21 14:22

strength
11:10

subject 24:8

submitted
6:5

substance
9:16

substantially
24:23

succeed 10:2
23:22

success 15:3
27:18 27:25

successful
8:15

suffer 10:3

suffers
24:15

suggest
18:23

suggests
15:20 25:8

suit 7:11
24:20 27:22

summary 5:22
25:11

support
21:12

Supreme 8:14
8:21 9:18

10:25 11:6
11:21 12:14
12:20 16:25
17:7 19:15
23:6 24:5
28:3

surrounded
8:6

surrounding
15:14

Sweet 9:11

T

Talbon 7:22
8:9

technologica
l 22:11

technology
5:13

temporary
24:1

test 23:20

testimony
22:19

text 14:13
15:17 16:1
28:23 29:1
29:2

theirs 26:7

themselves
18:25

then-sitting
19:7

therefore

15:21 1
20:9

Third 10

thorough
21:25

througho
16:23

thus 20:

timefram
19:13 1

timeline
17:22 2
28:3

tips 10:

Toghill

towns 6:

traditio
14:19 1
16:22 1
22:8

traditio
21:11

traditio
23:14

trails 8

training
24:4

trial 5:
5:16 6:
6:2 22:
24:21 2
25:23

true 11:

turning
15:9 23

26:16

two-step
15:23

typically
9:21

U

U.S 12:1
13:17 17:12
17:17 17:19
18:4 19:10
20:1 24:5
24:17 26:1
28:3

un 12:17

unconstituti
onal 8:12
8:17 26:20

unconstituti
onality 6:8

undermines
25:1

understandin
g 18:25

understandin
gs 17:2

understood
17:9 17:10

undertaken
17:13 20:12

unique 22:18

United 12:24
16:23 16:24
17:7

University

11:5 12:15
23:13

unless 7:5

unprecedente
d 22:10

upon 8:22
9:6 21:25
27:17

urgent 25:6

user 8:7

V

Va 8:21 9:24
11:5 24:4
26:23

various
22:20

veracity
9:17

via 5:11

violates
11:11

violation
7:15 8:2
24:1 26:20

violators
7:9

violence
27:6

Virginia
6:11 6:12
6:21 7:16
7:17 8:13
8:21 9:3
9:18 9:21

10:21 10:23
11:1 11:3
11:5 11:11
11:15 11:17
11:20 11:22
11:23 12:11
12:14 12:20
12:21 13:2
13:5 13:7
13:11 13:18
13:21 13:22
14:13 15:2
15:16 15:18
17:25 18:1
18:5 18:13
18:20 18:22
18:24 18:25
19:11 19:23
20:3 20:7
21:4 21:15
23:6 23:18
23:25 26:18
28:4

Virginia's
16:21 19:8

virtually
14:6

visitors
11:4 22:23

voluntary
7:9

vs 5:7 8:20
9:9 9:11
9:23 10:24
11:4 12:4
14:1 24:4
24:17 26:22

W

wait 18:21

waited 24:18

wake 10:23
20:22

walker 8:4

walking 8:8

walks 8:5

warning 7:6

weapons
12:17 22:17

Webex 5:11

WEDNESDAY
5:4

week 28:22
28:25

weighing
27:8

we've 26:5

Whereas
17:23

WHEREUPON
26:2 29:5

whether 8:2
11:10 12:21
15:24 16:2
16:19 17:16
23:4

Winchester
12:4 13:25
14:1 14:2
14:4 14:8
19:4 21:8


VETERAN
REPORTERS

855.667.007
VETERANREPORTERS.CO


VETERAN
REPORTERS

855.667.0077
VETERANREPORTERS.COM

withholding
10:9
witnesses
22:20
WL16950948
12:5
WL6364691
9:12
WL9276274
9:10
wooded 8:5
worries
26:14

Y
yet 11:18
11:21 23:19
York 10:23
you-all
28:22

Z
Zachary 9:23



VETERAN
REPORTERS          855.667.0077
                   VETERANREPORTERS.COM

**VIRGINIA:**

### IN THE FAIRFAX COUNTY CIRCUIT COURT

KIMBERLY LAFAVE, et al.                          )
        *Plaintiffs*,                                )
                              )
v.                                               )      Case No. CL2021-01569
                              )
                              )
THE COUNTY OF FAIRFAX, VIRGINIA, et al.          )
        *Defendants*.                              )
                              )

### <u>ORDER</u>

THIS MATTER came before the Court for a hearing on Plaintiffs' Motion for a Preliminary Injunction on March 20, 2023.  After hearing evidence and argument from the parties, the Court took the matter under advisement.  On May 24, 2023, upon consideration of the previously submitted pleadings, evidence and argument of counsel, and for the reasons stated from the bench (a transcript of which is attached hereto and incorporated into this Order by this reference), it is hereby

**ADJUDGED, ORDERED AND DECREED** that the Plaintiffs' Motion for Preliminary Injunction is DENIED.

IT IS SO ORDERED.

ENTERED this _23_ day of ___June___, 2023.

Fairfax County Circuit Court Judge

SEEN AND OBJECTED TO FOR THE REASONS STATED IN PLAINTIFFS'
MEMORANDA AND ON THE RECORD:


Christopher M. Day VSB # 37470
Earl N. "Trey" Mayfield, III VSB # 41691
Juris Day, PLLC
10521 Judicial Drive, Suite 200
Fairfax, Virginia 22030
Tel. (703) 268-5600
cmday@jurisday.com
*Co-Counsel for Plaintiffs*

and

Stephen P. Halbrook VSB # 18075
Stephen P. Halbrook, Ph.D.
3925 Chain Bridge Road, Suite 403
Fairfax, Virginia 22030
Voice: (703) 352-7276
protell@aol.com
*Co-Counsel for Plaintiffs*


SEEN AND OBJECTED TO THE FINDING OF PLAINTIFFS' IRREPARABLE HARM, THE
BALANCE OF THE EQUITIES FAVORS PLAINTIFFS, AND THAT THE PUBLIC
INTEREST WOULD BE SERVED BY GRANTING A PRELIMINARY INJUNCTION, AND
FOR THE REASONS STATED IN DEFENDANTS' MEMORANDUM AND ON THE
RECORD:

Douglas R. Kay (VSB No. 35468)
Thomas W. Repczynski (VSB No. 39967)
Anders T. Sleight (VSB No. 84458)
OFFIT KURMAN, P.C.
8000 Towers Crescent Drive, Suite 1400
Tysons Corner, Virginia 22182
Telephone:  (703) 745-1800
Facsimile:  (703) 745-1835
dkay@offitkurman.com
trepczynski@offitkurman.com
anders.sleight@offitkurman.com
          *Co-Counsel for Defendants*

and

Corinne N. Lockett (VSB No. 34824)
John W. Burton (VSB No. 42223)
Office of the County Attorney
12000 Government Center Parkway, Suite 549
Fairfax, Virginia 22035
Telephone: (703) 324-2421
Facsimile: (703) 324-2665
Corinne.Lockett@fairfaxcounty.gov
John.Burton@fairfaxcounty.gov
        *Co-Counsel for Defendants*

and

William J. Taylor, Jr. (admitted *pro hac vice*)
EVERYTOWN LAW
450 Lexington Avenue #4184
New York, New York 10017
Telephone: (646) 324-8215
wtaylor@everytown.org
        *Co-Counsel for Defendants*

4862-8189-1431, v. 1



VIRGINIA:

            IN THE CIRCUIT COURT
            FOR COUNTY OF FAIRFAX

KIMBERLY LAFAVE, ET AL,

        PLAINTIFF,

VS.                    CASE NO. CL2021-1569

COUNTY OF FAIRFAX, ET AL,

        DEFENDANT.

_____


                    JUDGE'S RULING FROM THE
                        TRIAL BEFORE
          THE HONORABLE CHRISTIE ANN LEARY

                WEDNESDAY, MAY 24, 2023
                      9:01 A.M.

