# EXHIBIT 33

Page 1

1              IN THE CIRCUIT COURT OF FAIRFAX COUNTY

                        -     -     -

2

     KIMBERLY LaFAVE, et al:   CIVIL ACTION

3                              :

                Plaintiff,  :

4                              :

           v.                  :

5                              :

     GREAT NORTHERN            :   Case No. 2021-0159

6    INSURANCE COMPANY         :

                               :

7               Defendant.  :

8

                        -     -     -

9

                   March 22, 2022

10

                        -     -     -

11

12              Oral deposition of KIMBERLY LaFAVE,

13       taken pursuant to Notice, held via Zoom,

14       beginning at approximately 10:00 a.m.,

15       before Mary Hammond, a Registered

16       Professional Reporter and Notary Public in

17       the state of Pennsylvania.

18                      -     -     -

19

20                                        **EXHIBIT**

21                                        **4(B)**

22

23

24

Page 2

1      A-P-P-E-A-R-A-N-C-E-S
2
       OFFIT KURMAN, P.C.
3      BY:  THOMAS W. REPCZYNSKI, ESQUIRE
       8000 Towers Crescent Drive
4      Suite 1400
       Tysons Corner, Virginia  22182
5      (703) 745-1800
       trepczysnki@offitkurman.com
6      Co-Counsel for Defendants
7
       EVERYTOWN LAW
8      BY:  WILLIAM J. TAYLOR, JR., ESQUIRE
       450 Lexington Avenue
9      #4184
       New York, New York  10017
10     (646) 324-8215
       wtaylor@everytown.org
11     Co-Counsel for Defendants
12
       OFFICE OF THE COUNTY ATTORNEY
13     BY:  CORRINE N. LOCKETT, ESQUIRE
       12000 Government Center Parkway
14     Suite 549
       Fairfax, Virginia  22035
15     (703) 324-2421
       corrine.lockett@fairfaxcounty.gov
16     Co-Counsel for Defendants
17
       JURIS DAY
18     BY:  TREY MAYFIELD, ESQUIRE
       10521 Judicial Drive
19     Suite 200
       Fairfax, Virginia  22030
20     (703) 268-5600
       tmayfield@jurisday.com
21     Counsel for Plaintiff
22
23     Also Present:  Carina Bentata
                      Kari Still
24

Page 3

```
 1                    -   -   -

 2                I-N-D-E-X

 3                    -   -   -

 4    WITNESS:

 5    KIMBERLY LaFAVE

 6                        PAGE

 7    BY MR. REPCYZNSKI     6

 8    BY MR. MAYFIELD       --

 9    BY MS. LOCKETT        --

10

11

12

13                    -   -   -

14            E-X-H-I-B-I-T-S

15                    -   -   -

16      NAME        DESCRIPTION           PAGE

17    LaFave-1   Original Complaint, 1/29/21    32

18    LaFave-2   Ordinance Section 6-2-1        49

19    LaFave-3   Request for Production of      80
                 Documents

20
      LaFave-4   Interrogatories                81

21
      LaFave-5   Affidavit                      97

22

23

24
```

```
1        Q.    I see.  And fireworks at Lake Fairfax?

2        A.    Mm-humm.

3        Q.    "Yes"?

4        A.    Yes.

5        Q.    The vagueness concern that you articulated

6    regarding Part 4 of the ordinance or Section 4 of

7    the ordinance, do you believe that any vagueness

8    would be overcome if there was signage that said,

9    "No Firearms"?

10       A.    I believe the vagueness would be overcome

11   but not the interference in my everyday enjoyment of

12   getting from one place to another without

13   interference.

14       Q.    Understood.  But it would eliminate the

15   concern about not knowing where you can or can't

16   under the ordinance, correct?

17       A.    Sure.

18       Q.    Do you believe, then, that enforcement

19   policy of "no sign, no enforcement" would

20   sufficiently overcome your objection with regard to

21   the vagueness issue, keeping aside that separate

22   issue of, generally speaking, the restriction?

23       A.    Yes.

24       Q.    It would?
```

1       A.    Sure, yes.

2       Q.    Are you aware of any enforcement to date

3  of this ordinance?

4       A.    I am not.

5       Q.    And you believe, though, that enforcement

6  policy of "no sign, no enforcement" would remove

7  your concerns regarding the vagueness aspect, at

8  least with regard to Section 4?

9       A.    With regard to Section 4, yes.

10       Q.    Would that then -- I take that back.

11            Do you have an understanding with regard

12  to the applicability of this ordinance as it

13  involves non-county parks?

14       A.    I think it's very confusing.

15       Q.    Okay.

16            You talked about -- are you aware that at

17  least some of the locations that you've mentioned

18  are not owned by the County?

19       A.    I am aware of that possibility, yeah, and

20  there in lies an additional level of confusion.

21       Q.    Okay.

22            What do you mean "of that possibility"?

23  You say you're aware of that possibility.

24            You don't have a specific consider- --

Page 116

1                          -     -     -

2              C-E-R-T-I-F-I-C-A-T-I-O-N

3                          -     -     -

4         I hereby certify that the witness was

5    duly sworn in for this deposition matter

6    by the Court Reporter.

7

8

9                    _____

                     Mary Hammond

10                   March 22, 2022

11

12        (The foregoing certification of this

13   transcript does not apply to any

14   reproduction of the same by any means,

15   unless under the direct control and/or

16   supervision of the Registered Professional

17   Reporter.)

18

19

20

21

22

23

24