UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **KIMBERLY Y. LAFAVE, et al.** )<br>)<br>*Plaintiffs* )<br>)<br>v. )<br>)<br>**THE COUNTY OF FAIRFAX, VIRGINIA,** )<br>**and KEVIN DAVIS, in his Official Capacity** )<br>**as Chief of Police** )<br>)<br>*Defendants* )<br>) | Case No. 1:23-cv-1605 (CMH/JFA) |

## JOINT DISCOVERY PLAN

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Civil Rule 26(A) and the Scheduling Order entered by the Court on January 24, 2024, the undesigned counsel of record for the Parties, including Plaintiffs, Kimberly Y. LaFave, et al. ("Plaintiffs"), and Defendants, the County of Fairfax, Virginia and Chief of Police Kevin Davis, in his official capacity as Chief of Police, (collectively "Defendants"), submit this Joint Discovery Plan in advance of the Initial Pretrial Conference to be held on Wednesday, February 7, 2024, at 11:00 a.m.

Pursuant to Fed. R. Civ. P. 26(f), the parties conferred on January 30, 2024, to formulate this Joint Discovery Plan.

**Plaintiffs' position:** Plaintiffs' position is that no discovery is required in this case, which presents a pure question of law to be resolved by the Supreme Court's instructions in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). The only issue presented in this case is whether the County's ordinance is consistent with the Second Amendment, as analyzed under *Bruen*. *Bruen* itself was resolved solely on the pleadings. *See* 142 S. Ct. at 2124-

1

25, 2135 n.8; *see also id*. at 2159 (re: "deciding this case without a trial and factual findings;" "The record before us, however, tells us everything we need on this score.") (Alito, J., concurring). *Bruen* requires judicial reliance on historical analogues, particularly Founding-era laws, for which no expert testimony is necessary.  All relevant historical information can be provided by briefs and declarations.  In the event the Court believes there should be a discovery schedule, Plaintiffs do not object to the schedule proposed by Defendants below.

**Defendants' position:** Defendants disagree with Plaintiffs' position that no discovery is required in this case. District courts in Second Amendment cases since *Bruen* regularly provide for both fact and expert discovery—including written and document discovery, expert disclosures, and depositions—just as in other civil litigations. *See, e.g.*, *Schoenthal v. Raoul*, No. 3:22-cv-50326, Dkt. 45 (N.D. Ill. Apr. 21, 2023) (case management and scheduling order providing for  fact and expert discovery in Second Amendment challenge to Illinois law restricting guns on public transit); *Rocky Mountain Gun Owners v. Town of Superior*, No. 1:22-cv-02680, Dkt. 49 (D. Colo. Jan. 19, 2023) (same, in Second Amendment challenge to local Colorado ordinances restricting assault weapons and large-capacity magazines); *Jones v. Bonta*, No. 3:19-cv-01226, Dkt. 105 (S.D. Cal. Jan. 18, 2023) (same, in Second Amendment case remanded by the court of appeals for further proceedings in light of *Bruen*). And, contrary to Defendants' assertion, courts have relied upon expert testimony and other evidence developed through discovery in deciding post-*Bruen* Second Amendment challenges. *See, e.g.*, *Or. Firearms Fed'n v. Kotek*, --- F. Supp. 3d ----, 2023 WL 4541027 (D. Or. July 14, 2023) (rejecting Second Amendment challenges to Oregon firearm licensing and large-capacity magazine laws after a week-long bench trial with twenty witnesses, including eleven defense expert witnesses).

Defendants propose a schedule for discovery in this case as set forth below.

1. **Conclusion of Discovery.** Per the terms of the Initial Scheduling Order, all discovery shall conclude no later than Friday, June 14, 2024.

2. **Initial Disclosures.** The Parties will exchange initial disclosures required under Fed. R. Civ. P. 26(a)(1) by February 21, 2024.

3. **Claims, Defenses and Settlement.** The Parties have conferred as to the nature and bases of their claims. The Parties do not anticipate any possibility of settlement as the Plaintiffs' claims involve alleged deprivation of constitutional rights and Defendants deny those claims.

4. **Consent to Magistrate Judge.** The parties consent to the assignment of Magistrate Judge John Anderson for all purposes in this case.

5. **Limitations on Discovery.** The Parties have previously exchanged significant written discovery (including responses to requests for admission, answers to interrogatories and responses to requests for production of documents) in the course of prior state court litigation between the same parties, Fairfax Circuit Court case no. CL 2021-01569 (the "State Court Litigation"). Accordingly, the parties incorporate their written discovery responses in the State Court Litigation in this case, subject to each party's duty to supplement discovery responses as required by the Federal Rules of Civil Procedure and the Local Rules of this Court. The parties further agree that any and all documents previously produced, provided or exchanged, whether in the course of the State Court Litigation or the preliminary injunction briefing in this case, need not be reproduced or provided in discovery in this case (including the documents Defendants produced in the State Court Litigation (labelled as FFXCO_00001 - FFXCO_12234). Otherwise, the parties do not believe that any changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure, the Local Rules, or this Court's Scheduling Order (ECF No. 34).

The parties will confer regarding the number of non-party, non-expert depositions if either party believes that it will require more than the limit imposed by the Court's Scheduling Order (ECF No. 34).

6. **Discovery Schedule.** The Parties do not believe that the Local Civil Rules should be altered with respect to the timing of discovery. Accordingly, all written discovery should be served so that answers thereto shall be due to be served no later than the discovery cutoff date.

