# EXHIBIT 2

IN THE CIRCUIT COURT OF FAIRFAX COUNTY, VIRGINIA

FILED
CIVIL INTAKE
2021 JAN 29 PM 2:40
JOHN T. FREY
CLERK, CIRCUIT COURT
FAIRFAX, VA

KIMBERLY LAFAVE,
GLENN M. TAUBMAN,
ROBERT HOLZHAUER, and
NATIONAL RIFLE ASSOCIATION OF
AMERICA, INC.,

    Plaintiffs,

v.

CASE: 2021 01569

THE COUNTY OF FAIRFAX, VIRGINIA, and
COLONEL EDWIN C. ROESSLER, JR.

    SERVE: Fairfax County Attorney Elizabeth Teare
           12000 Government Center Parkway
           Suite 549
           Fairfax, VA 22035

    Defendants.

## COMPLAINT

COME NOW the Plaintiffs, Kimberly LaFave, Glenn M. Taubman, Robert Holzhauer, and the National Rifle Association of America, Inc., by counsel, and move the Court for judgment against the Defendants, the County of Fairfax, Virginia, and Chief of Police Edwin C. Roessler, Jr., for the following reasons:

1. This is an action to vindicate the right of residents of, and visitors to, the County of Fairfax, Virginia, to keep and bear arms under Virginia Constitution, Article I, § 13, which guarantees the right of law-abiding citizens to possess and carry commonly-possessed firearms in public places for self-defense and other lawful purposes and Art. I, § 11, which guarantees "That no person shall be deprived of his life, liberty, or property without due process of law."

**Parties**

1

2. Plaintiff Kimberly LaFave is a resident of Loudoun County, Virginia, and a citizen of the United States.

3. Plaintiff Glenn M. Taubman is a resident of Fairfax County, Virginia, and a citizen of the United States.

4. Plaintiff Robert Holzhauer is a resident of Fairfax County, Virginia, and a citizen of the United States.

5. Plaintiff National Rifle Association of America, Inc. ("NRA") is a non-profit association incorporated under the laws of New York, with its principal place of business in Fairfax, Virginia. Founded in 1871, the NRA has approximately five million members, of whom many thousands reside in Virginia, a large portion of them in Fairfax County. The NRA's purposes include teaching firearms safety, promoting the shooting sports, and fostering the lawful use of firearms. NRA brings this action on behalf of its members.

6. Plaintiffs LaFave, Taubman, and Holzhauer are members of the NRA.

7. Defendant County of Fairfax, Virginia, is a county organized under the Constitution and laws of the Commonwealth of Virginia.

8. Defendant Colonel Edwin C. Roessler Jr. is the Chief of Police of Fairfax County, Virginia, whose principal place of business is in Fairfax, Virginia. He is being sued in his official capacity.

**Jurisdiction**

9. This action arises under the Constitution and laws of the Commonwealth of Virginia over which this Court has jurisdiction pursuant to Va. Code § 17.1-513.

10. This action seeks a declaratory judgment pursuant to Va. Code § 8.01-184 and injunctive relief pursuant to Va. Code § 8.01-620.

2

## Background

11. The Virginia Constitution, Article I, § 13, provides in pertinent part: "That a well regulated militia, composed of the body of the people, trained to arms, is the proper, natural, and safe defense of free state, therefore, the right of the people to keep and bear arms shall not be infringed...."

12. Under Virginia law, a person may carry a firearm in public openly, i.e., not hidden from common observation. Va. Code § 18.2-308(A). A person may carry a concealed handgun in public if he or she has a permit issued under Va. Code § 18.2-308.01. The public places where a firearm may not be possessed are narrowly defined, such as in a courthouse (§ 18.2-283.1) or on school property (§ 18.2-308.1). It is generally lawful under state law to carry a handgun in a public park or in an event requiring a permit from a locality.

13. Va. Code § 15.2-915(A) provides in part: "No locality shall adopt or enforce any ordinance, resolution, or motion, as permitted by § 15.2-1425,[1] and no agent of such locality shall take any administrative action, governing the purchase, possession, transfer, ownership, carrying, storage, or transporting of firearms, ammunition, or components or combination thereof other than those expressly authorized by statute."

