# EXHIBIT 34

Board Agenda Item
September 15, 2020

4:30 p.m.

<u>Public Hearing to Consider the Adoption of Amendments to Chapter 6 of the Fairfax County Code Relating to Weapons</u>

<u>ISSUE</u>:
Public hearing to consider amendments to Chapter 6 of the Fairfax County Code, governing Weapons. The proposed amendments to Chapter 6 will prohibit the possession, carrying and transportation of firearms, ammunition, or components or combination thereof in County buildings, parks, recreation and community centers and at permitted events and areas adjacent to permitted events, as more fully described in the Background section below.

<u>RECOMMENDATION</u>:
The County Executive recommends that the Board approve the proposed amendments to County Code Chapter 6.

<u>TIMING</u>:
On July 28, 2020, the Board authorized advertisement of a public hearing to consider this matter on September 15, 2020, at 4:30 p.m. If adopted, these amendments will become effective immediately.

<u>BACKGROUND</u>:
In its 2020 session, the Virginia General Assembly passed Senate Bill 35 and House Bill 421, allowing local regulation of firearms in certain areas. The Governor approved the bills on April 22, 2020. The County's legislative program has advocated for many years for state legislation that would allow local governments to prohibit the possession of dangerous weapons in or on any facility or property owned or leased by the locality. During the 2020 session, the County supported Senate Bill 35 and House Bill 421.

This new legislation amends Va. Code § 15.2-915, and allows the County to enact an ordinance prohibiting the possession, carrying and transportation of firearms, ammunition, components or combination thereof in the following areas: (i) in any building, or part thereof, owned or used by the County, or by any authority or local governmental entity created or controlled by the County, for governmental purposes; (ii) in any public park owned or operated by the County, or by any authority or local governmental entity created or controlled by the locality; (iii) in any recreation or

Board Agenda Item
September 15, 2020

community center facility operated by the County, or by any authority or local governmental entity created or controlled by the County; or (iv) in any public street, road, alley, or sidewalk or public right-of-way or any other place of whatever nature that is open to the public and is being used by or is adjacent to a permitted event or an event that would otherwise require a permit.

The enabling legislation also allows for increased security measures, such as security guards or metal detectors, to prevent unauthorized access to those areas. The legislation further mandates that notice of the ordinance be posted at entrances to the areas where the prohibition is in effect, including at all building and park entrances, as well as appropriate places of ingress and egress to permitted events, events that would otherwise require a permit, and adjacent areas.

The proposed amendments exercise this new enabling authority in its entirety. Firearms, ammunition, components or combination thereof would be prohibited in buildings, parks, recreation and community centers owned or used by the County or authorities and entities created or controlled by the County such as the Fairfax County Park Authority. The prohibition would also be in effect at permitted events, events that would otherwise require a permit, and areas adjacent to those events, provided those events take place on a public street, road, alley, or sidewalk or public right-of-way or any other place of whatever nature that is open to the public. Appropriate signage must be posted in order to enforce the prohibition.

The proposed ordinance also contains provisions related to Northern Virginia Regional Park Authority (NOVA Parks), which is an authority created and controlled by the County in conjunction with several other surrounding jurisdictions. The prohibition would extend to these parks if all participating jurisdictions enact a prohibition on firearms in parks and the governing body of NOVA Parks passes a resolution concurring with the prohibition.

The ordinance contains exemptions for Reserve Officer Training Corps programs and other intercollegiate programs or club sport teams that use firearms, as required by the enabling authority. Other exceptions are for sworn law enforcement, educational programs or events conducted or permitted by the County or an authority or other local government entity created or controlled by the locality, and wildlife management activities, including the County's Deer Management Program. The Bull Run Public Shooting Center, which is operated by NOVA Parks, also would be exempted.

FISCAL IMPACT:
Staff is in the process of signage design and determining costs associated with signage requirements, including installation, hardware, and staffing expenses related to the

Board Agenda Item
September 15, 2020

posting and removal of both permanent signage and temporary signage required for any permitted events.  It is anticipated that these additional expenses can be absorbed within existing agency budgets.  Enhancements to physical security, including, but not limited to, security guards and metal detectors, may also be made based on Board guidance or threat assessments and staff recommendations to the County Executive.  If necessary, budgetary adjustments will be recommended as part of future quarterly reviews or the annual budget process.

ENCLOSED DOCUMENTS:
Attachment 1 – Va. Code § 15.2-915
Attachment 2 – Proposed Amendments to Chapter 6, Weapons (markup)

STAFF:
David M. Rohrer, Deputy County Executive
Edwin C. Roessler Jr., Chief of Police
Jose Comayagua, Director, Facilities Management Department
Kirk Kincannon, Director, Fairfax County Park Authority
Michael S. Liberman, Director, Department of Cable and Consumer Services

ASSIGNED COUNSEL:
John W. Burton, Assistant County Attorney

Code of Virginia
Title 15.2. Counties, Cities and Towns
Chapter 9. General Powers of Local Governments

# § 15.2-915. Control of firearms; applicability to authorities and local governmental agencies

A. No locality shall adopt or enforce any ordinance, resolution, or motion, as permitted by § 15.2-1425, and no agent of such locality shall take any administrative action, governing the purchase, possession, transfer, ownership, carrying, storage, or transporting of firearms, ammunition, or components or combination thereof other than those expressly authorized by statute. For purposes of this section, a statute that does not refer to firearms, ammunition, or components or combination thereof shall not be construed to provide express authorization.