             FAIRFAX COUNTY COURTHOUSE
              4110 CHAIN BRIDGE ROAD
             FAIRFAX, VIRGINIA 22030

LaFave, et al. vs Fairfax, et al. Judge's Ruling   May 24, 2023   VR# 013181-9   Page 2

```
 1                    APPEARANCES
 2   ON BEHALF OF THE PLAINTIFF,
 3   KIMBERLY LAFAVE, ET AL:
 4   EARL N. MAYFIELD, ESQUIRE
 5   JURIS DAY PLLC
 6   10521 JUDICIAL DRIVE
 7   SUITE 200
 8   FAIRFAX, VIRGINIA 22030
 9   TELEPHONE: 703.268.5600
10   FACSIMILE: 703.268.5602
11   E-MAIL: TMAYFIELD@JURISDAY.COM
12
13   ON BEHALF OF THE DEFENDANT,
14   COUNTY OF FAIRFAX, ET AL:
15   DOUGLAS R. KAY, ESQUIRE
16   OFFIT KURMAN
17   8000 TOWERS CRESCENT DRIVE
18   SUITE 1400
19   TYSONS CORNER, VIRGINIA 22182
20   TELEPHONE: 703.745.1800
21   FACSIMILE: 703.745.1835
22   E-MAIL: DKAY@OFFITKURMAN.COM
23
24
25
```

 

<pre>
 1                    APPEARANCES

 2  ON BEHALF OF THE DEFENDANT,

 3  COUNTY OF FAIRFAX, ET AL:

 4  THOMAS W. REPCZYNSKI, ESQUIRE

 5  OFFIT KURMAN

 6  8000 TOWERS CRESCENT DRIVE

 7  SUITE 1400

 8  TYSONS CORNER, VIRGINIA 22182

 9  TELEPHONE: 703.745.1800

10  FACSIMILE: 703.745.1835

11  E-MAIL: TREPCZYNSKI@OFFITKURMAN.COM

12

13  ON BEHALF OF THE DEFENDANT,

14  COUNTY OF FAIRFAX, ET AL:

15  ANDERS T. SLEIGHT, ESQUIRE

16  OFFIT KURMAN

17  8000 TOWERS CRESCENT DRIVE

18  SUITE 1400

19  TYSONS CORNER, VIRGINIA 22182

20  TELEPHONE: 703.745.1800

21  FACSIMILE: 703.745.1835

22  E-MAIL: ANDERS.SLEIGHT@OFFITKURMAN.COM

23

24

25
</pre>




855.667.0077
VETERANREPORTERS.COM

1                    **APPEARANCES**

2     **OTHERS PRESENT:**

3     STEPHEN HALBROOK

4     WILLIAM TAYLOR

5     JEANNINE MILLER, PARALEGAL

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25





```
 1              JUDGE'S RULING FROM THE

 2                   TRIAL BEFORE

 3        THE HONORABLE CHRISTIE ANN LEARY

 4             WEDNESDAY, MAY 24, 2023

 5                    9:01 A.M.

 6              THE COURT:  We are back on the

 7   record in the case of LaFave vs. County of

 8   Fairfax et al, CL2021-1569.  We are here this

 9   morning with regards to the Court's ruling from a

10   prior hearing back in March, and I have everybody

11   appearing via Webex.  And hopefully everyone can

12   hear me okay, but please let me know if we have

13   any technology issues.  So this matter came

14   before the Court from an evidentiary hearing on

15   plaintiffs' request for a preliminary injunction.

16   Trial took place in this matter on March 20,

17   2023, and at the conclusion of the hearing, the

18   Court took the matter under advisement.

19   Litigation has been ongoing in this case since it

20   began in January of 2021.  Most recently, the

21   Honorable Dontae Bugg denied plaintiffs' motion

22   for summary judgment on November 7, 2022.  The

23   instant motion for a preliminary injunction was

24   filed on January 27, 2023.  This motion requests

25   enforcement of a Fairfax County ordinance be
```





855.667.0077
VETERANREPORTERS.COM

1  preliminary enjoined until the case is determined

2  on the merits at trial.  Trial in this matter is

3  set for September 18, 2023.

4                    After review of the evidence

5  submitted, the arguments of counsel, and the

6  applicable law, the Court is now prepared to

7  rule.  This matter arises out of an alleged

8  unconstitutionality of a 2020 enacted Fairfax

9  County code provision which limits possession of

10  firearms in certain public areas.  On April 22,

11  2020, the Virginia General Assembly amended and

12  reenacted Virginia Code Section 15.2-915, which

13  provides authority to counties, cities, and towns

14  to enact ordinances which restrict the use of

15  firearms in government buildings and in parks and

16  recreational areas.

17                    Consistent with that statute in

18  September 2020, Fairfax County enacted Code

19  Section 6-2-1A, which is the ordinance at issue

20  in this case.  This ordinance mirrors identically

21  the language of the Virginia statute.  The two

22  challenged provisions of the ordinance in this

23  case are section 6-2-1A2, which restricts

24  firearms in county parks, otherwise referred to

25  as the parks restriction, and section 6-2-1A4,





855.667.0077
VETERANREPORTERS.COM

1   which restricts firearms at or adjacent to

2   certain events, or referred to by the parties of

3   the events restriction.  Fairfax County also

4   adopted an official enforcement of policy which

5   prohibits enforcement of the ordinance unless

6   officers first conform, confirm warning signage

7   posted at any entrances or exits at qualifying

8   locations, and two, attempt to educate and seek

9   voluntary compliance from violators.

10                On January 29, 2021, plaintiffs

11   filed suit against the County of Fairfax and the

12   county's acting chief of police, collectively

13   referred to as the defendants.  The complaint in

14   this case asserts that the Fairfax County

15   ordinance constitutes an ongoing violation of the

16   Virginia individual Constitutional right to bear

17   arms enshrined in the Virginia Constitution at

18   Article 1 Section 13, and the right to due

19   process at Article 1 Section 11.

20                The named plaintiffs in this case,

21   Robert Holzhauer, Kimberly LaFave, and Glenn

22   Talbon are three individual plaintiffs who are

23   registered gun owners and who reside in Loudoun

24   and Fairfax Counties.  The individual plaintiffs

25   each gave a deposition explaining how the




1   ordinance applied to them personally, asserting a

2   violation of their right to carry firearms

3   publicly for self-defense.  Plaintiff LaFave is a

4   dog walker who carries for self-defense, as she

5   often walks through wooded areas.  Plaintiff

6   Holzhauer lives surrounded by county-owned

7   properties and was a regular user of Fairfax

8   County parks for physical training and walking

9   his dog.  And plaintiff Talbon would bike through

10  county parks and on county-maintained trails.

11              Plaintiffs argue that the Fairfax

12  County ordinance at issue is unconstitutional,

13  but as applied and facially.  The Virginia

14  Supreme Court has stated that a plaintiff can

15  only mount a successful facial challenge to a

16  statute by first showing that the statute in

17  question is unconstitutional as applied to him or

18  her, and that the statute in question would not

19  be constitutional in any context.  To this, I'm

20  referring to the Toghill vs. Commonwealth case,

21  289 Va. 220, a 2015 Virginia Supreme Court case.

22  Based upon the examination of those arguments and

23  relevant case law from both parties, the Court

24  will determine whether it's appropriate to issue

25  a preliminary injunction to prevent enforcement





855.667.0077
VETERANREPORTERS.COM

1  by the defendants of the applicable Fairfax

2  County ordinance.

3            In Virginia, a preliminary

4  injunction is an extraordinary remedy that rests

5  on the sound discretion, judicial discretion to

6  be exercised upon consideration of the nature and

7  circumstances of a particular case.  And for

8  this, the Court is relying on the case of Loudoun

9  County School Board vs. Cross, a 2021 case at

10  WL9276274, and that case is quoting the case of

11  Commonwealth ex. rel. Bowyer vs. Sweet Briar

12  Institute, a 2015 case at WL6364691.  A

13  preliminary injunction is meant to preserve the

14  status quo between the parties during ongoing

15  litigation.  The Court may contemplate the

16  substance and adequacy of a plaintiffs' factual

17  allegations and also the veracity and magnitude

18  of the asserted harm.  While the Virginia Supreme

19  Court has not set forth a specific framework for

20  evaluating preliminary injunctive relief,

21  Virginia courts typically follow the federal

22  standard, and for this, the Court is relying on

23  the case of Zachary Piper LLC vs. Popelka, 109

24  Va. Circuit 71, a Fairfax County case from 2021.

25            A plaintiff seeking a preliminary





```
 1   injunction must establish first he is likely to
 2   succeed on the merits.  Second, he is likely to
 3   suffer irreparable harm in the absence of
 4   preliminary relief.  Third, the balance of the
 5   equities tips in his favor, and fourth, the
 6   injunction is in the public interest.  In
 7   evaluating these factors, the Court must balance
 8   the competing claims of injury and consider the
 9   effect on each party of granting or withholding
10   relief.  The parties in this case are in
11   agreement as to the standard that is applicable
12   to this Court's analysis of the propriety of a
13   preliminary injunction.  The points of
14   disagreement arise from the application of the
15   preliminary injunction framework to the facts of
16   this case, given the current state of
17   constitutional jurisprudence.
18               Of significance to this Court is
19   that the plaintiffs combined their constitutional
20   challenge of the ordinance at issue to the
21   Virginia Constitution alone.  This attack creates
22   an issue of first impression in the Commonwealth
23   of Virginia in the wake of New York State Rifle &
24   Pistol Association, Incorporated vs. Bruen, 142
25   Supreme Court 2111, a 2022 case.  And in
```




```
 1  consideration of the sole Virginia precedent
 2  analyzing this particular amend, or this
 3  particular article of the Virginia Constitution
 4  in Digiacinto vs. Rector and Visitors of George
 5  Mason University, 281 Va. 127, a 2011 Virginia
 6  Supreme Court.
 7              Turning first to the first factor
 8  to be analyzed with regards to a preliminary
 9  injunction, a preliminary evaluation of the
10  strength of the plaintiffs' claim, whether the
11  ordinance violates the Virginia Constitution,
12  Article 1 Section 13, requires this Court to
13  examine the applicable standard to apply when
14  analyzing a constitutional challenge to the right
15  to bear arms encapsulated by the Virginia
16  Constitution.  Defendants note that the
17  applicable constitutional analysis under Virginia
18  law is not yet clear due to the new Second
19  Amendment framework recently set forth in Bruen.
20              While it is true that the Virginia
21  Supreme Court has not yet applied the Bruen
22  analysis, two Virginia courts have held that the
23  right to bear arms under the Virginia
24  Constitution, Article 1 Section 13, is
25  coextensive with the rights guaranteed under the
```





855.667.0077
VETERANREPORTERS.COM

1  Second Amendment to the U.S. Constitution.  Those

2  cases are the case previously mentioned and then

3  a case out of the city of, the Circuit Court of

4  the City of Winchester, Commonwealth vs.