7. **Service of Papers and Pleadings.** All pleadings, motions and other papers that are filed with the Court will be distributed to the Parties via the Court's electronic notification system, as provided by the Federal Rules of Civil Procedure and the Local Rules, which shall constitute sufficient service. In addition, the Parties agree that each has the option to serve by email all discovery requests, written responses, and any other papers that are not filed with the Court. The serving Party shall attach the pleading or paper in "portable document format" ("pdf") or other form of electronic file. If transmission of voluminous materials as an email attachment is impractical, then those materials shall be served by regular mail, courier service, secure data link, or other means as agreed by the Parties.

8. **Discovery of Electronically Stored Information.** The parties shall meet and confer in good faith to agree upon appropriate search terms for purposes of exchanging discoverable material and the method of production of electronically stored information and documents ("ESI"). ESI must be produced in electronic form. Spreadsheets and Microsoft Excel documents shall be produced in their native format. All documents produced shall be Bates labeled. The Parties agree to work together in good faith to coordinate the manner in which ESI is to be produced and to avoid unnecessary discovery.

9.      **Privileged or Protected Materials.** The Parties agree that, to the extent any Party intends to assert a claim of privilege or protection as trial preparation material, any such claim must be made in a timely manner and in accordance with Fed. R. Civ. P. 26(b)(5). Further, should an issue arise concerning privilege, the Parties agree to work together to agree on a form Privilege Log and its required content. The Parties agree that inadvertent production of privileged materials shall not constitute a waiver of privileges or protections so long as the producing Party notifies the receiving Party promptly upon discovery of the inadvertent production. Disputes concerning privileges and protections shall be addressed in accordance with Fed. R. Civ. P. 26(b)(5)(B).

10.     **Protective Orders.** Should a party wish to seek a Protective Order, Counsel agree to discuss the form and content of a protective order.

11.     **Expert Discovery.** The Parties agree that expert discovery may be necessary. The parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before February 28, 2024.  To the extent necessary, solely to contradict or rebut evidence on the same subject matter identified by another party, the parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before March 27, 2024.

12.     **Subjects of Discovery.** The Parties agree that discovery relevant to the claims and defenses contained in the pleadings will be appropriate, subject to all objections permitted by the applicable rules. The Parties do not believe any changes should be made in the limitations on discovery as imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court. The Parties agree that any documents received in response to a subpoena to a third party will be provided to the other Parties within five calendar days of receipt.

13.     **Dispositive Motions.** The deadline for parties to file dispositive motions shall be Friday, April 26, 2024. The deadline to notice a hearing on any dispositive motion shall be Friday, May 24, 2024.

14.     **Disclosures, Exhibits Lists, Witness Lists, and Stipulations.** The Parties agree that Fed. R. Civ. P. 26(a)(3) disclosures, a list of exhibits to be used at trial, a list of witnesses to be called at trial and a written stipulation of uncontested facts will be filed electronically with the Court on or before Thursday, June 13, 2024. Objections to exhibits will be filed within 10 days after the Final Pretrial Conference; otherwise the exhibits shall stand admitted in evidence. The original exhibits shall be delivered to the clerk as provided by Local Rule 79(A).

15.     **Waiver of Appearance and Pretrial Conference.** The Parties agree to waive their appearance at the Pretrial Conference on Wednesday, February 7, 2024, if the Court approves this Joint Discovery Plan.

16.     **Final Pretrial Conference.** If either party files a dispositive motion, and a final pretrial conference is still necessary, then the Final Pretrial Conference will be held on Thursday, June 20, 2024, at 10:00 a.m.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date:  January 31, 2024 | THE COUNTY OF FAIRFAX, VIRGINIA, and the CHIEF OF POLICE, KEVIN DAVIS, in his official capacity |
|  | By: */s/ Douglas R. Kay*<br>          Counsel |

Douglas R. Kay, VSB No. 35468
Thomas W. Repczynski, VSB No. 39967
Anders T. Sleight, VSB No. 84458
OFFIT KURMAN, P.C.
8000 Towers Crescent Drive, Suite 1400
Tysons Corner, Virginia  22182

Telephone:  (703) 745-1800
Facsimile:  (703) 745-1835
dkay@offitkurman.com
trepczynski@offitkurman.com
anders.sleight@offitkurman.com
*Co-Counsel for Defendants*

Daniel Robinson (VSB No. 78985)
John W. Burton (VSB No. 42223)
Office of the County Attorney
12000 Government Center Parkway, Suite 549
Fairfax, Virginia 22035
Telephone: (703) 324-2421
Facsimile: (703) 324-2665
Daniel.Robinson@fairfaxcounty.gov
John.Burton@fairfaxcounty.gov
*Co-Counsel for Defendants*

Janet Carter (*pro hac vice*)
William J. Taylor, Jr. (*pro hac vice*)
EVERYTOWN LAW
450 Lexington Avenue, P.O. Box 4184
New York, New York 10163
Telephone: (646) 324-8174
jcarter@everytown.org
wtaylor@everytown.org
*Co-Counsel for Defendants*

                                                  KIMBERLY LAFAVE
                                                  GLENN M. TAUBMAN
                                                  ROBERT HOLZHAUER,

                                                  By: */s/ Earl N. "Trey" Mayfield, III*
                                                           Counsel

Stephen P. Halbrook, VSB No. 18075
3925 Chain Bridge Road, Suite 403
Fairfax, VA 22030
(703) 352-7276
protell@aol.com
*Co-Counsel for Plaintiffs*

Earl N. "Trey" Mayfield, III, VSB No. 41691
10521 Judicial Drive, Suite 200
Fairfax, VA 22030
(703) 268-5600

tmayfield@jurisday.com
*Co-Counsel for Plaintiffs*

4872-5320-0033, v. 1