14. By action of the Virginia General Assembly in 2020, Va. Code § 15.2-915(E) was enacted, which provides in pertinent part:

> Notwithstanding the provisions of this section, a locality may adopt an ordinance that prohibits the possession, carrying, or transportation of any firearms, ammunition, or components or combination thereof ... (ii) in any public park owned by the locality, or by any authority or local governmental entity created or controlled by the locality; ... or (iv) in any public street, road, alley, or sidewalk or public right-of-way or any other place of whatever nature that is open

---

[1] Section 15.2-1425 provides: "The governing body of every locality in the performance of its duties, obligations and functions may adopt, as appropriate, ordinances, resolutions and motions."

3

to the public and is being used by or is adjacent to a permitted event or an event that would otherwise require a permit.

15. As part of the same bill, Va. Code § 15.2-915(F) was enacted, which provides in pertinent part:

> Notice of any ordinance adopted pursuant to subsection E shall be posted . . . (ii) at all entrances of any public park owned by the locality, or by any authority or local governmental entity created or controlled by the locality; . . . and (iv) at all entrances or other appropriate places of ingress and egress to any public street, road, alley, or sidewalk or public right-of-way or any other place of whatever nature that is open to the public and is being used by or is adjacent to a permitted event or an event that would otherwise require a permit.

16. Pursuant to the afore-described statutory provisions, on September 15, 2020, and extending into the next day, the Board of Supervisors of Fairfax County held a public hearing to consider the adoption of amendments to Chapter 6 of the Fairfax County Code that would ban carrying, possession, and transportation of firearms at public parks and permitted events. Numerous citizens testified that they lawfully carried firearms at such places and expressed concern over violent crime being committed at such places.

17. At the conclusion of that hearing, the Board of Supervisors amended and reenacted Article 2 and § 6-2-1 of the Fairfax County Code (hereafter "the Ordinance"). Subsection A of that section states in pertinent part:

> The possession, carrying, or transportation of any firearms, ammunition, or components or combination thereof is prohibited in the following areas: . . .
> 2. In any public park owned or operated by the County, or by any authority or local government entity created or controlled by the County. . . .
> 4. In any public street, road, alley, or sidewalk or public right-of-way or any other place of whatever nature that is open to the public and is being used by or is adjacent to a permitted event or an event that would otherwise require a permit.

18. The Board of Supervisors further added § 6-2-1(D)(1) to the Code, which states in pertinent part:

4

Notice of this ordinance shall be posted . . . (ii) at all entrances of any public park owned or operated by the County, or by any authority or local governmental entity created or controlled by the County; . . . and (iv) at all entrances or other appropriate places of ingress and egress to any public street, road, alley, or sidewalk . . . or public right-of-way or any other place of whatever nature that is open . . . to the public and is being used by or is adjacent to a permitted event or an event that would otherwise require a permit.

19. The Board of Supervisors further added § 6-2-1(E) to the Code as follows: "Violations of Section 6-2-1(A) shall constitute a Class 1 misdemeanor." A Class 1 misdemeanor is punishable by confinement in jail for not more than twelve months and a fine of not more than $2,500, either or both. Fairfax County Code § 1-1-12; Va. Code § 18.2-11(a).

20. The provisions of the above Ordinance took place upon adoption and are now effective.

21. Defendant Colonel Edwin C. Roessler, Jr., is the chief law enforcement officer of Defendant Fairfax County, and it is his duty to enforce the Ordinance.

### Facts

22. Fairfax County owns and operates or controls public parks consisting of 23,584 acres, 427 parks, and more than 334 miles of trails. This equates to over 9.3 percent of the land mass of Fairfax County. Seventy-nine percent of Fairfax County's households are park users.[2] The parks include vast amounts of wooded acreage, much of it remote and isolated.