Nothing in this section shall prohibit a locality from adopting workplace rules relating to terms and conditions of employment of the workforce. However, no locality shall adopt any workplace rule, other than for the purposes of a community services board or behavioral health authority as defined in § 37.2-100, that prevents an employee of that locality from storing at that locality's workplace a lawfully possessed firearm and ammunition in a locked private motor vehicle. Nothing in this section shall prohibit a law-enforcement officer, as defined in § 9.1-101, from acting within the scope of his duties.

The provisions of this section applicable to a locality shall also apply to any authority or to a local governmental entity, including a department or agency, but not including any local or regional jail, juvenile detention facility, or state-governed entity, department, or agency.

B. Any local ordinance, resolution, or motion adopted prior to July 1, 2004, governing the purchase, possession, transfer, ownership, carrying, or transporting of firearms, ammunition, or components or combination thereof, other than those expressly authorized by statute, is invalid.

C. In addition to any other relief provided, the court may award reasonable attorney fees, expenses, and court costs to any person, group, or entity that prevails in an action challenging (i) an ordinance, resolution, or motion as being in conflict with this section or (ii) an administrative action taken in bad faith as being in conflict with this section.

D. For purposes of this section, "workplace" means "workplace of the locality."

E. Notwithstanding the provisions of this section, a locality may adopt an ordinance that prohibits the possession, carrying, or transportation of any firearms, ammunition, or components or combination thereof (i) in any building, or part thereof, owned or used by such locality, or by any authority or local governmental entity created or controlled by the locality, for governmental purposes; (ii) in any public park owned or operated by the locality, or by any authority or local governmental entity created or controlled by the locality; (iii) in any recreation or community center facility operated by the locality, or by any authority or local governmental entity created or controlled by the locality; or (iv) in any public street, road, alley, or sidewalk or public right-of-way or any other place of whatever nature that is open to the public and is being used by or is adjacent to a permitted event or an event that would otherwise require a permit. In buildings that are not owned by a locality, or by any authority or local governmental entity created or controlled by the locality, such ordinance shall apply only to the part of the building that is being used for a governmental purpose and when such building, or part thereof, is being

used for a governmental purpose.

Any such ordinance may include security measures that are designed to reasonably prevent the unauthorized access of such buildings, parks, recreation or community center facilities, or public streets, roads, alleys, or sidewalks or public rights-of-way or any other place of whatever nature that is open to the public and is being used by or is adjacent to a permitted event or an event that would otherwise require a permit by a person with any firearms, ammunition, or components or combination thereof, such as the use of metal detectors and increased use of security personnel.

The provisions of this subsection shall not apply to the activities of (i) a Senior Reserve Officers' Training Corps program operated at a public or private institution of higher education in accordance with the provisions of 10 U.S.C. § 2101 et seq. or (ii) any intercollegiate athletics program operated by a public or private institution of higher education and governed by the National Collegiate Athletic Association or any club sports team recognized by a public or private institution of higher education where the sport engaged in by such program or team involves the use of a firearm. Such activities shall follow strict guidelines developed by such institutions for these activities and shall be conducted under the supervision of staff officials of such institutions.

F. Notice of any ordinance adopted pursuant to subsection E shall be posted (i) at all entrances of any building, or part thereof, owned or used by the locality, or by any authority or local governmental entity created or controlled by the locality, for governmental purposes; (ii) at all entrances of any public park owned or operated by the locality, or by any authority or local governmental entity created or controlled by the locality; (iii) at all entrances of any recreation or community center facilities operated by the locality, or by any authority or local governmental entity created or controlled by the locality; and (iv) at all entrances or other appropriate places of ingress and egress to any public street, road, alley, or sidewalk or public right-of-way or any other place of whatever nature that is open to the public and is being used by or is adjacent to a permitted event or an event that would otherwise require a permit.

1987, c. 629, § 15.1-29.15; 1988, c. 392; 1997, cc. 550, 587;2002, c. 484;2003, c. 943;2004, cc. 837, 923;2009, cc. 735, 772;2012, c. 757;2020, cc. 1205, 1247.

The chapters of the acts of assembly referenced in the historical citation at the end of this section may not constitute a comprehensive list of such chapters and may exclude chapters whose provisions have expired.

Attachment 2

# AN ORDINANCE AMENDING
# CHAPTER 6 OF THE FAIRFAX COUNTY CODE, RELATING TO WEAPONS

**Draft of July 21, 2020**

**AN ORDINANCE** to amend the Fairfax County Code by amending and reenacting Article 2, Section 6-2-1, relating to firearms in Fairfax County government facilities and other public areas.