5  Stickley, which is 2022 WL16950948, a 2022 case.

6  However, with these two cases, one case is

7  distinguishable from this case and the other is

8  not controlling precedent.

9            This Court does not believe that

10 Digiacinto held that the Second Amendment in

11 Article 1 Section 13 of the Virginia Constitution

12 are coextensive in all circumstances.  In

13 Digiacinto, which was prior to the Bruen case,

14 the Supreme Court of Virginia held that the

15 campus of George Mason University qualified as a

16 sensitive place, such that GMU's prohibition of

17 weapons on campus was un, or excuse me, was

18 constitutional.  The Digiacinto court

19 distinguished the GMU campus as a sensitive

20 place, and in Digiacinto, the Virginia Supreme

21 Court reviewed whether the Virginia Constitution,

22 Article 1 Section 13, contained greater or lesser

23 protections to the right to bear arms than that

24 of the Second Amendment of the United States

25 Constitution.




1                    The interpretation of Article 1

2    Section 13 of the Virginia Constitution was an

3    issue of first impression to the Digiacinto

4    court.  For purposes of the analysis of the

5    application of both the Federal and Virginia

6    Constitutions in that case, Digiacinto declined

7    to hold that the Virginia Constitution provided a

8    greater protection to the Second Amendment and

9    instead found for purposes of the facts relevant

10   to that case alone that the Second Amendment and

11   the Virginia Constitution were coextensive.

12   In doing so, though, this Court notes that the

13   issue is not settled in this case because

14   Digiacinto limited its holdings to the facts of

15   that case.  Of note, Digiacinto considered a

16   challenge to both the Second Amendment of the

17   U.S. Constitution as well as Article 1 Section 13

18   of the Virginia Constitution.

19                    Here, the plaintiffs challenged

20   the Fairfax County ordinance on the grounds of

21   the Virginia Constitution alone.  No other case

22   in Virginia precedence has examined Article 1

23   Section 13 prior to Digiacinto.  The only

24   analysis since that case arises from a circuit

25   court opinion out of the city of Winchester.  In





855.667.0077
VETERANREPORTERS.COM

 1  the case of Stickley vs. the City of Winchester,

 2  the circuit court in Winchester applied the Bruen

 3  analysis to grant a preliminary injunction

 4  enjoining enforcement of a Winchester city

 5  ordinance.  In that 2022 case, the ordinance at

 6  issue in Stickley is virtually identical to that

 7  in this Fairfax case, which prohibits firearms in

 8  city parks in Winchester and in any public right

 9  of way in or adjacent to a permanent event.

10            The Stickley court issued its

11  ruling granting the preliminary injunction in a

12  comprehensive letter opinion.  The Court found

13  that the plain text of the Virginia Constitution

14  covered the conduct at issue, namely, the desire

15  of an individual to carry firearms for self-

16  defense at public events and public parks.  The

17  Stickley court then held that the city had not

18  met its burden under Bruen to demonstrate the

19  restrictions were consistent with tradition.

20            Nothing in the dicta in Digiacinto

21  regarding public streets or, or excuse me, noting

22  the dicta in Digiacinto regarding public streets

23  and parks, the Stickley court found that

24  locations encompassed by the city ordinance were

25  not sensitive places within the historical





```
 1    context of firearm regulation.  Stickley is one
 2    Virginia circuit court's interpretation of the
 3    likelihood of success under a claim analogous to
 4    the instant case.  However, the decision to grant
 5    a preliminary injunction rests within the
 6    discretion of the Court hearing the evidence in
 7    the request.  And although Stickley is analogous
 8    to this case, it is not dispositive.
 9               Turning to the issue of what rule
10    of law should be employed to analyze the first
11    prong required for this request of a preliminary
12    injunction, this Court believes that the Bruen
13    analysis is required.  An examination of the
14    legislative history surrounding the enactment of
15    Article 1 Section 13 makes clear that the
16    Virginia General Assembly meant for the plain
17    text of Article 1 Section 13 to incorporate the
18    right to bear arms in the Virginia Constitution,
19    and that said right was to cover individual
20    conduct, and not as the defendant suggests, a
21    mere militia right.  Therefore, this Court finds
22    that the Bruen analysis should apply.
23               Under Bruen's two-step analysis,
24    this Court must first ask, number one, whether
25    the individual's proposed course of conduct is
```





1   covered by the plain text of the constitutional

2   amendment, and if yes, then number two, whether

3   the constitution presumptively protects the

4   conduct in the government, must justify the

5   regulation by demonstrating that it is consistent

6   with historical tradition of firearm regulation.

7   Bruen emphasized that there are sensitive places

8   where arms carrying may be prohibited consistent

9   with the Second Amendment in that case, and

10  citing that courts can use analogies to those

11  historical regulations of sensitive places to

12  determine that modern regulations prohibiting the

13  carry of firearms in new or analogous sensitive

14  places are constitutional permissible.

15              With regard to the first prong of

16  the Bruen analysis, this Court finds that the

17  plaintiffs have established that the first prong

18  has been met.  As a result, the burden now shifts

19  to the defendants to establish whether the

20  ordinance in this case is consistent with the

21  nation's, or excuse me, with Virginia's

22  historical tradition of firearms regulation and

23  not throughout the United States.  In addressing

24  this historical analysis, the United States

25  Supreme Court in Bruen explained that historical





```
 1   sources are relevant because the Constitution's
 2   meaning is fixed according to the understandings
 3   of those who ratified it.  And that's Bruen at
 4   page 2132.
 5              But when it comes to interpreting
 6   the Constitution, not all history is created
 7   equal.  The United States Supreme Court itself
 8   has declared that constitutional rights are
 9   enshrined with the scope they were understood, to
10   have understood by the people who adopted them,
11   and that's Bruen quoting the Heller case at 554
12   U.S. 634 and 5.  Much discussion has been
13   undertaken in Bruen as to the operable period in
14   history to apply to the needed historical
15   analysis with the justices debating in Bruen
16   whether courts should use 1791, the date of the
17   adoption of the Second Amendment of the U.S.
18   Constitution, or 1868, the date of the adoption
19   of the Fourteen Amendment to the U.S.
20   Constitution, making the Bill of Rights
21   applicable to the states as the appropriate
22   historical timeline.
23              Whereas here, the plaintiffs
24   challenge not the Second or the Fourteenth
25   Amendments but the Virginia Constitution.  The
```





855.667.0077
VETERANREPORTERS.COM

Case 1:23-cv-01605-WBP   Document 19-14   Filed 01/05/24   Page 39 of 67 PageID# 409

LaFave, et al. vs Fairfax, et al. Judge's Ruling   May 24, 2023   VR#0131819                                    Page 18

```
 1  Virginia Constitution at issue here, Article 1
 2  Section 13, was adopted in 1971.  Plaintiffs
 3  assert that pursuant to Digiacinto, the Second
 4  Amendment of the U.S. Constitution and Article 1
 5  Section 13 of the Virginia Constitution are
 6  coextensive, and therefore the application of the
 7  Bruen case and the historical analysis required
 8  is limited to pre-reconstruction era laws.  This
 9  Court, however, is not persuaded by this logic.
10               With respect to this case, the
11  operable period of history for purposes of the
12  analysis that is required in this case should be
13  1971, which is when the Virginia Legislature
14  chose to adopt the right to bear arms in Article
15  1 Section 13.  To review historical tradition
16  according to 1791, the date on which the Second
17  Amendment was adopted, or 1868, the date on which
18  the Fourteenth Amendment was adopted, apply in
19  the Second Amendment to the states, would ignore
20  the fact that the Virginia General Assembly chose
21  to wait nearly 100 years before incorporating the
22  right to bear arms into the Virginia
23  Constitution.  It makes no sense to suggest that
24  the Virginia Legislature would have bound
25  themselves to an understanding of the Virginia
```





**855.667.0077**
VETERANREPORTERS.COM

 1  Constitution that they did not share when they

 2  enacted Article 1 Section 13 in 1971.

 3             In its analysis, the Stickley

 4  court in Winchester analyzed the procedural

 5  history of the enactment of Article 1 Section 13.