23. The entire 23,584 acres of Fairfax County public parks do not constitute a sensitive place like a school or government building where people congregate and are most vulnerable. No basis exists to conclude that public safety concerns justify a total ban in all 23,584 acres of the parks, especially given that open carry of firearms and concealed carry of firearms with a

---

[2] https://www.fairfaxcounty.gov/budget/sites/budget/files/assets/documents/fy2021/advertised/volume1/51.pdf.

permit are permitted in Virginia's crowded urban areas under the Commonwealth's regulatory scheme.

24. Police do not regularly patrol most of the park acreage and are unlikely to be present if a person is attacked by a criminal. Murder, robbery, rape, assault, and other violent crimes have been committed and will continue to be committed in the parks run by Fairfax County and nearby jurisdictions. The following are examples:

- On January 12, 2018, 17-year-old Nebiyu Ebrahim strangled his 16-year-old ex-girlfriend Jholie Moussa to death and buried her body in Woodlawn Park in Alexandria. He pled guilty and was sentenced to 99 years.

- On April 23, 2019, a male juvenile was found beaten to death and buried in North Hill Park in Alexandria; three adults and one juvenile were charged with murder and abduction.

- On December 30, 2018, a 40-year-old male was shot, stabbed and beaten at Four Mile Run Park in Alexandria by two MS 13 gang members, who later pled guilty and face mandatory minimum of 10 years to life in prison.

- On June 13, 2018, a 12-year-old was sexually assaulted at Fort Hunt Park in Alexandria by 20 year-old Dennis Barahon-Urritia.

- In October, 2018, a man was violently beaten with baseball bats by several members of MS13 at James Lee Park in Falls Church, one of whom was later sentenced to more than five and a half years in prison.

- On January 1, 2017, Christian Sosa Rivas was beaten and hacked to death with machetes in a Dumfries Park by MS13 members. His body was then thrown in the Potomac River.

- On January 8, 2017, a 15-year-old girl was stabbed to death by a 17-year-old MS13 gang member in Lake Accotink Park. Five defendants were convicted and sentenced to between 10 years in prison to life.

- In September 2016, two minors were kidnapped, murdered and their bodies buried in Holmes Run Park in Annandale; eleven members of MS 13 were charged.

- On December 4, 2015, a 22-year-old was found stabbed to death in Four Mile Run Park, Alexandria. A member of MS 13 pled guilty to the crime.

- On March 29, 2014, a man was stabbed to death and decapitated at Holmes Run Park in Annandale by members of MS13; thirteen defendants were later charged, convicted and sentenced to life in prison for this and a series of other crimes.

25. In 2019 in Fairfax County, the following types and numbers of crimes were reported: murder and nonnegligent manslaughter 14, kidnapping/abduction 115, forcible rape 116, aggravated assault 433, and simple assault 6,694. Of the 116 forcible rapes, there was only one arrest. Dept. of State Police, *Crime in Virginia 2019* at 158 (2020).[3]

26. For many potential victims of crime, including Plaintiffs, having access to a firearm may be the only way to defend themselves and keep from being a victim. Police cannot be expected to be present when a person is suddenly attacked.

27. Criminals who commit murder, robbery, rape, and other violent crimes punishable as major felonies are not dissuaded by signs prohibiting possession of firearms or by threats of misdemeanor penalties. To the contrary, the ban on possession of firearms in the parks leaves law-abiding citizens defenseless and makes it easier for criminals to attack their victims without fear of resistance.

28. Plaintiff Kimberly LaFave is a paralegal who also has a dog-walking business. She is an NRA-certified Firearms Instructor and is a Leader of the Loudoun County Chapter and the Prince William Chapter of a non-profit women's shooting organization with 294 chapters and 11,610 members nationwide. This organization teaches women gun safety, the responsible use of firearms for self-defense, techniques for carrying concealed handguns, and hands-on shooting skills.

29. Ms. LaFave has used Fairfax County park trails for several years and continues to do so for recreation, dog walking, and other activities. Many of the trails are in remote areas with

---

[3] https://www.vsp.virginia.gov/downloads/Crime_in_Virginia/Crime%20In%20Virginia%202019.pdf.

few people and no police presence. She is aware that serious crimes have been committed against women on the Fairfax County park trails and regularly carried a concealed handgun, for which she has a permit, for self-defense.