**Be it ordained by the Board of Supervisors of Fairfax County:**

1. **That Article 2 and Section 6-2-1 of the Fairfax County Code are amended and reenacted as follows:**

Article 2 – ~~Reserved.~~  Firearms in County government facilities and other public areas.

Section 6-2-1 – ~~Reserved.~~ Firearms, ammunition, or components or combination thereof prohibited in certain areas.

A. The possession, carrying, or transportation of any firearms, ammunition, or components or combination thereof is prohibited in the following areas:

  1. In any building, or part thereof, owned or used by the County, or by any authority or local government entity created or controlled by the County, for governmental purposes.

  2. In any public park owned or operated by the County, or by any authority or local government entity created or controlled by the County.

  3. In any recreation or community center facility operated by the County, or by any authority or local government entity created or controlled by the County.

  4. In any public street, road, alley, or sidewalk or public right-of-way or any other place of whatever nature that is open to the public and is being used by or is adjacent to a permitted event or an event that would otherwise require a permit.

  5. In buildings not owned by the County, or by any authority or local government entity created or controlled by the County, this Section shall apply only to the part of the building used for a governmental purpose

1

Attachment 2

and when such building, or part thereof, is being used for a governmental purpose.

6. In parks located in the County that are owned or operated by a park authority that was created or is controlled by the County in conjunction with one or more other localities, provided that all participating localities enact an ordinance containing a prohibition substantially similar to that imposed by Paragraph A(2) above and the governing body of the park authority passes a resolution or other measure agreeing to the application of each such ordinance within the parks located in each such locality.

B. Pursuant to this Section, the County may implement security measures that are designed to reasonably prevent the unauthorized access of such buildings, parks, recreation or community center facilities, or public streets, roads, alleys, or sidewalks or public rights-of-way or any other place of whatever nature that is open to the public and is being used by or is adjacent to a permitted event or an event that would otherwise require a permit by a person with any firearms, ammunition, or components or combination thereof, such as the use of metal detectors and increased use of security personnel.

C. The provisions of this Section shall not apply to the following:

1. The activities of (i) a Senior Reserve Officers' Training Corps program operated at a public or private institution of higher education in accordance with the provisions of 10 U.S.C. § 2101 et seq., or (ii) any intercollegiate athletics program operated by a public or private institution of higher education and governed by the National Collegiate Athletic Association or any club sports team recognized by a public or private institution of higher education where the sport engaged in by such program or team involves the use of a firearm. Such activities shall follow strict guidelines developed by such institutions for these activities and shall be conducted under the supervision of staff officials of such institutions.

2. Sworn law enforcement personnel.

3. Security personnel hired as employees or contracted by the County, or an authority or other local government entity created or controlled by the County in whole or in part, when such personnel are present and

2

working in any building or other location set forth in Paragraph A and who are authorized to carry firearms as part of their duties.

4. The activities of educational programs and events, including static displays and historical reenactments, conducted or permitted by the County or any authority or local government entity created or controlled by the County, when such educational programs and events involve the use or display of firearms that are not loaded with projectiles.

5. The activities of the County's Deer Management Program and other wildlife management events conducted by the County, by any authority or local government entity created or controlled by the County in whole or in part, by the Commonwealth of Virginia, or by the federal government.

6. The Bull Run Public Shooting Center.

D. Notice of ordinance.

1. Notice of this ordinance shall be posted (i) at all entrances of any building, or part thereof, owned or used by the County, or by any authority or local governmental entity created or controlled by the County, for governmental purposes; (ii) at all entrances of any public park owned or operated by the County, or by any authority or local governmental entity created or controlled by the County; (iii) at all entrances of any recreation or community center facilities operated by the County, or by any authority or local governmental entity created or controlled by the County; and (iv) at all entrances or other appropriate places of ingress and egress to any public street, road, alley, or sidewalk or public right-of-way or any other place of whatever nature that is open to the public and is being used by or is adjacent to a permitted event or an event that would otherwise require a permit.

2. Notice of this ordinance shall be posted at all entrances of any public park owned or operated by a park authority that was created or is controlled by the County in conjunction with one or more other localities, provided that all participating localities have enacted an ordinance containing a prohibition substantially similar to that imposed by Paragraph A(2) above and the governing body of the park authority has

3

Attachment 2

1   <u>passed a resolution or other measure agreeing to the application of each</u>
2   <u>such ordinance within the parks located in each such locality.</u>
3
4   E.  <u>Violations of Section 6-2-1 (A) shall constitute a Class 1 misdemeanor.</u>
5
6   **2. That the provisions of this ordinance are severable, and if any provision of**
7   **this ordinance or any application thereof is held invalid, that invalidity shall**
8   **not affect the other provisions or applications of this ordinance that can be**
9   **given effect without the invalid provision or application.**
10
11  **3. That the provisions of this ordinance shall take effect upon adoption.**
12
13  GIVEN under my hand this ____ day of _____ 2020.
14
15
16  _____
17  Jill G. Cooper
18  Clerk for the Board of Supervisors

4