 6  In doing so, the Court reviewed the extensive

 7  debate amongst the then-sitting legislature as to

 8  the effect of Virginia's enactment of the right

 9  to bear arms, as well as the existing Second and

10  Fourteenth Amendments of the U.S. Constitution,

11  and the impact on Virginia to continue to enact

12  reasonable gun legislation.  These debates

13  occurred in the late 1960s, and this timeframe is

14  of significance to this Court given Bruen, in

15  which the Supreme Court has placed heavy emphasis

16  on the need for historical introspection of the

17  existence of gun legislation.  This Court's

18  review of the applicable legislative history

19  associative of the enactment of Article 1 Section

20  13 does not leave this Court to conclude that the

21  analysis of the productions of Article 1 Section

22  13, nor the ability to regulate gun control in

23  the Commonwealth of Virginia should be confined

24  identically to the historical timeframe afforded

25  to the Second Amendment or the Fourteenth




 1  Amendment of the U.S. Constitution.

 2             This case challenges only the

 3  constitutional application of the Virginia

 4  Constitution.  Plaintiffs would have this Court

 5  rule that Digiacinto established that even in the

 6  absence of a challenge to the Second Amendment,

 7  this Court must find that the Virginia and

 8  Federal Constitutions are coextensive for this

 9  analysis, and therefore that this Court is bound

10  to analyze this case as it would a challenge to

11  the Second Amendment, thus confining any

12  historical analysis undertaken to the period of

13  1791 when the Second Amendment was enacted.  Such

14  a conclusion ignores the legislative history of

15  the enactment of Article 1 Section 13 and draws a

16  conclusion not specifically set forth in the

17  prior Digiacinto case.  In making this

18  conclusion, this Court finds that for purposes of

19  the facts of this case, Article 1 Section 13 and

20  the Second Amendment are not coextensive when

21  applying the historical analysis required in the

22  wake of Bruen.

23             Regarding the second step in

24  Bruen, defendants have provided a lengthy and

25  detailed compilation of state and local laws





Case 1:23-cv-01605-WBP Document 19-14 Filed 01/05/24 Page 42 of 67 PageID# 412

LaFave, et al. vs Fairfax, et al. Judge's Ruling May 24, 2023 VR#01131819 Page 21

1   prohibiting firearms in parks.  In addition to

2   the federal compendium and regulation dating back

3   to the 1600s up through the 1960s at the time of

4   the amendment of the Virginia Constitution, to

5   provide for a right to bear arms.  See

6   specifically the appendix B of defendant's motion

7   in opposition to this request for a preliminary

8   injunction.  In Stickley, the Court in Winchester

9   found that the city had failed to demonstrate

10  that its restrictions were analogous to

11  traditional historical restrictions.  However,

12  the support cited by the government in Stickley

13  was apparently limited to excerpts from the

14  legislative debate on Article 1 Section 13, and

15  an example that Virginia prohibited firearms in

16  state parks from at least 1965 to 2012.

17              The defendants in this case have

18  provided a much more extensive compilation.  With

19  regard to the applicable historical analysis,

20  this Court incorporates by reference appendix B

21  to their opposition to this motion for a

22  preliminary injunction, which provides a

23  historical review of applicable laws which

24  predate 1971 and the enactment of Article 1

25  Section 13.  Based upon a thorough examination of

  

1  the historical sources cited, ample historical

2  basis exists for the prohibition of firearms in

3  public parks and at public events consistent with

4  that sought in the applicable Fairfax ordinance.

5  The defendants have met their burden to

6  demonstrate that the firearms restrictions in the

7  Fairfax ordinance are consistent with historical

8  tradition.

9              In the words of the Bruen court,

10  cases implicating unprecedented societal concerns

11  or dramatic technological changes may require a

12  more nuanced approach.  Parks in the modern sense

13  did not come into being until the mid-19th

14  century, as the modern concept of a public park

15  emerged in the 19th and 20th century.  There are

16  numerous examples of legislation designed to

17  limit the right to carry weapons in such spaces.

18  In examination of the unique characteristics of

19  county parks as covered through the testimony of

20  various witnesses at the trial of this

21  preliminary injunction reveal that Fairfax

22  County, in Fairfax County the majority of

23  visitors to the parks include families and

24  children attending athletic events, educational

25  programming, and family-oriented events.  Such





855.667.0077
VETERANREPORTERS.COM

1  uses make the parks more akin to a sensitive

2  place like a school or recreation center.

3              The Court in this opinion does not

4  need to analyze or reach the issue of whether the

5  county parks fall within the sensitive places

6  doctrine.  First, there is no Virginia Supreme

7  Court jurisprudence commanding such a decision on

8  the issue, but second, this Court is not reaching

9  that analysis for purposes of a decision on the

10  request for a preliminary injunction.  But

11  certainly, the Digiacinto court left open the

12  argument on that issue when considering

13  restrictions on George Mason University.  In

14  light of the historical traditions of firearms

15  regulations in parks and at public events, this

16  Court finds that for purposes of this specific

17  case and the challenge mounted by the plaintiffs

18  under the Virginia Constitution alone, the

19  plaintiffs have not yet met the first prong of

20  the test for a preliminary injunction regarding

21  the Fairfax ordinance and their ability to

22  succeed on the merits regarding a constitutional

23  challenge to that ordinance.

24              Turning to the second prong of

25  irreparable harm, Virginia courts have held that





855.667.0077
VETERANREPORTERS.COM

 1  a temporary violation of a constitutional right

 2  is enough to establish irreparable harm, and the

 3  Court relies on the case of Lynchburg Range &

 4  Training vs. Northam, which is 105 Va. Circuit

 5  159, a 2020 case.  Further, as the U.S. Supreme

 6  Court has recently noted in Bruen, the

 7  constitutional right to bear arms in public for

 8  self-defense is not a second-class right, subject

 9  to an entirely different body of rules than other

10  guarantees, and that's Bruen at 2156.  The

11  government, on the other hand, the potential harm

12  to the defendants if the injunction is granted is

13  clear, at any time the government is joined by a

14  court from effectuating statutes enacted by

15  representatives of its people, it suffers a form

16  of irreparable injury, and that's citing to the

17  Maryland vs. King case, 567 U.S. 1301 in 2012.

18              Here, the plaintiffs waited to

19  seek a preliminary injunction until January 2023,

20  two years after the suit was originally filed and

21  only eight months before the current trial date.

22  Courts often deny preliminary injunctive relief

23  when a party substantially delays moving for a

24  preliminary junction because such delay reflects

25  a lack of irreparable harm.  At first glance, the





1   filing timeline of plaintiffs' motion undermines

2   their claim for irreparable harm, and for this,

3   the Court relies on the Clint's case at 872 F.

4   2nd, page 80.

5              Because a preliminary injunction

6   is promised on an urgent need to protect the

7   rights of the plaintiff, a delay in seeking

8   relief suggests that it's not necessary.

9   However, the plaintiffs' delay in seeking the

10  relief in this case was at least partially due to

11  their strategic decision to first seek summary

12  judgment, which was denied relatively recently in

13  November 2022.  The trial date was originally set

14  for November of 2022 before being continued to

15  September of this year.  The Court is not

16  persuaded that the delay in raising the

17  preliminary injunction operates a bar as to the

18  conclusion for irreparable harm, and on this

19  point, the plaintiffs would carry the day.

20              With respect to the balance of

21  equities under this factor, the plaintiffs must

22  demonstrate that the harm to them before the

23  trial on the merits without the requested relief

24  would be greater than the harm to the county.

25  For this, the Court relies on the King case at




```
 1   567 U.S. 1303.

 2   (WHEREUPON, the Court conferred with someone in

 3   the courtroom.)

 4                   THE COURT:  The court reporter?  I

 5   think we've lost the court reporter.  We don't

 6   see her on the screen.  Does anybody else see her

 7   on theirs?

 8                   MR. HALBROOK:  Yes.

 9                   MR. KAY:  I see her on there.

10                   MR. HALBROOK:  She's here.

11                   CLERK:  She's back.

12                   THE COURT:  Okay, never mind.

13   Sorry.

14                   MR. KAY:  No worries.

15                   THE COURT:  We lost her on our

16   end, I guess.  So turning back to the public

17   interest factor, analogous to the discussion,

18   Virginia courts have held that the public

19   interest favors enjoining a constitutional

20   violation not allowing the unconstitutional

21   application of a statute to perpetuate, and for

22   that the Court relies on Elhert vs. Settle, 105

23   Va. Circuit 544, a 2020 case.  Here, the public

24   interest factor is disputed as follows.  The

25   plaintiffs argue that because there is a
```





855.667.0077
VETERANREPORTERS.COM

Case 1:23-cv-01605-WBP   Document 19-14   Filed 01/05/24   Page 48 of 67 PageID# 418

LaFave, et al. vs Fairfax, et al. Judge's Ruling   May 24, 2023   VR#01318179                    Page 27

```
 1  constitutional right to publicly carry a firearm
 2  for self-defense, it is in the public interest to
 3  preserve this right and grant the injunction.
 4  Then defendants respond that the ordinance was
 5  designed to protect public safety and reduce the
 6  gun violence, so an injunction would not be
 7  against public interest.  On this factor, with
 8  respect to the weighing of both the plaintiff and
 9  the defendant's claim, the Court finds that the
10  plaintiff would carry the day as to the public
11  interest associated with the potential
12  constitutional right.
13               But after an examination of all
14  the factors with respect to a preliminary
15  injunction, the Court finds that the plaintiff
16  has not met their burden to establish a right to
17  this extraordinary remedy based upon the Court's
18  belief that there is not a likelihood of success
19  as to the first prong of the preliminary
20  injunction review.  And as a result, the Court,
21  this Court is denying the request for a
22  preliminary injunction.  After filing suit in
23  2021, the plaintiffs delayed for two years before
24  making this request, and in assessing the
25  plaintiffs' likelihood of success on the merits,
```





855.667.0077
VETERANREPORTERS.COM

1   this is drawn into question when examining this

2   case under the historical framework provided by

3   the U.S. Supreme Court, given that the plaintiffs

4   have chosen to pursue a remedy under the Virginia

5   Constitution alone.

6              So that is the Court's ruling.

7   Are there any questions as to my ruling?

8              **MR. KAY:**  I don't have, we don't

9   have any questions on our side.  Do you want us

10  to prepare an order, Judge?  Or are you going to

11  prepare one?