30. The Ordinance imposed a dilemma upon Ms. LaFave: If she continues to carry a concealed handgun in Fairfax County parks, she faces the threat of arrest and related injuries, but if she foregoes doing so, she will lose her means of security and will be vulnerable to criminal attack. But for the Ordinance, she would continue lawfully to carry a concealed handgun in Fairfax County parks.

31. Plaintiff Glenn M. Taubman is an attorney who is a member of the bars of New York, Georgia, and the District of Columbia. He previously clerked for several federal judges and has had a permit to carry a concealed handgun under Virginia law for nearly fifteen years. He is an avid cyclist who regularly uses Fairfax County parks and bike trails.

32. Mr. Taubman testified against the Ordinance at the public hearing on September 15, 2020, in which he explained that he carries a concealed handgun in the parks and added: "Your ordinance will leave us citizens defenseless in the face of gangs and criminals (who I have personally seen in county parks and bike trails)."

33. Before the Ordinance's enactment, Mr. Taubman regularly carried a concealed handgun to protect himself and his family when using Fairfax County parks and bike trails. As of the Ordinance's enactment, it became a crime to do so and he thus discontinued doing so. But for the Ordinance, he would continue to carry a concealed handgun in such places.

34. Plaintiff Robert Holzhauer was a commissioned police officer for eleven years and a member of the U.S. Army for 27 years, retiring as a Lieutenant Colonel with an Honorable Discharge and a 100% permanent, total disability. Since becoming a County resident in 2004, he

has used Fairfax County Parks for 3-4 days a week, and sometimes on a daily basis, minus deployment periods in Iraq, Yemen, Libya, and Liberia.

35. Lt. Col. Holzhauer has a permit to carry a concealed handgun. When hiking in remote areas of the Fairfax County parks, he carried a handgun for protection from potential criminals and wild animals like bears, which have accosted him. His disability creates a particular need to carry a handgun for self-defense.

36. When informed of the subject Ordinance, Lt. Col. Holzhauer discontinued carrying a handgun in the parks for fear of prosecution. But for the Ordinance, he would continue to carry a concealed handgun in the parks.

37. Numerous members of the NRA use the Fairfax County public parks. Before the effective date of the Ordinance, many members lawfully possessed, carried, and transported firearms in such parks. Due to the threat of prosecution under the Ordinance, NRA members no longer possess, carry, and transport firearms in the parks, but would forthwith do so again but for the Ordinance.

38. As noted, § 6-2-1(A)(4) of the Ordinance prohibits the possession, carrying, or transportation of any firearms "[i]n any public street, road, alley, or sidewalk or public right-of-way or any other place of whatever nature that is open to the public and is being used by or is adjacent to a permitted event or an event that would otherwise require a permit."

39. Before the Ordinance's enactment, Plaintiffs Taubman, LaFave, and Holzhauer and many members of plaintiff NRA possessed, carried, and transported firearms, on their persons or in vehicles, on the public streets, roads, alleys, sidewalks, public rights-of-way, and other places that are open to the public in Fairfax County. They continue doing so while being unaware that such places are being used by or are adjacent to a permitted event or an event that would

9

otherwise require a permit. When they are aware of such events, they must either not carry or possess a firearm or must endeavor to avoid such locations.

40. Should Plaintiffs and members of plaintiff NRA possess, carry, or transport firearms at the places specified in § 6-2-1(A)(4), regardless of whether they are aware of the event or that they are at a place adjacent to such event, they are subject to arrest and prosecution.

41. Accordingly, as a proximate cause of the Ordinance's enactment by Fairfax County and its enforcement by Chief of Police Roessler, Plaintiffs are threatened with irreparable harm and have no adequate remedy at law.