12             **THE COURT:**  I would appreciate if

13  you would prepare one, Mr. Kay, and if you could

14  circulate it to counsel and then you can file it

15  through chambers.

16             **MR. KAY:**  Will do.

17             **MR. MAYFIELD:**  Nothing from

18  plaintiffs, Your Honor.

19             **THE COURT:**  Thank you.  And given

20  that I have no questions from anyone, I will go

21  ahead and adjourn for the morning, and I hope

22  you-all enjoy the rest of your week.

23             **MR. MAYFIELD:**  Thank you, Your

24  Honor.

25             **MR. KAY:**  Have a nice week.





**855.667.0077**
VETERANREPORTERS.COM

```
1                    THE COURT:   Thank you.

2                    MR. HALBROOK:   Thank you.

3    Goodbye.

4                    THE COURT:   Same to you.

5    (WHEREUPON, the JUDGE'S RULING was concluded at

6    9:27 a.m.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```





```
 1                          CAPTION

 2

 3   The foregoing matter was taken on the date, and at

 4   the time and place set out on the title page hereof.

 5

 6   It was requested that the matter be taken by the

 7   reporter and that the same be reduced to typewritten

 8   form.

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```





855.667.0077
VETERANREPORTERS.COM

1    **CERTIFICATE OF REPORTER AND SECURE ENCRYPTED**

2    **SIGNATURE AND DELIVERY OF CERTIFIED TRANSCRIPT**

3    I, **Cheryl Renee Lane**, Notary Public, do hereby

4    certify that the foregoing matter was reported by

5    stenographic and/or mechanical means, that same was

6    reduced to written form, that the transcript prepared

7    by me under my direction, is a true and accurate

8    record of same to the best of my knowledge and ability;

9    that there is no relation nor employment by any attorney

10   or counsel employed by the parties hereto, nor financial

11   or otherwise interest in the action filed or its outcome.

12   This transcript and certificate have been digitally

13   signed and securely delivered through our encryption

14   server.

15   IN WITNESS HEREOF, I have here unto set my

16   hand  this 25TH day of MAY, 2023.

17



18

19

20

21   **Cheryl Renee Lane**

22   Court Reporter / Notary

23   Notary Registration Number:  7864242

24   My Commission Expires:  05/31/2024

25



**1**

**1** 7:18 7:19
    11:12 11:24
    12:11 12:22
    13:1 13:17
    13:22 15:15
    15:17 18:1
    18:4 18:15
    19:2 19:5
    19:19 19:21
    20:15 20:19
    21:14 21:24
**100** 18:21
**105** 24:4
    26:22
**109** 9:23
**11** 7:19
**127** 11:5
**13** 7:18
    11:12 11:24
    12:11 12:22
    13:2 13:17
    13:23 15:15
    15:17 18:2
    18:5 18:15
    19:2 19:5
    19:20 19:22
    20:15 20:19
    21:14 21:25
**1301** 24:17
**1303** 26:1
**142** 10:24
**15.2-915**
    6:12
**159** 24:5

**1600s** 21:3
**1791** 17:16
    18:16 20:13
**18** 6:3
**1868** 17:18
    18:17
**1960s** 19:13
    21:3
**1965** 21:16
**1971** 18:2
    18:13 19:2
    21:24
**19th** 22:15

**2**

**20** 5:16
**2011** 11:5
**2012** 21:16
    24:17
**2015** 8:21
    9:12
**2020** 6:8
    6:11 6:18
    24:5 26:23
**2021** 5:20
    7:10 9:9
    9:24 27:23
**2022** 5:22
    10:25 12:5
    12:5 14:5
    25:13 25:14
**2023** 5:4
    5:17 5:24
    6:3 24:19

**20th** 22:15
**2111** 10:25
**2132** 17:4
**2156** 24:10
**22** 6:10
**220** 8:21
**24** 5:4
**27** 5:24
**281** 11:5
**289** 8:21
**29** 7:10
**2nd** 25:4

**5**

**5** 17:12
**544** 26:23
**554** 17:11
**567** 24:17
    26:1

**6**

**6-2-1A** 6:19
**6-2-1A2** 6:23
**6-2-1A4** 6:25
**634** 17:12

**7**

**7** 5:22
**71** 9:24

**8**

**80** 25:4
**872** 25:3

**9**

**9:01** 5:5
**9:27** 29:6

**A**

**a.m** 5:5 29:6
**ability**
    19:22 23:21
**absence** 10:3
    20:6
**according**
    17:2 18:16
**acting** 7:12
**addition**
    21:1
**addressing**
    16:23
**adequacy**
    9:16
**adjacent** 7:1
    14:9
**adjourn**
    28:21
**adopt** 18:14
**adopted** 7:4
    17:10 18:2
    18:17 18:18
**adoption**
    17:17 17:18
**advisement**
    5:18
**afforded**
    19:24





against 7:11
  27:7

agreement
  10:11

ahead 28:21

akin 23:1

al 5:8

allegations
  9:17

alleged 6:7

allowing
  26:20

alone 10:21
  13:10 13:21
  23:18 28:5

amend 11:2

amended 6:11

amendment
  11:19 12:1
  12:10 12:24
  13:8 13:10
  13:16 16:2
  16:9 17:17
  17:19 18:4
  18:17 18:18
  18:19 19:25
  20:1 20:6
  20:11 20:13
  20:20 21:4

Amendments
  17:25 19:10

amongst 19:7

ample 22:1

analogies

16:10

analogous
  15:3 15:7
  16:13 21:10
  26:17

analysis
  10:12 11:17
  11:22 13:4
  13:24 14:3
  15:13 15:22
  15:23 16:16
  16:24 17:15
  18:7 18:12
  19:3 19:21
  20:9 20:12
  20:21 21:19
  23:9

analyze
  15:10 20:10
  23:4

analyzed
  11:8 19:4

analyzing
  11:2 11:14

ANN 5:3

anybody 26:6

anyone 28:20

apparently
  21:13

appearing
  5:11

appendix
  21:6 21:20

applicable
  6:6 9:1
  10:11 11:13

11:17 17:21
19:18 21:19
21:23 22:4

application
  10:14 13:5
  18:6 20:3
  26:21

applied 8:1
  8:13 8:17
  11:21 14:2

apply 11:13
  15:22 17:14
  18:18

applying
  20:21

appreciate
  28:12

approach
  22:12

appropriate
  8:24 17:21

April 6:10

areas 6:10
  6:16 8:5

argue 8:11
  26:25

argument
  23:12

arguments
  6:5 8:22

arise 10:14

arises 6:7
  13:24

arms 7:17
  11:15 11:23

12:23 15:18
16:8 18:14
18:22 19:9
21:5 24:7

article 7:18
  7:19 11:3
  11:12 11:24
  12:11 12:22
  13:1 13:17
  13:22 15:15
  15:17 18:1
  18:4 18:14
  19:2 19:5
  19:19 19:21
  20:15 20:19
  21:14 21:24

Assembly
  6:11 15:16
  18:20

assert 18:3

asserted
  9:18

asserting
  8:1

asserts 7:14

assessing
  27:24

associated
  27:11

Association
  10:24

associative
  19:19

athletic
  22:24

attack 10:21





855.667.0077
VETERANREPORTERS.COM

attempt 7:8

attending
  22:24

authority
  6:13

_____
        B
balance 10:4
  10:7 25:20

bar 25:17

based 8:22
  21:25 27:17

basis 22:2

bear 7:16
  11:15 11:23
  12:23 15:18
  18:14 18:22
  19:9 21:5
  24:7

belief 27:18

believe 12:9

believes
  15:12

bike 8:9

Bill 17:20

Board 9:9

body 24:9

bound 18:24
  20:9

Bowyer 9:11

Briar 9:11

Bruen 10:24
  11:19 11:21
  12:13 14:2

14:18 15:12
15:22 16:7
16:16 16:25
17:3 17:11
17:13 17:15
18:7 19:14
20:22 20:24
22:9 24:6
24:10

Bruen's
  15:23

Bugg 5:21

buildings
  6:15

burden 14:18
  16:18 22:5
  27:16

_____
        C
campus 12:15
  12:17 12:19

carries 8:4

carry 8:2
  14:15 16:13
  22:17 25:19
  27:1 27:10

carrying
  16:8

case 5:7
  5:19 6:1
  6:20 6:23
  7:14 7:20
  8:20 8:21
  8:23 9:7
  9:8 9:9
  9:10 9:10
  9:12 9:23