## COUNT ONE

42. Paragraphs 1 through 41 are realleged and incorporated herein by reference.

43. The Virginia Constitution, Article I, § 13, provides in pertinent part: "That a well regulated militia, composed of the body of the people, trained to arms, is the proper, natural, and safe defense of free state, therefore, the right of the people to keep and bear arms shall not be infringed . . . ."

44. Section 6-2-1(A)(2) of the Ordinance provides in pertinent part: "The possession, carrying, or transportation of any firearms, ammunition, or components or combination thereof is prohibited in ... any public park owned or operated by the County, or by any authority or local government entity created or controlled by the County."

45. Section 6-2-1(A)(2) of the Ordinance infringes on the right of the people, including the individual Plaintiffs herein and members of plaintiff NRA, to keep and bear arms, by prohibiting possession, carrying, or transportation of any firearms in the entire 23,584 acres of Fairfax County public parks. Such vast acreage does not constitute a sensitive place like a school or government building where people congregate and are most vulnerable.

10

46. Because the Ordinance deprives Plaintiffs of the ability to have firearms for lawful self-defense in the above specified places, it subjects Plaintiffs to potential assault, robbery, rape, murder, and other violent crimes. Section 6-2-1(A)(2) of the Ordinance irreparably harms Plaintiffs by infringing on their right to keep and bear arms as guaranteed by the Virginia Constitution, Article I, § 13, and is thus void.

## COUNT TWO

47. Paragraphs 1 through 46 are realleged and incorporated herein by reference.

48. Section 6-2-1(A)(4) of the Ordinance provides in pertinent part: "The possession, carrying, or transportation of any firearms, ammunition, or components or combination thereof is prohibited in . . . any public street, road, alley, or sidewalk or public right-of-way or any other place of whatever nature that is open to the public and is being used by or is adjacent to a permitted event or an event that would otherwise require a permit." It fails to provide any standard or distance for what may be "adjacent to" such event.

49. Application of § 6-2-1(A)(4) to an area that "is adjacent to a permitted event" or "is adjacent to . . . an event that would otherwise require a permit" violates the right of Plaintiffs to keep and bear arms as guaranteed by the Virginia Constitution, Article I, § 13. An area adjacent to an event does not constitute a sensitive place like a school or government building where people congregate and are most vulnerable.

50. At any time on a public street or road or otherwise, Plaintiffs may find themselves in a motor vehicle with a firearm when they pass through or park in an area adjacent to an affected event. They will be in violation even if they do not know they are in an area adjacent to an event that is permitted or should have a permit. Even if they have such knowledge, they would be just

11

passing through the vicinity en route to another destination. Under either alternative, the prohibition infringes on their right to keep and bear arms.

51. Because it deprives Plaintiffs of the ability to have firearms for lawful self-defense in the above-specified places, the Ordinance subjects Plaintiffs to potential assault, robbery, rape, murder, and other violent crimes. Section 6-2-1(A)(4) of the Ordinance irreparably harms Plaintiffs by infringing on their right to keep and bear arms as guaranteed by the Virginia Constitution, Article I, § 13, and is thus void.

### COUNT THREE

52. Paragraphs 1 through 51 are realleged and incorporated herein by reference.

53. The Virginia Constitution, Art. I, § 11, provides in pertinent part: "That no person shall be deprived of his life, liberty, or property without due process of law . . . ." Due process requires that an ordinance be sufficiently precise and definite to give fair warning that conduct is criminal. An ordinance is unconstitutionally vague if persons of common intelligence must necessarily guess at its meaning or if it invites arbitrary and discriminatory enforcement.

54. Section 6-2-1(A)(4) of the Ordinance provides: "The possession, carrying, or transportation of any firearms, ammunition, or components or combination thereof is prohibited in … any public street, road, alley, or sidewalk or public right-of-way or any other place of whatever nature that is open to the public and is being used by or is adjacent to a permitted event or an event that would otherwise require a permit."

55. Persons of common intelligence, including Plaintiffs, must necessarily guess at the Ordinance's meaning, which also invites arbitrary and discriminatory enforcement. No standard in distance or otherwise is defined for what is "adjacent" to any such event. Since no measurement in feet, yards, or otherwise is specified for what is "adjacent," Plaintiffs and other

members of the public are left to guess, and the County police or other authorities are free to arbitrarily decide the distance.