9:24 10:10
10:16 10:25
12:2 12:3
12:5 12:6
12:7 12:13
13:6 13:10
13:13 13:15
13:21 13:24
14:1 14:5
14:7 15:4
15:8 16:9
16:20 17:11
18:7 18:10
18:12 20:2
20:10 20:17
20:19 21:17
23:17 24:3
24:5 24:17
25:3 25:10
25:25 26:23
28:2

cases 12:2
  12:6 22:10

center 23:2

century
  22:14 22:15

certain 6:10
  7:2

certainly
  23:11

challenge
  8:15 10:20
  11:14 13:16
  17:24 20:6
  20:10 23:17
  23:23

challenged

6:22 13:19

challenges
  20:2

chambers
  28:15

changes
  22:11

characterist
  ics 22:18

chief 7:12

children
  22:24

chose 18:14
  18:20

chosen 28:4

CHRISTIE 5:3

circuit 9:24
  12:3 13:24
  14:2 15:2
  24:4 26:23

circulate
  28:14

circumstance
  s 9:7 12:12

cited 21:12
  22:1

cities 6:13

citing 16:10
  24:16

city 12:3
  12:4 13:25
  14:1 14:4
  14:8 14:17
  14:24 21:9





855.667.0077
VETERANREPORTERS.COM

CL2021-1569
5:8

claim 11:10
15:3 25:2
27:9

claims 10:8

clear 11:18
15:15 24:13

CLERK 26:11

Clint's 25:3

code 6:9
6:12 6:18

coextensive
11:25 12:12
13:11 18:6
20:8 20:20

collectively
7:12

combined
10:19

comes 17:5

commanding
23:7

Commonwealth
8:20 9:11
10:22 12:4
19:23

compendium
21:2

competing
10:8

compilation
20:25 21:18

complaint

7:13

compliance
7:9

comprehensiv
e 14:12

concept
22:14

concerns
22:10

conclude
19:20

concluded
29:5

conclusion
5:17 20:14
20:16 20:18
25:18

conduct
14:14 15:20
15:25 16:4

conferred
26:2

confined
19:23

confining
20:11

confirm 7:6

conform 7:6

consider
10:8

consideratio
n 9:6 11:1

considered
13:15

considering
23:12

consistent
6:17 14:19
16:5 16:8
16:20 22:3
22:7

constitutes
7:15

constitution
7:17 10:21
11:3 11:11
11:16 11:24
12:1 12:11
12:21 12:25
13:2 13:7
13:11 13:17
13:18 13:21
14:13 15:18
16:3 17:6
17:18 17:20
17:25 18:1
18:4 18:5
18:23 19:1
19:10 20:1
20:4 21:4
23:18 28:5

constitution
al 7:16
8:19 10:17
10:19 11:14
11:17 12:18
16:1 16:14
17:8 20:3
23:22 24:1
24:7 26:19
27:1 27:12

Constitution

s 13:6 20:8

Constitution
's 17:1

contained
12:22

contemplate
9:15

context 8:19
15:1

continue
19:11

continued
25:14

control
19:22

controlling
12:8

counsel 6:5
28:14

counties
6:13 7:24

county 5:7
5:25 6:9
6:18 6:24
7:3 7:11
7:14 8:8
8:10 8:12
9:2 9:9
9:24 13:20
22:19 22:22
22:22 23:5
25:24

county-
maintained
8:10





855.667.0077
VETERANREPORTERS.COM

county-owned
8:6

county's
7:12

course 15:25

court 5:6
5:14 5:18
6:6 8:14
8:21 8:23
9:8 9:15
9:19 9:22
10:7 10:18
10:25 11:6
11:12 11:21
12:3 12:9
12:14 12:18
12:21 13:4
13:12 13:25
14:2 14:10
14:12 14:17
14:23 15:6
15:12 15:21
15:24 16:16
16:25 17:7
18:9 19:4
19:6 19:14
19:15 19:20
20:4 20:7
20:9 20:18
21:8 21:20
22:9 23:3
23:7 23:8
23:11 23:16
24:3 24:6
24:14 25:3
25:15 25:25
26:2 26:4
26:4 26:5
26:12 26:15

26:22 27:9
27:15 27:20
27:21 28:3
28:12 28:19
29:1 29:4

courtroom
26:3

courts 9:21
11:22 16:10
17:16 23:25
26:18

court's 15:2

Courts 24:22

Court's 5:9
10:12 19:17
27:17 28:6

cover 15:19

covered
14:14 16:1
22:19

created 17:6

creates
10:21

Cross 9:9

current
10:16 24:21

___D___

date 17:16
17:18 18:16
18:17 24:21
25:13

dating 21:2

day 25:19
27:10

debate 19:7
21:14

debates
19:12

debating
17:15

decision
15:4 23:7
23:9 25:11

declared
17:8

declined
13:6

defendant
15:20

defendants
7:13 9:1
16:19 20:24
21:17 22:5
24:12 27:4

defendant's
21:6 27:9

Defendants
11:16

defense
14:16

delay 24:24
25:7 25:9
25:16

delayed
27:23

delays 24:23

demonstrate
14:18 21:9
22:6 25:22

demonstratin
g 16:5

denied 5:21
25:12

deny 24:22

denying
27:21

deposition
7:25

designed
22:16 27:5

desire 14:14

detailed
20:25

determine
8:24 16:12

determined
6:1

dicta 14:20
14:22

different
24:9

Digiacinto
11:4 12:10
12:13 12:18
12:20 13:3
13:6 13:14
13:15 13:23
14:20 14:22
18:3 20:5
20:17 23:11

disagreement
10:14

discretion
9:5 9:5





855.667.0077
VETERANREPORTERS.COM

Case 1:23-cv-01605-WBP Document 19-14 Filed 01/05/24 Page 58 of 67 PageID# 428

LaFave, et al. vs Fairfax, et al. Judge's Ruling May 24, 2023 VR# 013181-9 Page 37

15:6

**discussion**
17:12 26:17

**dispositive**
15:8

**disputed**
26:24

**distinguisha
ble** 12:7

**distinguishe
d** 12:19

**doctrine**
23:6

**dog** 8:4 8:9

**Dontae** 5:21

**dramatic**
22:11

**drawn** 28:1

**draws** 20:15

**due** 7:18
11:18 25:10

**during** 9:14

——————
E
——————
**educate** 7:8

**educational**
22:24

**effect** 10:9
19:8

**effectuating**
24:14

**eight** 24:21

**Elhert** 26:22

**else** 26:6

**emerged**
22:15

**emphasis**
19:15

**emphasized**
16:7

**employed**
15:10

**enact** 6:14
19:11

**enacted** 6:8
6:18 19:2
20:13 24:14

**enactment**
15:14 19:5
19:8 19:19
20:15 21:24

**encapsulated**
11:15

**encompassed**
14:24

**enforcement**
5:25 7:4
7:5 8:25
14:4

**enjoined** 6:1

**enjoining**
14:4 26:19

**enjoy** 28:22

**enshrined**
7:17 17:9

**entirely**
24:9

**entrances**
7:7

**equal** 17:7

**equities**
10:5 25:21

**era** 18:8

**establish**
10:1 16:19
24:2 27:16

**established**
16:17 20:5

**et** 5:8

**evaluating**
9:20 10:7

**evaluation**
11:9

**event** 14:9

**events** 7:2
7:3 14:16
22:3 22:24
22:25 23:15

**everybody**
5:10

**everyone**
5:11

**evidence** 6:4
15:6

**evidentiary**
5:14

**ex** 9:11

**examination**
8:22 15:13
21:25 22:18
27:13

**examine**
11:13

**examined**
13:22

**examining**
28:1

**example**
21:15

**examples**
22:16

**excerpts**
21:13

**excuse** 12:17
14:21 16:21

**exercised**
9:6

**existence**
19:17

**existing**
19:9

**exists** 22:2

**exits** 7:7

**explained**
16:25

**explaining**
7:25

**extensive**
19:6 21:18

**extraordinar
y** 9:4 27:17

——————
F
——————
**facial** 8:15

**facially**





855.667.0077
VETERANREPORTERS.COM

8:13

**fact** 18:20

**factor** 11:7
 25:21 26:17
 26:24 27:7

**factors** 10:7
 27:14

**facts** 10:15
 13:9 13:14
 20:19

**factual** 9:16

**failed** 21:9

**Fairfax** 5:8
 5:25 6:8
 6:18 7:3
 7:11 7:14
 7:24 8:7
 8:11 9:1
 9:24 13:20
 14:7 22:4
 22:7 22:21
 22:22 23:21

**fall** 23:5

**families**
 22:23

**family-**
 **oriented**
 22:25

**favor** 10:5

**favors** 26:19

**federal** 9:21
 13:5 20:8
 21:2

**file** 28:14

**filed** 5:24

7:11 24:20

**filing** 25:1
 27:22

**finds** 15:21
 16:16 20:18
 23:16 27:9
 27:15

**firearm** 15:1
 16:6 27:1

**firearms**
 6:10 6:15
 6:24 7:1
 8:2 14:7
 14:15 16:13
 16:22 21:1
 21:15 22:2
 22:6 23:14

**first** 7:6
 8:16 10:1
 10:22 11:7
 11:7 13:3
 15:10 15:24
 16:15 16:17
 23:6 23:19
 24:25 25:11
 27:19

**fixed** 17:2

**form** 24:15

**forth** 9:19
 11:19 20:16

**Fourteen**
 17:19

**Fourteenth**
 17:24 18:18
 19:10 19:25

**fourth** 10:5

**framework**
 9:19 10:15
 11:19 28:2

---
G
---

**General** 6:11
 15:16 18:20

**George** 11:4
 12:15 23:13

**given** 10:16
 19:14 28:3
 28:19

**glance** 24:25

**Glenn** 7:21

**GMU** 12:19

**GMU's** 12:16

**Goodbye** 29:3

**government**
 6:15 16:4
 21:12 24:11
 24:13

**grant** 14:3
 15:4 27:3

**granted**
 24:12

**granting**
 10:9 14:11

**greater**
 12:22 13:8
 25:24

**grounds**
 13:20

**guaranteed**
 11:25

**guarantees**

24:10

**guess** 26:16

**gun** 7:23
 19:12 19:17
 19:22 27:6

---
H
---

**HALBROOK**
 26:8 26:10
 29:2

**hand** 24:11

**harm** 9:18
 10:3 23:25
 24:2 24:11
 24:25 25:2
 25:18 25:22
 25:24

**hear** 5:12

**hearing** 5:10
 5:14 5:17
 15:6

**heavy** 19:15

**held** 11:22
 12:10 12:14
 14:17 23:25
 26:18

**Heller** 17:11

**historical**
 14:25 16:6
 16:11 16:22
 16:24 16:25
 17:14 17:22
 18:7 18:15
 19:16 19:24
 20:12 20:21
 21:11 21:19





Case 1:23-cv-01605-WBP   Document 19-14   Filed 01/05/24   Page 60 of 67 PageID# 430