56. Plaintiffs have no basis to know if an activity is "an event that would otherwise require a permit" or what area "being used by or is adjacent to" such event. This requires Plaintiffs to determine if a permit is required for some "event" about which they know nothing, thereby subjecting them to prosecution under the Ordinance. The Fairfax County Code of Ordinances includes numerous, complex provisions on events that require a permit, and they are not within the knowledge of ordinary persons. Ordinary persons cannot be expected to know that some activity is an "event," what events require a permit under an ordinance, and to apply the ordinance to determine whether the activity is an event that requires a permit.

57. Section 6-2-1(A)(4) is particularly egregious because it requires persons to make an on-the-spot determination in seconds while walking or driving of whether something is an event requiring a permit. This causes Plaintiffs either to risk arrest and prosecution or to avoid the constitutionally permissible conduct of keeping and bearing arms based on a fear that they may be violating an unclear law, and thus inhibits the exercise of constitutionally protected activities.

58. If an event requiring a permit has no permit, it is impossible for the County itself to comply with § 6-2-1(D)(1), which requires that "Notice of this ordinance shall be posted" at the described location that "is being used by or is adjacent to . . . an event that would otherwise require a permit."

59. Accordingly, the terms "is adjacent to" and "an event that would otherwise require a permit" are unconstitutionally vague and violate Plaintiffs' right to due process of law.

**Prayer for Relief**

WHEREFORE, Plaintiffs pray that the Court:

1. Render a declaratory judgment that the following two provisions of the Fairfax County Code infringe on the right of the people to keep and bear arms guaranteed by the Virginia Constitution, Article I, § 13 and are void:

(A) Section 6-2-1(A)(2), which provides in pertinent part: "The possession, carrying, or transportation of any firearms, ammunition, or components or combination thereof is prohibited in ... any public park owned or operated by the County, or by any authority or local government entity created or controlled by the County."

(B) Section 6-2-1(A)(4), which provides in relevant part: "The possession, carrying, or transportation of any firearms, ammunition, or components or combination thereof is prohibited in ... any public street, road, alley, or sidewalk or public right-of-way or any other place of whatever nature that is open to the public and ... is adjacent to a permitted event or an event that would otherwise require a permit.";

2. Render a declaratory judgment that the following portion of § 6-2-1(A)(4) of the Fairfax County Code, which provides in pertinent part, "The possession, carrying, or transportation of any firearms, ammunition, or components or combination thereof is prohibited in ... any public street, road, alley, or sidewalk or public right-of-way or any other place of whatever nature that is open to the public and is being used by or is adjacent to ... an event that would otherwise require a permit," is unconstitutionally vague and deprives Plaintiffs of life, liberty, or property without due process of law, contrary to the Virginia Constitution, Art. I, § 11, and is void;

3. Enter preliminary and permanent injunctions enjoining the County of Fairfax, Chief of Police Edwin C. Roessler, Jr., and their agents, officers, and employees from enforcing the aforementioned provisions of § 6-2-1(A)(2) & (4) of the Fairfax County Code;

4. Award Plaintiffs nominal damages, attorney's fees, and costs;

5. Award Plaintiffs such other relief as is appropriate.

                                            Respectfully Submitted,

                                            Kimberly LaFave
                                            Glenn M. Taubman
                                            Robert Holzhauer
                                            National Rifle Association of America, Inc.

                                            Plaintiffs

                                            By Counsel

*/s/ Stephen P. Halbrook*
Stephen P. Halbrook
3925 Chain Bridge Road, Suite 403
Fairfax, VA 22030
(703) 352-7276
protell@aol.com
Va. Bar No. 18075

*/s/ Christopher M. Day*
Christopher M. Day
10521 Judicial Drive, Suite 200
Fairfax, VA 22030
(703) 268-5600
cmday@jurisday.com
Va. Bar No. 37470