LaFave, et al. vs Fairfax, et al. Judge's Ruling   May 24, 2023   VR# 013181-9                    Page 39

21:23 22:1
22:1 22:7
23:14 28:2
**history**
  15:14 17:6
  17:14 18:11
  19:5 19:18
  20:14
**hold** 13:7
**holdings**
  13:14
**Holzhauer**
  7:21 8:6
**Honor** 28:18
  28:24
**Honorable**
  5:3 5:21
**hope** 28:21
**hopefully**
  5:11

────────
         I
────────
**identical**
  14:6
**identically**
  6:20 19:24
**ignore** 18:19
**ignores**
  20:14
**I'm** 8:19
**impact** 19:11
**implicating**
  22:10
**impression**

10:22 13:3
**include**
  22:23
**incorporate**
  15:17
**Incorporated**
  10:24
**incorporates**
  21:20
**incorporating**
  18:21
**individual**
  7:16 7:22
  7:24 14:15
  15:19
**individual's**
  15:25
**injunction**
  5:15 5:23
  8:25 9:4
  9:13 10:1
  10:6 10:13
  10:15 11:9
  14:3 14:11
  15:5 15:12
  21:8 21:22
  22:21 23:10
  23:20 24:12
  24:19 25:5
  25:17 27:3
  27:6 27:15
  27:20 27:22
**injunctive**
  9:20 24:22
**injury** 10:8
  24:16

**instant** 5:23
  15:4
**instead** 13:9
**Institute**
  9:12
**interest**
  10:6 26:17
  26:19 26:24
  27:2 27:7
  27:11
**interpretation** 13:1
  15:2
**interpreting**
  17:5
**introspection** 19:16
**irreparable**
  10:3 23:25
  24:2 24:16
  24:25 25:2
  25:18
**issue** 6:19
  8:12 8:24
  10:20 10:22
  13:3 13:13
  14:6 14:14
  15:9 18:1
  23:4 23:8
  23:12
**issued** 14:10
**issues** 5:13

────────
         J
────────
**January** 5:20
  5:24 7:10

24:19
**joined** 24:13
**Judge** 28:10
**JUDGE'S** 5:1
  29:5
**judgment**
  5:22 25:12
**judicial** 9:5
**junction**
  24:24
**jurisprudence** 10:17
  23:7
**justices**
  17:15
**justify** 16:4

────────
         K
────────
**Kay** 26:9
  26:14 28:8
  28:13 28:16
  28:25
**Kimberly**
  7:21
**King** 24:17
  25:25

────────
         L
────────
**lack** 24:25
**LaFave** 5:7
  7:21 8:3
**language**
  6:21
**late** 19:13



Case 1:23-cv-01605-WBP  Document 19-14  Filed 01/05/24  Page 61 of 67 PageID# 431

LaFave, et al. vs Fairfax, et al. Judge's Ruling  May 24, 2023  VR#013181-9  Page 40

law 6:6 8:23
  11:18 15:10

laws 18:8
  20:25 21:23

LEARY 5:3

least 21:16
  25:10

leave 19:20

legislation
  19:12 19:17
  22:16

legislative
  15:14 19:18
  20:14 21:14

legislature
  18:13 18:24
  19:7

lengthy
  20:24

lesser 12:22

letter 14:12

light 23:14

likelihood
  15:3 27:18
  27:25

likely 10:1
  10:2

limit 22:17

limited
  13:14 18:8
  21:13

limits 6:9

litigation
  5:19 9:15

lives 8:6

LLC 9:23

local 20:25

locations
  7:8 14:24

logic 18:9

lost 26:5
  26:15

Loudoun 7:23
  9:8

Lynchburg
  24:3

——————
        M
——————

magnitude
  9:17

majority
  22:22

March 5:10
  5:16

Maryland
  24:17

Mason 11:5
  12:15 23:13

matter 5:13
  5:16 5:18
  6:2 6:7

may 5:4 9:15
  16:8 22:11

MAYFIELD
  28:17 28:23

meaning 17:2

meant 9:13
  15:16

mentioned
  12:2

mere 15:21

merits 6:2
  10:2 23:22
  25:23 27:25

met 14:18
  16:18 22:5
  23:19 27:16

mid-19th
  22:13

militia
  15:21

mind 26:12

mirrors 6:20

modern 16:12
  22:12 22:14

months 24:21

morning 5:9
  28:21

motion 5:21
  5:23 5:24
  21:6 21:21
  25:1

mount 8:15

mounted
  23:17

moving 24:23

——————
        N
——————

namely 14:14

nation's
  16:21

nature 9:6

nearly 18:21

necessary
  25:8

nice 28:25

nor 19:22

Northam 24:4

note 11:16
  13:15

noted 24:6

notes 13:12

Nothing
  14:20 28:17

noting 14:21

November
  5:22 25:13
  25:14

nuanced
  22:12

numerous
  22:16

——————
        O
——————

occurred
  19:13

officers 7:6

official 7:4

okay 5:12
  26:12

ongoing 5:19
  7:15 9:14

open 23:11

operable
  17:13 18:11





855.667.0077
VETERANREPORTERS.COM

operates
  25:17

opinion
  13:25 14:12
  23:3

opposition
  21:7 21:21

order 28:10

ordinance
  5:25 6:19
  6:20 6:22
  7:5 7:15
  8:1 8:12
  9:2 10:20
  11:11 13:20
  14:5 14:5
  14:24 16:20
  22:4 22:7
  23:21 23:23
  27:4

ordinances
  6:14

originally
  24:20 25:13

otherwise
  6:24

owners 7:23

---
                P
---
page 17:4
  25:4

park 22:14

parks 6:15
  6:24 6:25
  8:8 8:10
  14:8 14:16

14:23 21:1
21:16 22:3
22:12 22:19
22:23 23:1
23:5 23:15

partially
  25:10

particular
  9:7 11:2
  11:3

parties 7:2
  8:23 9:14
  10:10

party 10:9
  24:23

people 17:10
  24:15

period 17:13
  18:11 20:12

permanent
  14:9

permissible
  16:14

perpetuate
  26:21

personally
  8:1

persuaded
  18:9 25:16

physical 8:8

Piper 9:23

Pistol 10:24

placed 19:15

places 14:25

16:7 16:11
16:14 23:5

plain 14:13
  15:16 16:1

plaintiff
  8:3 8:5 8:9
  8:14 9:25
  25:7 27:8
  27:10 27:15

plaintiffs
  5:15 5:21
  7:10 7:20
  7:22 7:24
  8:11 9:16
  10:19 11:10
  13:19 16:17
  17:23 18:2
  20:4 23:17
  23:19 24:18
  25:1 25:9
  25:19 25:21
  26:25 27:23
  27:25 28:3
  28:18

please 5:12

point 25:19

points 10:13

police 7:12

policy 7:4

Popelka 9:23

possession
  6:9

posted 7:7

potential
  24:11 27:11

precedence

13:22

precedent
  11:1 12:8

predate
  21:24

preliminary
  5:15 5:23
  6:1 8:25
  9:3 9:13
  9:20 9:25
  10:4 10:13
  10:15 11:8
  11:9 14:3
  14:11 15:5
  15:11 21:7
  21:22 22:21
  23:10 23:20
  24:19 24:22
  24:24 25:5
  25:17 27:14
  27:19 27:22

prepare
  28:10 28:11
  28:13

prepared 6:6

pre-
  reconstruct
  ion 18:8

preserve
  9:13 27:3

presumptivel
  y 16:3

prevent 8:25

previously
  12:2

prior 5:10





12:13 13:23
20:17

**procedural**
19:4

**process** 7:19

**productions**
19:21

**programming**
22:25

**prohibited**
16:8 21:15

**prohibiting**
16:12 21:1

**prohibition**
12:16 22:2

**prohibits**
7:5 14:7

**promised**
25:6

**prong** 15:11
16:15 16:17
23:19 23:24
27:19

**properties**
8:7

**proposed**
15:25

**propriety**
10:12

**protect** 25:6
27:5

**protection**
13:8

**protections**

12:23

**protects**
16:3

**provide** 21:5

**provided**
13:7 20:24
21:18 28:2

**provides**
6:13 21:22

**provision**
6:9

**provisions**
6:22

**public** 6:10
10:6 14:8
14:16 14:16
14:21 14:22
22:3 22:3
22:14 23:15
24:7 26:16
26:18 26:23
27:2 27:5
27:7 27:10

**publicly** 8:3
27:1

**purposes**
13:4 13:9
18:11 20:18
23:9 23:16

**pursuant**
18:3

**pursue** 28:4

——————

Q

**qualified**
12:15

**qualifying**
7:7

**question**
8:17 8:18
28:1

**questions**
28:7 28:9
28:20

**quo** 9:14

**quoting** 9:10
17:11

——————

R

**raising**
25:16

**Range** 24:3

**ratified**
17:3

**reach** 23:4

**reaching**
23:8

**reasonable**
19:12

**recently**
5:20 11:19
24:6 25:12

**record** 5:7

**recreation**
23:2

**recreational**
6:16

**Rector** 11:4

**reduce** 27:5

**reenacted**

6:12

**reference**
21:20

**referred**
6:24 7:2
7:13

**referring**
8:20

**reflects**
24:24

**regard** 16:15
21:19

**regarding**
14:21 14:22
20:23 23:20
23:22

**regards** 5:9
11:8

**registered**
7:23

**regular** 8:7

**regulate**
19:22

**regulation**
15:1 16:5
16:6 16:22
21:2

**regulations**
16:11 16:12
23:15

**rel** 9:11

**relatively**
25:12

**relevant**
8:23 13:9





855.667.0077
VETERANREPORTERS.COM

17:1

**relief** 9:20
10:4 10:10
24:22 25:8
25:10 25:23

**relies** 24:3
25:3 25:25
26:22

**relying** 9:8
9:22

**remedy** 9:4
27:17 28:4

**reporter**
26:4 26:5

**representati
ves** 24:15

**request** 5:15
15:7 15:11
21:7 23:10
27:21 27:24

**requested**
25:23

**requests**
5:24

**require**
22:11

**required**
15:11 15:13
18:7 18:12
20:21

**requires**
11:12

**reside** 7:23

**respect**
18:10 25:20

27:8 27:14

**respond** 27:4

**rest** 28:22

**restrict**
6:14

**restriction**
6:25 7:3

**restrictions**
14:19 21:10
21:11 22:6
23:13

**restricts**
6:23 7:1

**rests** 9:4
15:5

**result** 16:18
27:20

**reveal** 22:21

**review** 6:4
18:15 19:18
21:23 27:20

**reviewed**
12:21 19:6

**Rifle** 10:23

**rights** 11:25
17:8 17:20
25:7

**Robert** 7:21

**rule** 6:7
15:9 20:5

**rules** 24:9

**ruling** 5:1
5:9 14:11
28:6 28:7

29:5

—————

S

**safety** 27:5

**school** 9:9
23:2

**scope** 17:9

**screen** 26:6

**second** 10:2
11:18 12:1
12:10 12:24
13:8 13:10
13:16 16:9
17:17 17:24
18:3 18:16
18:19 19:9
19:25 20:6
20:11 20:13
20:20 20:23
23:8 23:24

**second-class**
24:8

**section** 6:12
6:19 6:23
6:25 7:18
7:19 11:12
11:24 12:11
12:22 13:2
13:17 13:23
15:15 15:17
18:2 18:5
18:15 19:2
19:5 19:19
19:21 20:15
20:19 21:14
21:25

**seek** 7:8

24:19 25:11

**seeking** 9:25
25:7 25:9

**self** 14:15

**self-defense**
8:3 8:4
24:8 27:2

**sense** 18:23
22:12

**sensitive**
12:16 12:19
14:25 16:7
16:11 16:13
23:1 23:5

**September**
6:3 6:18
25:15

**Settle** 26:22

**settled**
13:13

**share** 19:1

**She's** 26:10
26:11

**shifts** 16:18

**showing** 8:16

**signage** 7:6

**significance**
10:18 19:14

**societal**
22:10

**sole** 11:1

**someone** 26:2

**Sorry** 26:13





855.667.0077
VETERANREPORTERS.COM

sought 22:4

sound 9:5

sources 17:1
  22:1

spaces 22:17

specific
  9:19 23:16

specifically
  20:16 21:6

standard
  9:22 10:11
  11:13

state 10:16
  10:23 20:25
  21:16

stated 8:14

states 12:24
  16:23 16:24
  17:7 17:21
  18:19

status 9:14

statute 6:17
  6:21 8:16
  8:16 8:18
  26:21

statutes
  24:14

step 20:23

Stickley
  12:5 14:1
  14:6 14:10
  14:17 14:23
  15:1 15:7
  19:3 21:8
  21:12

strategic
  25:11

streets
  14:21 14:22

strength
  11:10

subject 24:8

submitted
  6:5

substance
  9:16

substantiall
y 24:23

succeed 10:2
  23:22

success 15:3
  27:18 27:25

successful
  8:15

suffer 10:3

suffers
  24:15

suggest
  18:23

suggests
  15:20 25:8

suit 7:11
  24:20 27:22

summary 5:22
  25:11

support
  21:12

Supreme 8:14
  8:21 9:18

10:25 11:6
11:21 12:14
12:20 16:25
17:7 19:15
23:6 24:5
28:3

surrounded
  8:6

surrounding
  15:14

Sweet 9:11

─────────
        T
─────────
Talbon 7:22
  8:9

technologica
l 22:11

technology
  5:13

temporary
  24:1

test 23:20

testimony
  22:19

text 14:13
  15:17 16:1

Thank 28:19
  28:23 29:1
  29:2

theirs 26:7

themselves
  18:25

then-sitting
  19:7

therefore

15:21 18:6
20:9

Third 10:4

thorough
  21:25

throughout
  16:23

thus 20:11

timeframe
  19:13 19:24

timeline
  17:22 25:1

tips 10:5

Toghill 8:20

towns 6:13

tradition
  14:19 16:6
  16:22 18:15
  22:8

traditional
  21:11

traditions
  23:14

trails 8:10

training 8:8
  24:4

trial 5:2
  5:16 6:2
  6:2 22:20
  24:21 25:13
  25:23

true 11:20

turning 11:7
  15:9 23:24





855.667.0077
VETERANREPORTERS.COM

26:16

**two-step**
15:23

**typically**
9:21

---
U
---

**U.S** 12:1
13:17 17:12
17:17 17:19
18:4 19:10
20:1 24:5
24:17 26:1
28:3

**un** 12:17

**unconstituti
onal** 8:12
8:17 26:20

**unconstituti
onality** 6:8

**undermines**
25:1

**understandin
g** 18:25

**understandin
gs** 17:2

**understood**
17:9 17:10

**undertaken**
17:13 20:12

**unique** 22:18

**United** 12:24
16:23 16:24
17:7

**University**

11:5 12:15
23:13

**unless** 7:5

**unprecedente
d** 22:10

**upon** 8:22
9:6 21:25
27:17

**urgent** 25:6

**user** 8:7

---
V
---

**Va** 8:21 9:24
11:5 24:4
26:23

**various**
22:20

**veracity**
9:17

**via** 5:11

**violates**
11:11

**violation**
7:15 8:2
24:1 26:20

**violators**
7:9

**violence**
27:6

**Virginia**
6:11 6:12
6:21 7:16
7:17 8:13
8:21 9:3
9:18 9:21

10:21 10:23
11:1 11:3
11:5 11:11
11:15 11:17
11:20 11:22
11:23 12:11
12:14 12:20
12:21 13:2
13:5 13:7
13:11 13:18
13:21 13:22
14:13 15:2
15:16 15:18
17:25 18:1
18:5 18:13
18:20 18:22
18:24 18:25
19:11 19:23
20:3 20:7
21:4 21:15
23:6 23:18
23:25 26:18
28:4

**Virginia's**
16:21 19:8

**virtually**
14:6

**visitors**
11:4 22:23

**voluntary**
7:9

**vs** 5:7 8:20
9:9 9:11
9:23 10:24
11:4 12:4
14:1 24:4
24:17 26:22

---
W
---

**wait** 18:21

**waited** 24:18

**wake** 10:23
20:22

**walker** 8:4

**walking** 8:8

**walks** 8:5

**warning** 7:6

**weapons**
12:17 22:17

**Webex** 5:11

**WEDNESDAY**
5:4

**week** 28:22
28:25

**weighing**
27:8

**we've** 26:5

**Whereas**
17:23

**WHEREUPON**
26:2 29:5

**whether** 8:24
11:10 12:21
15:24 16:2
16:19 17:16
23:4

**Winchester**
12:4 13:25
14:1 14:2
14:4 14:8
19:4 21:8





**withholding**
  10:9

**witnesses**
  22:20

**WL16950948**
  12:5

**WL6364691**
  9:12

**WL9276274**
  9:10

**wooded** 8:5

**worries**
  26:14

_____
          Y
_____
**yet** 11:18
  11:21 23:19

**York** 10:23

**you-all**
  28:22

_____
          Z
_____
**Zachary** 9:23





855.667.0077
VETERANREPORTERS.COM